**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PRISON LEGAL NEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1812 (RBW) |
| ) | |
| HARLEY G. LAPPIN, DIRECTOR, FEDERAL ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, by undersigned counsel, respectfully moves the Court, pursuant to Rule 56 of

the Federal Rules of Civil Procedure, for an order granting defendant summary judgment on the

ground that no genuine issue of material fact exists and defendant is entitled to judgment as a

matter of law.

In support of this motion, the Court is respectfully referred to the accompanying

Memorandum of Points and Authorities, Statement of Material Facts Not in Genuine Dispute,

Declaration of Ruthlee Gowins and Exhibits.  A proposed order is also attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar No. 171538
Assistant United States Attorney


_____
WYNEVA JOHNSON, D.C. Bar No. 278515
Assistant United States Attorney
555 4th Street N. W.
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:
Wanda Hunt
Chief FOIA/PA Section
Federal Bureau of Prisons

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PRISON LEGAL NEWS )<br><br>              Plaintiff, )<br><br>      v. )<br><br>HARLEY G. LAPPIN, DIRECTOR, FEDERAL )<br>BUREAU OF PRISONS )<br><br>              Defendant. ) | Civil Action No. 05-1812 (RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant hereby submits this Memorandum of Points and Authorities in support of this

Motion.

**INTRODUCTION**

Plaintiff Prison Legal News (PLN) filed this "Complaint for Declaratory and Injunctive

Relief to obtain Freedom of Information Act Information" and requested that "Federal Bureau of

Prisons (BOP) . . . turn over any and all material that PLN requested under the Freedom of

Information Act (FOIA), 5 U.S.C. § 552 (2005)." Complaint, p. 1. PLN also asserted that the

BOP had unlawfully denied PLN's request for a fee waiver for the processing of PLN's request for

copies of relevant documents.

Defendant moves for summary judgment on the grounds that no genuine issue of material

fact exists and defendant is entitled to judgment as a matter of law. To qualify for a fee waiver,

plaintiff must satisfy a two-prong statutory test: He must show that "disclosure of the information

is in the public interest because it is likely to contribute significantly to the public understanding of

the operations or activities of the government;" and, plaintiff must show that "disclosure of the information is not primarily in the commercial interest of the requester." 5 U.S.C.A. § 552(a)(4)(A)(iii). See Larson v. C.I.A., 843 F.2d 1481, 1483 (D.C.Cir., 1988); Schrecker v. Department of Justice, 970 F.Supp. 49, 50 (D.D.C., 1997).

A four-prong test is used to determine if the public interest requirement for a fee waiver has been satisfied. The subject matter of the requested records, in the context of the request, must specifically concern identifiable operations or activities of the government with a connection that is direct and clear, not remote or attenuated. 28 C.F.R. § 16.11(k)(2)(i). The information to be disclosed must be meaningfully informative about government operations or activities in order to be 'likely to contribute' to an increased public understanding of those operations or activities. 28 C.F.R. § 16.11(k)(2)(ii). The disclosure of the requested information will "contribute to the understanding of a reasonably broad audience of persons interested in the subject. "28 C.F.R. § 16.11(k)(2)(iii). The disclosure must contribute significantly to public understanding of government operations or activities. 28 C.F.R. § 16.11(k)(2)(iv). Here, plaintiff has failed to show that the information would likely contribute to an understanding of the government activities. Indeed, the information requested by PLN is available in the public domain. Moreover, PLN has failed to adequately describe the benefit to the public. Plaintiff has also failed to show an intent or ability to disseminate the requested records to the general public. Accordingly, summary judgment should be entered for defendants.

## STATEMENT OF FACTS
**(Defendant's Statement of Material Facts Not in Dispute Is Incorporated Herein)**

On August 15, 2003, the Federal Bureau of Prisons (BOP), FOIA/PA Section received a

request submitted on behalf of the Prison Legal News.  This request sought "copies of all

documents showing all money paid by the Bureau of Prisons for lawsuits and claims against it . . .

between January 1, 1996 through and including July 31, 2003." Declaration of Ruthlee Gowins

Exhibit A, PLN's August 6, 2003 FOIA Request.

