*Exhibit 3*

# PRISON LEGAL NEWS
### Dedicated to Protecting Human Rights

2400 NW 80th Street #148, Seattle WA 98117 — 206-246-1022 fax 206-505-9449

www.prisonlegalnews.org     pln@prisonlegalnews.org

October 20, 2003

Office of Information and Privacy
U.S. Department of Justice
Flag Building, Suite 570
Washington DC 20530

RE:   Freedom of Information Act Appeal
      Request No. 2003-08557

Dear Sirs,

This is an appeal to the denial of a fee waiver in a request for documents pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 which *Prison Legal News* (PLN) made with the Bureau of Prisons (BOP). PLN requested a copy of all documents showing all money paid by the Bureau of Prisons for lawsuits and claims against it. This is all funds paid out to claimants/litigants between January 1, 1996 through and including July 31, 2003. We requested a copy of the verdict, settlement or claim in each case showing the dollar amount paid, the identity of the plaintiff/claimant and the legal identifying information for each lawsuit or claim or attorney fee award. We also requested a copy of the complaint (if it was a lawsuit) or the claim (if it was not) in each incident which describes the facts underlying each lawsuit and claim.

On behalf of PLN I requested a fee waiver in both the processing of this request and the provision of copies of the relevant documents. I provided the BOP with detailed information supporting this request in the initial FOIA request. A copy of my FOIA request is enclosed for your convenience.

On September 9, 2003, Wanda Hunt responded on behalf of the BOP and she denied PLN's request for a fee waiver claiming that "You did not explain how this information would be of public interest." Presumably PLN satisfied all other criteria for a fee waiver. Ms. Hunt claims that the BOP would require $6,944.00 paid in advance by PLN before the BOP would even begin searching for the documents requested.

This is an appeal from the denial of the fee waiver by Ms. Hunt. Since she claimed the only basis for denying our request for a fee waiver was a lack of public interest that is the only issue I will address in this appeal.

At this point the BOP is the largest prison system in the country and imprisons almost 200,000 people and has facilities in almost every state along with a growing budget. Litigation against government agencies is an important barometer of how well managed, or badly run as the case may be, the agency may be as well as illustrating trends and patterns of abuse or other forms of mismanagement.

There is great public interest in the issues of prisons and jails in general and the BOP in particular. PLN is a publication which covers nothing but prison and jail issues, including litigation, and we have around 3,400 print subscribers and our website receives over 80,000 unique visitors per month, a number which continues to grow.

We believe that it is simply a matter of common sense that the public is greatly interested in the amount and manner in which their tax money is spent, especially when it involves litigation payouts to prisoners, agency employees and contractors. Courts considering the issue in the context of other news organizations seeking disclosure of this identical information have ordered the information released based in large part on the public interest in knowing how government funds are spent, including in litigation. See: *Freedom Newspapers v. Orange County*, 158 CA.3d 893 (Cal. App. 1984) (ordering disclosure of jail settlement to assaulted prisoner in suit by media organization). Likewise, federal courts have held that settlement information is protected by the First amendment. See: *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002).

Other media organizations would not be seeking this type of information in cases such as Freedom Newspapers if there was no public interest in such materials. Media review of government agency pay outs in litigation is a standard journalistic practice. We believe that PLN meets all criteria for a FOIA fee waiver as provided for in 5 U.S.C. § 552 (a) (6) (A)(i). The DC Circuit recently criticized the obstructionist approach to fee waivers adopted by some government agencies. See: *Judicial Watch v. Rossotti*, 326 F.3d 1309 (DC Cir. 2003). We are concerned that Ms. Hunt is doing just that with PLN's FOIA request and request for a fee waiver in this case and has not given serious consideration to the latter. I note she did not contact me for further information if she indeed was unsure whether there was a public interest in the information PLN is requesting, even though I specifically asked her to do just that if it would help in the processing of PLN's request. I believe that PLN satisfies all the criteria for a fee waiver set forth in Judicial Watch and the FOIA statute.

I am requesting that PLN's request for a waiver of the search and copying fees in researching and producing the documents PLN has requested in this FOIA request be granted for the reasons stated in the initial request and above. If you require additional information to evaluate our request for a fee waiver please do not hesitate to contact me at the above address. In the event you deny PLN's request for a fee waiver please state your complete reasons for doing so in order for PLN to seek judicial review of the denial.

Thank you for your time and attention in this matter. I look forward to your reply. I am also enclosing a copy of Ms. Hunt's response for your convenience.

Sincerely,

Donald W. Miniken Jr.
Executive Director


Encl:   Initial FOIA Request dated August 6, 2003
        FOIA Response by Wanda Hunt dated September 9, 2003