*Exhibit 4*

Case 1:05-cv-01812-RBW    Document 9-5    Filed 12/30/2005    Page 1 of 3



U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

MAY 23 2005

Mr. Donald W. Miniken, Jr.
Prison Legal News                Re:  Appeal No. 04-0203
2400 NW 80th Street, No. 143          Request No. 03-8557
Seattle, WA 98117                     RLH:JGM:BVE

Dear Mr. Miniken:

You appealed, on behalf of Prison Legal News (PLN), from the Federal Bureau of Prisons' denial of its request for a waiver of all fees associated with PLN's request for access to records concerning complaints, verdicts, claims, and settlements against the Federal Bureau of Prisons.

The statutory standard for evaluating fee waiver requests provides that fees shall be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and it is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). In determining whether PLN has satisfied this statutory standard, I considered the six factors set out in the Department regulation that puts this statutory standard into effect. See 28 C.F.R. § 16.11(k) (requirements for waiver or reduction of fees). The first four of these six factors concern the public interest requirement, the latter two concern whether the requester's primary interest in the requested records is commercial.

Based on a review of your appeal and all of the information available to me, I have concluded that PLN's request for a waiver of fees was, in this instance, properly denied. Although the records you seek concern in part the operations or activities of the BOP, and PLN does not appear to have an overriding commercial interest in the records, it has not satisfied other relevant factors. In neither PLN's initial request, nor in your letter of appeal has PLN demonstrated that it has both the intent and the ability to disseminate the requested records to the general public. Its failure to do so is a sufficient basis on which to deny a fee waiver request. See Larson v. CIA, 843 F.2d 1481, 1483 & n. 5 (D.C. Cir. 1988). I note in particular that the latest newsletter posted on PLN's web site is

-2-

dated August 2004; this leads me to the conclusion that the current viability of the PLN newsletter has not been demonstrated. Further, dissemination through a web site is simply a way of making the information passively available to anyone who might seek access to it and as such, for purposes of the Freedom of Information Act, it does not meet the burden of demonstrating with particularity that the information will be communicated to the public.

Additionally, I note that a portion of the records requested -- for copies of complaints, verdicts, and in some cases settlements -- is publicly available. As such this information would not be "likely to contribute" (factor two) to an understanding of government activities as nothing new would be added to the public's understanding. Nor would such records contribute "significantly" (factor four) to public understanding. Because these records are publicly available, the level of the public's understanding would not be enhanced to a "significant" extent -- as required by the statute -- by their disclosure to PLN. Accordingly, PLN's appeal is denied.

This denial is not meant to suggest that publicly available records in BOP's files would not be processed under the FOIA. They will be processed, but only to the extent that PLN is willing to pay for the assessable search and duplication fees.

Please be advised that despite the BOP's denial of PLN's request for a fee waiver, it remains entitled to the two free hours of search time and 100 free pages of duplication as provided by statute. PLN may ask for its statutory entitlements without payment of fees or you may advise the BOP that in addition to the free search time and duplication to which PLN is entitled, PLN is willing to pay fees up to a specific amount (you should specify in your letter to the BOP). For either of these options, you should write directly to the BOP.

If PLN is dissatisfied with my action on your appeal, it may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director