# David C. Fathi Declaration

# with C.V.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Prison Legal News,

    Plaintiff,

        v.

Harley G. Lappin, Director
FEDERAL BUREAU OF PRISONS,

    Defendant.

Civil Action No. 05-1812 (RBW)

## DECLARATION OF DAVID C. FATHI

28 U.S.C. § 1746:

I, DAVID C. FATHI, DECLARE:

1. I am currently employed as Senior Staff Counsel with the National Prison Project of the American Civil Liberties Union Foundation ("NPP"). The NPP brings legal challenges to conditions of confinement in prisons, jails, and juvenile facilities throughout the United States. It is the only organization that does this work on a nationwide basis.

2. I have been employed as a staff attorney with the NPP from 1990 to 1993, and from 2000 to present. From 1996 to 2000, I was a staff attorney with the Institutions Project of Columbia Legal Services in Seattle, Washington. Thus, for more than twelve years, I have devoted my practice exclusively to the representation of prisoners and other incarcerated persons. A copy of my curriculum vitae is attached hereto.

3. I am familiar with Prison Legal News (PLN), and have been a subscriber to PLN for approximately nine years. PLN is a valuable resource for attorneys litigating conditions

of confinement cases. I have used PLN to further my work in this area, and I know that many other attorneys use PLN as well.

4. I have reviewed PLN's August 6, 2003, Freedom of Information Act request. One important indicator of problems at a correctional facility is the extent to which lawsuits are filed, or other claims for money damages are made, by prisoners, staff, and others. To the extent that the facility's management has decided to pay these claims, that is a further indicator of problems. Accordingly, the documents requested by PLN would be an important source of information for an attorney, or indeed for any person, who was trying to determine if a particular correctional facility had a pattern or history of misconduct, civil rights violations against prisoners or employees, or poor management.

5. In my experience, most of the information requested by PLN, such as legal identifying information specific to lawsuits filed against the Bureau of Prisons (BOP), settlements of lawsuits, and all information on administrative claims, would not feasibly be available from any public source other than the BOP.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 29th day of December, 2005, at Washington, DC.

David C. Fathi

# DAVID C. FATHI

915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6609
dfathi@npp-aclu.org

## BAR ADMISSIONS

Supreme Court of the United States
Supreme Court of Washington
Supreme Court of California (Inactive)
Supreme Court of British Columbia (Inactive)
United States Courts of Appeals for the Fourth, Seventh, Ninth, and Tenth Circuits
Numerous United States District Courts

## EDUCATION

1993
**Federation of Law Societies of Canada**
**Committee of Canadian Law Deans**
Ottawa, Canada
Certificate of Qualification, November 1993
    (Equivalent to Canadian law degree)

1985-88
**University of California, Berkeley**
**Boalt Hall School of Law**
J.D., May 1988
    American Jurisprudence Award, Contracts
    Prosser Prize, Employment Discrimination
    Prosser Prize, Race and American Law

1979-84
**University of Washington**
Seattle, Washington
B.S., Psychology, March 1984
    Summa Cum Laude, with College Honors

## LEGAL EMPLOYMENT

1990-93,
2000-present
**Staff Counsel**
American Civil Liberties Union
National Prison Project
Washington, DC
    Legal challenges to conditions of confinement in prisons and jails
    throughout the United States.

| | |
|---|---|
| 1996-2000 | **Staff Attorney**<br>Columbia Legal Services, Institutions Project<br>Seattle, Washington<br>    Legal challenges to conditions of confinement in prisons, jails, and other institutions. |
| 1994-95 | **Articled Student**<br>British Columbia Public Interest Advocacy Centre<br>Vancouver, Canada<br>    Civil rights and poverty litigation. |
| 1989-90 | **Attorney**<br>Withy, Miller, Clark, Levin, & Calvert<br>Berkeley, California<br>    Employment discrimination and personal injury litigation. |

## SELECTED CASES

**United States Supreme Court**

    Johnson v. California, 125 S. Ct. 1141 (2005) (holding that California state prison system's segregation of prisoners by race is subject to strict scrutiny) (co-author of ACLU amicus curiae brief in Supreme Court).

    Overton v. Bazzetta, 539 U.S. 126 (2003) (considering restrictions on prison visiting) (co-author of ACLU amicus curiae brief in Supreme Court).

    Booth v. Churner, 532 U.S. 731 (2001) (defining the scope of the Prison Litigation Reform Act's administrative exhaustion requirement) (co-author of ACLU amicus curiae brief in Supreme Court).

