# Paul A. Wright Declaration

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Prison Legal News,

    Plaintiff,

v.

Harley G. Lappin, Director
FEDERAL BUREAU OF PRISONS,

    Defendant.

Civil Action No. 05-1812 (RBW)

## DECLARATION OF PAUL A. WRIGHT

I, Paul Wright, pursuant to 28 U.S.C. § 1746, make this Unsworn Declaration Under Penalty of Perjury, and declare that the statements made below are true, and state:

1. My name is Paul Wright. I am the Editor and Publisher of Prison Legal News.

2. The address for my Vermont office is 972 Putney Rd., PMB 251, Brattleboro, VT 05301. The address for my Seattle office is 2400 NW 80th St., PMB 148, Seattle, WA 98117.

3. I have been the editor of Prison Legal News (PLN) since its founding in 1990.

4. PLN is an independent, monthly magazine that reports on legal and political matters involving the criminal justice system. It has published monthly since May, 1990; approximately 185 issues.

5. PLN's subscribers include judges, lawyers, academics, journalists, libraries, law schools, universities, prison and jail officials and prisoners, among others.

PLN currently has approximately 4,500 subscribers in all 50 states.

6. In addition to our print magazine, PLN also maintains a website at www.prisonlegalnews.org which contains all back issues of PLN in PDF format as well as all articles in a searchable database. Unconstrained by the economic limits of printing and postage, PLN's web site contains many more articles which have not been published in print as well as assorted other publications such as a brief bank, publications by government agencies and much more.

7. PLN is a respected journal in the field of detention facility litigation and reports on specialized, detailed information as well as investigative stories based largely on government records. While PLN's circulation is small compared to general interest magazines, readers turn to PLN for its specialized coverage. PLN has the ability to disseminate the information it gleans from its FOIA requests to an audience specifically interested in prison and jail litigation.

8. Between 2001 and 2004, PLN's website received approximately 80,000 visitors per month. At that time PLN's back issues were only available in PDF format but all site content was free. In January, 2005, we began to revamp PLN's website by adding features and extensive new content and also began charging for access to the site. Our number of visitors is approximately 2,700 per month since January, 2005, as visitor numbers declined due to much of the site being under construction. The bulk of the new site is now finished. Beginning in mid January, 2006, we will begin to extensively promote the new website and let current and former visitors know that it is no longer under construction and has

the most extensive collection of prison and jail litigation information and news anywhere.

9. PLN regularly reports on verdicts and settlements in prison and jail litigation. Both I, and PLN associate editor Alex Friedman, spend a substantial amount of time tracking down verdicts and settlements in detention facility cases in order to be report them in PLN. PLN and its staff regularly use legal research services such as WestLaw, Lexis and public records services such as PACER.

10. In my experience as a journalist and legal writer, going back to 1990, I have found that the vast majority of prison and jail settlements are not reported in any news or public archive or publication. The only people having knowledge of such settlements are usually the parties. While the verdicts are contained in court records these are typically not reported on Lexis or Westlaw unless there is an appeal or the trial court decides to publish a ruling on a post trial motion. PLN reports on these verdicts and settlements as an important part of our news coverage because it allows prisoners to know if they have suffered compensable injury, and it allows attorneys to fairly evaluate a case.

11. PLN frequently files public records requests with agencies around the country. In most cases, the documents we request are promptly provided.

12. PLN is a § 501(c)(3) non profit organization. Our charter includes educating the public about prison conditions and encouraging the vindication of fundamental civil and human rights through the civil justice system. An agency's litigation track record over a multi year period is a useful analytical tool to

determine how well or poorly run an agency is. PLN has used the results of similar public records requests to publish comprehensive analytical pieces on sexual assault, medical care, parole supervision and similar issues involving the Washington state Department of Corrections. These articles were published in PLN's print magazine and on our website and have subsequently been picked up by larger media outlets. PLN submitted the Freedom of Information Act request to the defendants in this action to obtain documents that have provided the basis for similar investigative stories in the past. Agency verdict and settlement information provides a useful benchmark for citizens to determine how well or poorly the federal government is managing its prison system, the largest in the country and one of the largest in the world.

13.     PLN has limited financial means. At the time the FOIA request in this case was submitted its entire annual budget was approximately $143,000 per year. Requiring a prepayment of thousands of dollars merely to search for requested records and then charging for copies effectively makes it impossible for a small non profit journal such as PLN to access the information requested from the BOP.

14.     Only the Bureau of Prisons has knowledge of all cases it has paid out money damages or attorney fees in. Such information is not comprehensively available in any public database. The FOIA request in this case also requested payments made to settle claims that are resolved without litigation. To my knowledge, only the BOP would have such information.

15.     Other than the letters denying PLN's fee waiver request neither BOP or

DOJ contacted me to discuss the public interest aspects of our request, our ability or intent to distribute the requested material, or any aspect of our website.

I understand that a false statement in this declaration will subject me to penalties for perjury. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 29th, 2005.

Signed: _____
Paul Wright