UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PRISON LEGAL NEWS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARLEY G. LAPPIN, DIRECTOR, FEDERAL )<br>BUREAU OF PRISONS )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1812 (RBW) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDMENT

Plaintiff Prison Legal News (PLN) filed this "Complaint for Declaratory and Injunctive Relief to obtain Freedom of Information Act Information" and requested that "Federal Bureau of Prisons (BOP) . . . turn over any and all material that PLN requested under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2005)." Complaint, p. 1. PLN also asserted that the BOP had unlawfully denied PLN's request for a fee waiver for the processing of PLN's request for copies of relevant documents.

Defendant moved for summary judgment on the grounds that no genuine issue of material fact existed and defendant was entitled to judgment as a matter of law. Defendant further argued that, a four-prong test is used to determine if the public interest requirement for a fee waiver has been satisfied. The subject matter of the requested records, in the context of the request, must specifically concern identifiable operations or activities of the government with a connection that is direct and clear, not remote or attenuated. 28 C.F.R. § 16.11(k)(2)(i). The information to be

disclosed must be meaningfully informative about government operations or activities in order to be 'likely to contribute' to an increased public understanding of those operations or activities. 28 C.F.R. § 16.11(k)(2)(ii). The disclosure of the requested information will "contribute to the understanding of a reasonably broad audience of persons interested in the subject. "28 C.F.R. § 16.11(k)(2)(iii). The disclosure must contribute significantly to public understanding of government operations or activities. 28 C.F.R. § 16.11(k)(2)(iv). Thus, defendant argued that plaintiff had failed to show that the information would likely contribute to an understanding of the government activities, that the information requested by PLN was available in the public domain and that PLN had failed to adequately describe the benefit to the public.

    In its Opposition, plaintiff argues that Harley Lappin, Director of the Federal Bureau of Prisons is the proper defendant in this action. Opposition pp. 9-10. Plaintiff clearly ignores the statutory requirement in 5 U.S.C. § 552(a)(4)(B) that the FOIA grants the District Court jurisdiction to enjoin an "agency" from improperly holding records. It is undisputed that the Federal Bureau Prisons is a component of the Department of Justice, a cabinet level agency. Thus, Harley Lappin is not the proper defendant in this FOIA action.

    Plaintiff also asserts in its Opposition that the documents it seeks are best available through the BOP. Opposition, p. 10-12. To the contrary, as we set forth above, there is a four prong test to determine if the public interest requirement for a fee waiver has been satisfied. Here, PLN seeks documents, a significant portion of which, if not all, are available to the public. Such documents are available to any individual utilizing simple legal research, commercial or even free search via the internet. Indeed, PLN has not agreed to narrow the request to those few documents that might not be retrieved with a search of public records.

PLN has failed to show that the information would likely contribute to an understanding of government activities because this information is publically available. Information that is already public is unlikely to benefit the public. See 28 C.F.R. § 16.10(d)(2)(ii). See also Campbell v. U.S. Dept. of Justice, 164 F.3d 20 (D.D.C., 1998) citing Carney v. United States Dept. of Justice, 19 F.3d 807, 815-16 (2d Cir.1994); Schrecker v. United States Department of Justice, 970 F.Supp. 49, 50-51 (D.D.C., 1997). Because the requested documents are available to the public, PLN is not entitled to a fee waiver.

Defendant further submits that its argument with regard to the availability of documents was not rejected in Fitzgibbon v. Agency for International Development, 724 F. Supp 1048 (D.D.C. 1989). In that case, the records created and maintained by the agency were requested and only available in one location, a reading room. Clearly, the requested documents herein are not maintained in one reading room, nor was the fee waver denial by the Bureau of Prisons based on the availability of the requested documents in the agency's reading room. See BOP' September 9, 2003 Response.

Plaintiff also argues that it has described the public benefit in detail. Opposition, p. 12-14. To the contrary, PLN has requested copies of verdicts and settlements asserting broad conclusions that the information can be used to identify the respect for constitutional rights and the manner in which the agency operates here. Here, plaintiff's assertions are too "ephemeral" to satisfy the "reasonable specificity" standard as required for a public interest waiver. See Judicial Watch, Inc. v. U.S. Dept of Justice, 133 F.Supp 2d (D.D.C.,2000) citing Larson v. C.I.A., 843 F.2d 1481, 1483 (D.C. Cir., 1988).

3

Based on the foregoing and its previous Memoranda, defendant's motion should be granted.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar No. 171538
Assistant United States Attorney

_____/s/_____
WYNEVA JOHNSON, D.C. Bar No. 278515
Assistant United States Attorney
555 4th Street N. W.
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:
Wanda Hunt
Chief FOIA/PA Section
Federal Bureau of Prisons