UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Prison Legal News ,**

    **Plaintiff,**

       v.

**Harley G. Lappin, Director**
**FEDERAL BUREAU OF PRISONS,**

    **Defendant.**

Civil Action No. 05-1812 (RBW)

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Prison Legal News (PLN), through counsel, respectfully files this reply to *Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment*. This Court should grant PLN's motion for summary judgment. No genuine issue of material fact exists. Further, the Federal Bureau of Prisons (BOP) offers no evidence rebutting PLN's entitlement to judgment as a matter of law.

I.  ARGUMENT.

This Court should grant PLN's motion for summary judgment because there is no genuine issue of material fact, and BOP offers no evidence sufficient to rebut PLN's motion for summary judgment.

A. There is No Genuine Issue of Material Fact.

To defeat summary judgment, BOP must establish material, triable facts dispositive of a claim at issue. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986). BOP attempts to create such facts by contesting PLN's *Statement of Material Facts Not in*

*Dispute* paragraphs no. 2, 4, 5, 6, and 7. Defendant's Opposition to Plaintiff's Material Facts, page 1. However, BOP's assertions do not meet Matsushita's burden.

### 1. Paragraph Two.

Paragraph 2 of PLN's *Statement of Material Facts Not in Dispute* states how much BOP said search and review of PLN's requested documents would cost. It goes on to say that copying of responsive documents would incur an additional charge. BOP's response to this paragraph indicates that additional charges for copying would not incur until after the first one hundred [100] pages. This response does not create any dispositive fact. Even if true, it does not change the substance of PLN's second paragraph. The relevant fact remains that without a fee waiver, PLN will be required to pay a substantial sum of money to acquire these documents from BOP.

### 2. Paragraph Four.

Paragraph 4 of PLN's *Statement of Material Facts Not in Dispute* states that the Department of Justice denied PLN's appeal and discusses the reasons given by the Department of Justice for the denial. BOP's response is that PLN misquoted the May 23, 2005, letter from the Department of Justice. This response is irrelevant. First, PLN does not inaccurately describe anything in the May 23, 2005, letter. Second, BOP's response does not allege any disagreement with the contents of Paragraph 4, instead indicating that the whole letter should be considered. Finally, this response does not address a dispositive fact. The denial from the Department of Justice is not a "fact" to be legally assessed. Rather, it is part of the history behind this case.

### 3. Paragraphs Five, Six, and Seven.

Paragraphs 5, 6, and 7 of PLN's *Statement of Material Facts Not in Dispute* address what PLN intends to do with the requested documents and how they impact the public interest. BOP's

response realleges that the requested information would not aid public understanding of the government, is available publicly, and that Plaintiff "has not adequately described the benefit to the public." These arguments are unsupported by the pleadings. PLN provided proof related to each of these issues through its Memoranda and affidavits in support of summary judgment. Conversely, BOP has provided no evidence challenging PLN's assertions. Instead, BOP cites their own memoranda in support of summary judgment. This does not meet the requirement of citing specific facts that demonstrate a genuine issue for trial. FED. R. CIV. P. 56 (FRCP), Matsushita, 475 U.S. at 586-587. BOP's own self-serving statements cannot defeat summary judgment. Id.

### B. BOP Offers No Evidence Sufficient to Defeat Summary Judgment.

When a movant for summary judgment meets their burden under FRCP 56, the non moving party cannot stand on the unsupported denials of their pleadings. Instead, the non moving party must cite specific facts to show that there is a genuine issue for trial. Matsushita, 475 U.S. at 587.

In support of its motion for summary judgment, PLN provided affidavits and cited documentary evidence showing that it satisfied all six [6] elements of the fee waiver test under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2005). PLN's affidavits included testimony from legal professionals who could qualify as experts at trial, and from investigative journalists from two of the largest newspapers in the nation. In opposition, BOP cites no specific evidence to rebut PLN's showing. In fact, several of the BOP's admissions support summary judgment for PLN.