> This request also specified the scope:

>> I am requesting a copy of the verdict, settlement or claim in each
>> case showing the dollar amount paid, the identity of the
>> plaintiff/claimant and the legal identifying information for each
>> lawsuit or claim or attorney fee award . . .  also requesting a copy of
>> the complaint (if it was a lawsuit) or the claim (if it was not) in each
>> incident which describes the facts underlying each lawsuit and claim.

Id.

Plaintiff also requested a fee waiver in addition to the request for documents and

information.  In support of his argument for a fee waiver, plaintiff stated that PLN was a non-

profit organization that produces a monthly legal and political journal with 3,400 subscribers.  In

further support of the request, plaintiff alleged that the release would provide the public with a

better understanding of how the nation's prison system is run and managed. Id.

The BOP denied the request for a fee waiver after determining that plaintiff had not

sufficiently described how the release would serve the public interest. Declaration of Ruthlee

Gowins, Exhibit B, BOP September 9, 2003 Response.   The response letter also included a

summary of the cost associated with the request and relevant appeal rights. Id.   To date, PLN has

neither paid any of the fees associated with the request nor narrowed the scope of requested

records.

On  October 20, 2003, PLN appealed the denial of the fee waiver  to the United States

Department of Justice Office of Information and Privacy (OIP). Declaration of Ruthlee Gowins, Exhibit C, PLN's October 20, 2003 FOIA Appeal. On May 23, 2005, OIP denied plaintiff's fee waiver request. OIP based its decision on PLN's failure to demonstrate that it had "the intent and the ability to disseminate the requested records to the general public" and that the requested records were "publically available." See Declaration of Ruthlee Gowins, Exhibit D, OIP's May 23, 2005 Appeal denial.

**ARGUMENT**

**A.    Standard for Summary Judgment**

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the [Court] – that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed.Cir., 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the Court to find he is entitled to relief. In Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.

In <u>Anderson</u> the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff.

<u>Anderson</u>, 477 U.S. at 252; <u>see</u> <u>also</u> <u>Laningham v. U.S. Navy</u>, 813 F.2d 1236, 1242 (D.C.Cir., 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (<u>quoting</u> Fed. R. Civ. P. 1).

Here, the pleadings, supplemented by declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. <u>See</u> <u>Perry v. Block</u>, 684 F.2d 121 (D.C.Cir., 1982).

**B.      The Proper Defendant in this FOIA Action is the Department of Justice**

The proper defendant in this FOIA action is the Department of Justice, of which the Bureau of Prisons is a component. The FOIA grants District Courts jurisdiction to enjoin an "agency" from improperly withholding agency records. 5 U.S.C. § 552(a)(4)(B). An agency is "any Executive Department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . , or any independent regulatory agency." 5 U.S.C. § 552(f). The Department of Justice is included in the list of cabinet-level agencies that fall within the definition of "Executive department." <u>See</u> 5 U.S.C. § 101.

5

Accordingly, the Department of Justice is the only proper defendant in this FOIA case.

**C.     PLN's Non-Profit Status is Irrelevant to a FOIA fee waiver**

Plaintiff  bears the burden of showing entitlement to a fee waiver. See Larson v. C.I.A., 843 F.2d 1481, 1483 (D.C.Cir., 1988); Schrecker v. Department of Justice, 970 F.Supp. 49, 50 (D.D.C., 1997).  In asserting its entitlement to a fee waiver, PLN has noted in its August 6, 2003 Request Letter that its status as a §501[c](3) organization entitles it to a fee waiver.  In fact, PLN"s status as a § 501[c](3) organization is not to be considered when determining if a fee waiver is applicable. In Judicial Watch, Inc. v. U.S. Dept. of Justice, 122 F.Supp.2d 5, 9 (D.D.C., 2000), the plaintiff proffered a statement asserting that it is "a nonprofit, nonpartisan, tax-exempt 501(c)(3) organization . . . in support of its request for a fee waiver."  The Court, however,  specifically declined to hold that all a requester is required to do is to meet the first factor of the fee-waiver analysis is to state that it is a public interest group.  Id. Similarly, PLN's status in this case is irrelevant to its entitlement to a fee waiver and this Court should so find .