    Edwards v. Balisok, 520 U.S. 641 (1997) (considering the availability of 42 U.S.C. § 1983 as a vehicle for challenging prison disciplinary proceedings) (principal author of ACLU amicus curiae brief in Supreme Court).

    Helling v. McKinney, 509 U.S. 25 (1993) (holding that compelled exposure of prisoners to second-hand cigarette smoke can constitute cruel and unusual punishment in violation of the Eighth Amendment) (principal author of ACLU amicus curiae brief in Supreme Court).

Denton v. Hernandez, 504 U.S. 25 (1992) (clarifying the standard for dismissal of a prisoner's in forma pauperis complaint as "frivolous" under 28 U.S.C. § 1915(d)) (co-author of ACLU amicus curiae brief in Supreme Court).

Hudson v. McMillian, 503 U.S. 1 (1992) (rejecting the contention that an unjustified beating of a prisoner by guards does not violate the Eighth Amendment unless the prisoner suffers "significant injury") (co-author of briefs in Supreme Court).

Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992) (clarifying the standard for modification of consent decrees governing prisons and jails) (co-author of ACLU amicus curiae brief in Supreme Court).

Wilson v. Seiter, 501 U.S. 294 (1991) (holding that Court of Appeals erred in applying "persistent malicious cruelty" test to prison conditions case; vacating dismissal of prisoner's claims to permit application of proper "deliberate indifference" standard) (co-author of petition for certiorari and briefs in Supreme Court).

**United States Courts of Appeals**

Shook v. El Paso County, 386 F.3d 963 (10th Cir. 2004), cert. denied, 125 S. Ct. 1869 (2005) (reversing district court's denial of class certification in challenge to inadequate mental health care in El Paso County (Colorado) Jail; holding that Prison Litigation Reform Act does not affect class certification in prison conditions cases) (argued in Court of Appeals).

Jones'El v. Berge, 374 F.3d 541 (7th Cir. 2004) (affirming district court's order to air condition cells in "supermax" prison to prevent injury or death during summer heat waves) (argued in Court of Appeals).

Hallett v. Stewart, 287 F.3d 1193, amended, 296 F.3d 732 (9th Cir. 2002) (affirming in part and reversing in part district court judgment denying motion for further relief, denying contempt motion, and terminating decree in challenge to health care at Washington women's prison) (co-counsel in Court of Appeals).

Gotcher v. Wood, 122 F.3d 39 (9th Cir. 1997) (considering the availability of 42 U.S.C. § 1983 as a vehicle for challenging prison disciplinary proceedings) (counsel on remand from Supreme Court).

Johnson v. Robinson, 987 F.2d 1043 (4th Cir. 1993) (considering whether district court acted properly in granting further relief on environmental and fire safety issues in Maryland prison case) (argued in Court of Appeals).

Harris v. Thigpen, 941 F.2d 1495 (11th Cir. 1991) (vacating and remanding dismissal of claim under Rehabilitation Act of 1973; vacating and remanding dismissal of legal access claim; affirming dismissal of privacy and medical care claims of HIV-positive prisoners in Alabama state prisons) (co-author of briefs in Court of Appeals).

**United States District Courts**

Inmates of the Rhode Island Training School v. Lindgren, C.A. No. 71-4529-L (D.R.I.) (monitoring compliance with consent decree in challenge to conditions at juvenile correctional facility).

Hart v. Arpaio, No. CIV 77-479 PHX EHC (D. Ariz.) (resisting sheriff's motion to terminate consent decree governing conditions of confinement for class of 5500 pretrial detainees in Maricopa County Jail).

Office of Protection and Advocacy v. Choinski, Civil No. 3:03CV1352 (RNC) (D. Conn.) (challenge to conditions of confinement for mentally ill persons in Connecticut's "supermax" prison; settlement is awaiting final court approval).

Canadian Coalition Against the Death Penalty v. Ryan, 269 F.Supp.2d 1199 (D. Ariz. 2003) (invalidating Arizona statute that required punishment of prisoners whose names appear on internet web pages).

Jones'El v. Berge, 172 F.Supp.2d 1128, 164 F.Supp.2d 1096 (W.D. Wis. 2001) (class action challenge to conditions in Wisconsin's "supermax" prison; resulted in preliminary injunction directing removal of mentally ill prisoners and ultimately in comprehensive consent decree).

Caldwell v. District of Columbia, 201 F.Supp.2d 27 (D.D.C. 2001) (jury trial in individual prisoner's challenge to conditions of confinement; resulted in award of $175,000, including $50,000 in punitive damages).

Joslyn v. Armstrong, 2001 WL 1464780 (D. Conn. 2001) (challenge to transfer of Connecticut prisoners to Virginia "supermax" prison; prisoners were returned to Connecticut during pendency of litigation).