### 1. The Documents Requested by PLN Do Not Meet the Definition of "Publicly Available."

The documents requested by PLN do not meet FOIA's definition of "publicly available." BOP asserts that most or all of the documents are "publically available" (sic) via the internet. *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Cross Motion for Summary Judment* (sic) (Def. Opp.), at 2. Availability over the internet does not meet the definition of "publicly available" under FOIA. "Only material that has met a threshold level of public dissemination will not further 'public understanding' within the meaning of the fee waiver provisions." Campbell v. Department of Justice, 334 F. 3d 20, 36 (U.S. App D.C., 1998). This threshold is greater than mere availability through a public reading room, a court clerk's office, or release to and publication by another news organization. *See*, Fitzgibbon v. Agency for International Development, 724 F. Supp. 1048 (D.D.C. 1989). United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 764 (1989). Judicial Watch v. Rossotti, 326 F.3d, 1309, 1314 (U.S. App D.C., 2003). Campbell, *supra*, at 36.

In support of summary judgment PLN offered affidavits demonstrating that each category of documents in its request -- administrative and court complaints, settlements, and judgments -- contain many documents which are available *only* from the BOP. The BOP has presented no evidence that this information has reached a sufficient level of dissemination to preclude furthering public understanding. In fact, the BOP admits that the requested documents are not placed in a public reading room. Def. Opp. at 3. The BOP also indicates that some of the requested

documents may not be publicly available at all. Def. Opp. at 2. In general, the BOP failed to explain how, or where the requested documents are "publicly available" within the meaning of FOIA. This explanation is necessary to justify denial of a fee waiver. Campbell, 334 F.3d at 36.

### 2. FOIA Does Not Require PLN Narrow Its Document Request.

The BOP demands that PLN limit its document request to documents not in the public domain. Def. Opp. at 2. As PLN demonstrated, the BOP's definition of "public domain" is far narrower than FOIA's. The District of Columbia Court of Appeals has found similar agency demands are exactly the sort of "roadblock and technicality" that led Congress to liberalize the FOIA fee waiver provisions. See Judicial Watch v. Rossotti, 326 F.3d at 1314.

Requiring organizations like PLN to pay for the government's information effectively denies access to that information. The New York Times recently found that charging fees to small, not for profit, organizations is "an increasingly common tactic used by the government to discourage public inquiries." New York Times, "The High Cost of Public Information," February 4, 2006, http://www.nytimes.com/pages/opinion/index.html. Requiring the public to narrow its FOIA requests also serves to limit the public's access to information. This demand conflicts with FOIA's intent to promote disclosure of public records. PLN should not be required to narrow its document request to qualify for a full fee waiver.

### 3. Fitzgibbon was Properly Characterized.

The BOP argues that the decision in Fitzgibbon v. Agency for Int'l Dev., 724 F. Supp. 1048 (D.D.C. 1989), does not represent a rejection of its rationale for denial of PLN's fee waiver. Def. Opp. at 3. The BOP attempts to distinguish Fitzgibbon by arguing that the BOP's fee waiver denial was not based on availability in a public reading room. Def. Opp. at 3. These arguments

miss the point of PLN's use of the Fitzgibbon case. PLN's citation of Fitzgibbon was not intended to imply that the BOP made the requested documents available to the public at all. Fitzgibbon demonstrates that releasing government documents to the public does not automatically place those documents in the "public domain" as defined by FOIA. *Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment* (Plaintiff's Opp.), at 10-12. Fitzgibbon, and the other cases cited in Section 2(a) of Plaintiff's Opposition, provide examples of instances where released documents had not reached the level of public dissemination necessary to place those documents in the public domain.

### 4. The BOP Fails to Show How PLN's Request is "Ephemeral."

The BOP dismisses PLN's description of the public benefit resulting from its document requests as too "ephemeral" to meet the "reasonable specificity" standard under FOIA. Def. Opp. at 3. In support of this argument, the BOP cites to Judicial Watch v. Department of Justice, 133 F. Supp. 52 (D.D.C. 2000), and Larson v. C.I.A., 843 F.2d 1481 (D.C. Cir. 1988). PLN already addressed these cases in *Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment*. Plaintiff's Opp., at 12-15. The BOP offers no new evidence, and no explanation, how PLN could have been more specific in its document request. The BOP cannot defeat summary judgment on this issue without specific citation of new facts or law. FRCP 56.

## II.  CONCLUSION.

For the reasons stated above, Plaintiff's motion for summary judgment should be granted.

Respectfully submitted,

February 10, 2006                              _____/s/_____
                                               Edward J. Elder
                                               D.C. Bar #460588
                                               James R. Klimaski
                                               D.C. Bar #243543
                                               Klimaski & Associates, P.C.
                                               1819 L Street NW
                                               Suite 700
                                               Washington, DC  20036
                                               202-296-5600