**D.     PLN Has Failed to Show That The Information Would Likely Contribute to an Understanding of the Government.**

**          1.  The information requested by PLN is available in the public domain**

PLN seeks documents, a significant portion of which, if not all, are available to the public. PLN requests  copies of all documents showing all money paid by the Bureau of Prisons for lawsuits and claims against it . . .  between January 1, 1996 through and including July 31, 2003. More specifically, copies of:

> the verdict, settlement or claim in each case showing the dollar
> amount paid, the identity of the plaintiff/claimant and the legal
> identifying information for each lawsuit or claim or attorney fee
> award . . .  also requesting a copy of the complaint (if it was a
> lawsuit) or the claim (if it was not) in each incident which describes

the facts underlying each lawsuit and claim.

Exhibit A, PLN's FOIA Request dated August 6, 2003

Such documents are available to any individual utilizing simple legal search, commercial or even free search services via the internet. Moreover, such documents are available by a diligent search of court records. PLN is, in effect, requesting the BOP provide free research services. Inasmuch as this information is already available to any person, it is unlikely that the information would contribute to any further understanding of government activities.

PLN has failed to show that the information would likely contribute to an understanding of government activities because this information is publically available. Information that is already public is unlikely to benefit the public. See 28 C.F.R. § 16.10(d)(2)(ii) Courts have held that it may be appropriate to deny a fee waiver when the requested records are available from public sources. If, for example, at the time of the request the requested records are readily available from other sources, then it is logical to conclude that further disclosure by the agency will not significantly contribute to the public's understanding. Campbell v. U.S. Dept. of Justice, 164 F.3d 20 (D.D.C., 1998) citing Carney v. United States Dept. of Justice, 19 F.3d 807, 815-16 (2d Cir.1994); Schrecker v. United States Department of Justice, 970 F.Supp. 49, 50-51 (D.D.C., 1997); Fitzgibbon v. Agency for Intern. Development, 724 F.Supp. 1048, 1051 (D.D.C., 1989). Because the requested documents are available to the public, PLN is not entitled to a fee waiver.[1]

### 2. PLN has failed to adequately describe the benefit to the public

Requests for public-interest waivers must be reasonably specific and are judged on a case-

---

[1] PLN has not agreed to narrow the request to those few documents that might not be retrieved with a search of public records.

7

by-case basis. See Judicial Watch, Inc. v. U.S. Dept. of Justice, 133 F.Supp.2d 52 (D.D.C., 2000)

citing Larson v. C.I.A., 843 F.2d 1481, 1483 (D.C.Cir., 1988).  The plaintiff in Judicial Watch

requested a public interest waiver for "Decision(s) by Attorney General Janet Reno, the

Department of Justice, the Immigration and Naturalization Service, and/or other persons and

entities to return Elian Gonzales to the custody of his biological father in Cuba."  Judicial Watch

alleged the disclosure of the documents might "promote accountable government and asserted that

" . . .  by disseminating relevant information" that would purportedly "benefit the public by

identifying areas for future reform as well as deterring future abuses that could otherwise

proliferate without scrutiny." Id. at 54.  Similarly, PLN has requested copies of verdicts and

settlements, asserting broad conclusions that the information can be used to identify the agency's

respect for constitutional rights and the manner in which the agency operates.