Prison Legal News v. Crawford, No. CV-N-00-0373-HDM-RAM (D. Nev.) (challenge to censorship of publications in Nevada state prison system; resulted in consent decree substantially revising censorship policy).

Duffy v. Riveland, Atkins v. Lehman, No. C96-1985R (W.D. Wash.) (consolidated) (statewide class action challenge to prison officials' failure to accommodate the needs of deaf prisoners; resulted in settlement that improved accommodations for deaf prisoners statewide).

Hoptowit v. Ray, No. 79-359-WFN (E.D. Wash.) (compliance monitoring in class action challenge to conditions of confinement at Washington State Penitentiary).

Hallett v. Payne, No. 93-5496 (W.D. Wash.) (compliance monitoring and contempt proceedings, including two-week evidentiary hearing, in class action challenge to medical care at Washington Corrections Center for Women).

Hammer v. King County, No. C89-521R (W.D. Wash.) (compliance monitoring and negotiation of post-PLRA "private settlement agreement" in class action challenge to conditions of confinement at King County (Seattle) Jail).

Lopez v. Riveland, No. 93-1030 (W.D. Wash.) (compliance monitoring in challenge to prison officials' failure to provide translation services for Spanish-speaking prisoners).

Dudek v. Blair, No. C76-226 RJM (E.D. Wash.) (compliance monitoring in class action challenge to conditions of confinement in Yakima County Jail).

Casey v. Lewis, 773 F. Supp. 1365 (D. Ariz. 1991), rev'd, 4 F.3d 1516 (9th Cir. 1993); 834 F. Supp. 1477 (D. Ariz. 1993); 834 F. Supp. 1553 (D. Ariz. 1992), aff'd in part and vacated in part, 43 F.3d 1261 (9th Cir. 1994), rev'd, 518 U.S. 343 (1996); 834 F. Supp. 1569 (D. Ariz. 1993); 837 F. Supp. 1009 (D. Ariz. 1993) (extensive discovery, trial preparation, and five-week trial in statewide challenge to conditions of confinement in nine Arizona state prisons; resulted in trial court finding that mental health care, accommodations for disabled prisoners, and access to courts were unconstitutionally deficient).

Austin v. Department of Corrections, 876 F. Supp. 1437 (E.D. Pa. 1995), 1993 WL 9042 (E.D. Pa. 1993), 1992 WL 277511 (E.D. Pa. 1992) (responsible for mental health issues in statewide challenge to conditions of confinement in thirteen Pennsylvania state prisons).

Johnson v. Galley, No. WN-77-113 (D. Md.); Washington v. Tinney, No. WN-78-1730 (D. Md.) (postjudgment compliance monitoring in consolidated challenges to conditions of confinement at two Maryland prisons).

Congdon v. Murray, No. 3:90 CV00536 (E.D. Va.) (challenge to conditions of confinement at Virginia State Penitentiary; prison was permanently closed during the pendency of the lawsuit).

Inman v. Board of Supervisors, No. 2:91 CV00658 (E.D. Va.) (challenge to conditions of confinement at Northampton County Jail in eastern Virginia; after filing of lawsuit, overcrowding at Jail was significantly reduced and extensive health and safety repairs were undertaken).

Palmigiano v. DiPrete, 737 F. Supp. 1257 (D.R.I. 1990) (postjudgment compliance monitoring, including three-day contempt hearing, in challenge to conditions of confinement at Rhode Island prisons).

**State Courts**

Dean v. Lehman, 143 Wn.2d 12 (2001) (challenge to seizure of funds sent by free persons to their incarcerated spouses) (author of amicus curiae brief in Washington Supreme Court).

In re Meyer, 142 Wn.2d 608 (2001) (due process challenge to Washington's sex offender "community notification" regime) (co-counsel in Washington Supreme Court).

Tunstall v. Bergeson, 141 Wn.2d 201 (2000) (establishing state constitutional right to education for youth incarcerated in adult prisons) (argued in Washington Supreme Court).

Nelson v. McClatchy Newspapers, Inc., 131 Wn.2d 523 (1997) (holding that Washington Fair Campaign Practices Act prohibits an employer from discriminating against an employee because of the employee's off-duty political activities) (co-author of amicus curiae brief in Washington Supreme Court).

## PUBLICATIONS

    Fathi, The Common Law of Supermax Litigation, 24 Pace L. Rev. 675 (2004).

    Boston, Fathi, and Alexander, Farmer v. Brennan: Defining Deliberate Indifference Under the Eighth Amendment, 14 St. Louis U. Pub. L. Rev. 83 (1994).