      The Court In Judicial Watch found that such perfunctory assertions were too "ephemeral"

to satisfy the "reasonable specificity" standard.  Judicial Watch at 54.  Similarly, PLN's requests

herein are too broad to satisfy any "reasonable specificity standard." American Federation of

Government Employees, Local 2782 v. U.S. Dept. of Commerce, 632 F.Supp. 1272, 1278 (D.D.C.,

1986), aff'd on other grounds, 907 F.2d 203 (D.C.Cir.1990); See also, Eudey v. Central Intelligence

Agency, 478 F.Supp. 1175, 1177 (D.D.C., 1979). (Society undoubtedly has an interest in

discovering and subjecting unlawful agency action to public scrutiny, but the Union's allegations of

malfeasance here are too ephemeral at the moment to warrant such a search at public expense

without further reason to suppose that the corruption suspected will be found. )

**E.**     **PLN has failed to show an intent or ability to disseminate the requested records to the general public.**

      In determining whether disclosure of records will contribute significantly to the public's

understanding of the operation or activities of the government, it is relevant to consider the subject matter of the requests and the ability of the requester to disseminate the information. See Larson v. C.I.A., 843 F.2d 1481, 1483 (D.C.Cir., 1988). The requestor is assigned the burden of showing that the fee waiver standard has been met.  See Schrecker v. Department of Justice,  970 F.Supp. 49, (D.D.C.,1997).  Conclusory allegations are not sufficient to meet this burden.  See, e.g., McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282 (9th Cir.(Cal), 1987) (finding conclusory statements insufficient to support a fee waiver).

Here, PLN asserts that they are a "serious journal," and have "published monthly since 1990".  They also assert that they have 3,400 subscribers and an estimated readership of 18,000. PLN further states that they intend to distribute the information via their website,  which "receives more than 60,000 unique visitors each month." Exhibit A, August 6, 2003 FOIA Request.

During the administrative process, PLN did not demonstrate an ability or intent to distribute the requested material.  In reviewing PLN's assertions on appeal, OIP reviewed BOP's administrative record.  OIP also accessed and viewed the PLN website because PLN had asserted an intent to analyze and distribute information via the internet.  Exhibit D, OIP's May 23, 2005 Appeal denial.

As a result of the review of the website, OIP determined that PLN did not have the ability to disseminate the requested information to the general public.  Specially, OIP found that despite assertions that PLN has published a monthly newsletter since 1990, only three such newsletters were available on the site.  The most recent accessible  newsletter was dated August 2004. OIP determined that this limited information was an indication that the viability of the PLN publication had not been demonstrated.  Id.  OIP  further determined that dissemination through a web site is

simply a way of making information passively available to anyone who might seek access to it and does not by itself demonstrate with particularity that the information will be communicated to the public. Exhibit D, OIP's May 23, 2005 Appeal denial. Moreover, despite PLN's assertions in its August 6, 2003 Request Letter that there are 60, 000 unique visitors each month to its site, a recent review of the site revealed a substantially lower number of visitors. In particular, as of November 30, 2005, only 26,202 visitors to date had been recorded, well under the 60,000 per month. See Exhibit E, November 30, 2005 screen shot on PLN website. Based on the foregoing, OIP denied the Appeal.

## CONCLUSION

For the reasons stated above, summary judgment should be entered for defendant.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar No. 171538
Assistant United States Attorney


_____
WYNEVA JOHNSON, D.C. Bar No. 278515
Assistant United States Attorney
555 4th Street N. W.
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:
Wanda Hunt
Chief FOIA/PA Section
Federal Bureau of Prisons

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRISON LEGAL NEWS, )<br><br>Plaintiff, )<br><br>v. )<br><br>HARLEY G. LAPPIN, DIRECTOR, FEDERAL )<br>BUREAU OF PRISONS, )<br><br>Defendant. ) | Civil Action No. 05-1812 (RBW) |

## ORDER

UPON CONSIDERATION of the Defendant's Motion for Summary Judgment, any

Opposition thereto, and the entire record in this matter, it is by the Court this _____ day of _

_____, 2005, hereby

ORDERED that the said motion be and hereby is granted, and

FURTHER ORDERED that this case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Attorney for Defendants
WYNEVA JOHNSON
Assistant United States Attorney
Judiciary Center Bldg., Room E4106
555 4th Street, N.W.
Washington, D.C. 20530

Attorney for Plaintiff
EDWARD J. ELDER
KLIMASKI & ASSOCIATES,P.C.
1819 L Street, N.W.
Washington, D.C. 20036