    Alexander and Fathi, Smoking, the Perception of Risk, and the Eighth Amendment, 13 St. Louis U. Pub. L. Rev. 691 (1994).

## INVITED PRESENTATIONS

    "Prison Litigation and Prisoner Rights" and "Keeping the Mentally Ill out of Restrictive Housing Units," National Association of Protection and Advocacy Systems 28th Annual Conference, Alexandria, Virginia, June 2005.

    "Litigating Conditions of Confinement," Ninth Annual National Federal Habeas Corpus Seminar, St. Louis, August 2004.

    "CRIPA and Other Laws Affecting Institutionalized Persons," National Bar Association 79th Annual Convention, Charlotte, North Carolina, August 2004.

    "New Substantive Areas of Law" and "Mental Health and Supermax Issues," in Prisoners' Rights Litigation: A Workshop for Experienced Plaintiff Attorneys (sponsored by the Yale Law School Jerome N. Frank Legal Services Organization), New Haven, May 2004.

    "Obstacles Facing the Litigator Today," in Prison Reform Revisited: The Unfinished Agenda, Pace Law School, White Plains, New York, October 2003.

    "Dealing With Client Despair," NAACP Legal Defense & Educational Fund 24th Annual Capital Punishment Training Conference, Warrenton, Virginia, July 2003.

    "Prison Litigation: Thinking Through and Framing Your Legal Claims," National Association of Protection and Advocacy Systems 26th Annual Conference, Washington, DC, May 2003.

"Section 1983 and the Prison Litigation Reform Act," in <u>Prisoners' Rights Litigation: A Workshop for Plaintiff Attorneys</u> (sponsored by the Yale Law School Jerome N. Frank Legal Services Organization), New Haven, April 2003.

"Constitutional Law Governing Prison and Jail Conditions Cases" in <u>Prisoners' Rights Litigation: Identifying and Trying Winning Cases</u> (Texas State Bar Association Individual Rights and Responsibilities Section CLE), Austin, March 2003.

"Challenging Death Row Conditions of Confinement" (training sponsored by Arizona Capital Representation Project), Tucson, December 2002.

"Prison Conditions Litigation and Other Ways to Improve Your Client's Mental State," Seventh Annual National Federal Habeas Corpus Seminar, Nashville, August 2002.

"Prison Law Libraries After <u>Lewis v. Casey</u>," American Association of Law Libraries, 95th Annual Meeting and Conference, Orlando, Florida, July 2002.

"Litigating Prison and Jail Mental Health Care," National Association of Protection and Advocacy Systems 25th Annual Conference, Washington, DC, June 2002.

"The Business of Supermax," Episcopal Church Province III Conference on Jail and Prison Ministry, Richmond, Virginia, April 2002.

"Prison Rape," Syracuse University Law School, Syracuse, New York, November 2001.

"Litigation: Is It Still Relevant?" Critical Resistance Northeast Regional Conference, Columbia University Law School, New York City, March 2001.

"Supermax Prisons," Amnesty International Mid-Atlantic Regional Conference, Richmond, Virginia, November 2000.

"The Court's Next Federalism Battleground: Should the ADA Apply to State and Local Prisons?" National Press Club, Washington, DC, September 2000.

"Death Row Conditions and PLRA Litigation," Fifth Annual National Federal Habeas Corpus Seminar, Nashville, August 2000.

"Death Row Conditions Roundtable," NAACP Legal Defense & Educational Fund 21st Annual Capital Punishment Training Conference, Warrenton, Virginia, July 2000.

"Prison Law Basics" in When The Door Closes: Preparing Your Client For Incarceration (Washington Association of Criminal Defense Lawyers CLE), Seattle, May 1998.

"The Prison Litigation Reform Act of 1995" in Government Accountability: Enforcing Individual Rights (Washington State Trial Lawyers Association CLE), Seattle, July 1997.

"Cultural and Religious Rights of Native American Prisoners" in Introduction to Indian Law (King County Volunteer Legal Services Program CLE), Seattle, March 1997.

"The Rights of Prisoners and Ex-Offenders," Second Annual People's Lawyers Conference, Columbia University Law School, New York City, November 1992.

"The Supreme Court's Decision in Rufo v. Inmates of the Suffolk County Jail: Legal Implications for Correctional Health Care," 16th National Conference on Correctional Health Care, Chicago, September 1992.

"Treatment Issues in Institutions," Conference on Institutions and Alternatives, University of Pennsylvania Law School, Philadelphia, October 1990.

**LANGUAGUES**

Proficient in spoken and written French.