UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Prison Legal News,**

    **Plaintiff,**

        v.

**Harley G. Lappin, Director**
**FEDERAL BUREAU OF PRISONS,**

    **Defendant.**

Civil Action No. 05-1812 (RBW)

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS

#### I.  STATEMENT OF THE CASE

This case arises from an August 6, 2003, request by Prison Legal News (PLN), pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2005), to the Bureau of Prisons (BOP) for documents showing the amount of money paid for lawsuits and claims against the BOP between January 1, 1996, up to and including July 31, 2003.  As a part of its request, PLN requested a fee waiver for BOP's processing its request and providing copies of the documents.

On September 9, 2003, the BOP denied PLN's request for a fee waiver, claiming that PLN's request was not specific enough.  The BOP demanded that PLN pay $6,944.00 for search and review of the requested documents.  The BOP stated that any copying costs for the documents would be an additional cost.  On October 20, 2003, PLN appealed the fee waiver denial to the United States Department of Justice (DOJ).

On May 23, 2005, the DOJ denied PLN's appeal.  In its denial letter, the BOP acknowledged that the requested material concerned government programs and that PLN had no

commercial interest in that material. However, the BOP claimed PLN had not demonstrated its intent and ability to disseminate the requested documents as FOIA required. Lastly, the BOP asserted that some of the documents were publicly available.

On September 15, 2005, PLN filed this lawsuit appealing the BOP's denial of a fee waiver under FOIA. PLN sought injunctive and declaratory relief, claiming that it was entitled to a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii). (Complaint, docket entry #1, at ¶ 18.)

On November 30, 2005, Defendant Harvey Lapin filed a motion for summary judgment. On December 30, 2005, PLN filed an opposition to Defendant's motion and moved for summary judgment in its favor.

On June 26, 2006, this Court entered a Memorandum Opinion and Order granting summary judgment in favor of PLN and denying summary judgment for the Defendant. The Court ordered the BOP to process PLN's document request without payment of the costs associated with the search for and duplication of the documents.

The Court rejected the Defendant's arguments in support of summary judgment. The Court found that: (1) the requested information was not "publicly available" under the FOIA definition, (2) PLN's requests were reasonably specific, and (3) PLN had demonstrated its ability to disseminate the requested information.

In the Memorandum Opinion (Mem. Opp.) accompanying its June 26, 2006, Order, the Court concluded that PLN had satisfied the requirements for a "blanket" waiver of both research and copying fees. The Court stated that:

> [PLN] has established that disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial

interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). Moreover, the plaintiff has demonstrated its intent and ability to disseminate the requested information to the relevant public.

Mem. Opp. at 17.

## II. LEGAL STANDARDS

FOIA section 552(a)(4)(E) states that the court may award attorney's fees and costs when the plaintiff has substantially prevailed. To qualify for an award, a plaintiff must show that it is both eligible and entitled to an award. <u>Tax Analysts v. United States Dep't of Justice</u>, 965 F.2d 1092 (U.S. App. D.C. 1992).

A plaintiff is eligible for an award if he "substantially prevails" within the meaning of subsection (a)(4)(E). In the case of a fee waiver claim, the plaintiff "substantially prevails" when he succeeds in vindicating his rights under FOIA. <u>Ettlinger v. FBI</u>, 596 F. Supp. 867 (D. Mass. 1984).

Courts use a four-factor test to determine a plaintiff's is entitlement to an award. The court must consider "1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding." <u>Tax Analysts</u>, at 1093.

FOIA permits recovery of a wide range of litigation costs. Photocopying, typing, transportation, postage, and filing fees are all allowable. <u>Tax Analysts v. Internal Revenue Service</u>, 1998 U.S. Dist. LEXIS 3935 (D.D.C. 1998)

The court's base the rate of attorney's fees upon the prevailing rates in the local legal market. <u>Northwest Coalition for Alternatives to Pesticides v. Browner</u>, 965 F. Supp. 59, 65

(D.D.C. 1997). Within the District of Columbia Circuit, the most commonly applied standard is the "Laffey Matrix." [1]

### III.  ARGUMENT

PLN substantially prevailed within the meaning of subsection (a)(4)(E). In its Complaint, PLN asserted that it qualified for a "blanket" fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii). This is exactly the waiver the Court granted in its June 26, 2006, Order. Because PLN succeeded in vindicating its right to a FOIA fee waiver, it is eligible for an award.

PLN also meets each of the four factors entitling it to a fee award. First, the ruling in this case benefits the public. If PLN had not filed this action, it would not have been able to afford disclosure of the requested documents. PLN's victory enables it to disclose the documents, benefitting the public by collecting and analyzing the amounts the BOP spends settling lawsuits and claims.

PLN satisfies the second factor of the eligibility test - no commercial interest in the documents. Indeed, the court found that the Defendants conceded this factor. Mem. Opp. at 8.

The nature of PLN's interest in the documents satisfies the third factor of the fee waiver test. PLN's interest in the documents is primarily for the public good. PLN has repeatedly emphasized that it seeks to analyze and publish its FOIA request results to highlight "shortcomings within the penal system and ... help propel reform and progressive change" and to "educate the public about the operation of the nation's federal prison system." (PLN's August 6, 2003, letter, to the BOP)  PLN has no personal or private interest in the requested documents.

---

[1] See, http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_6.html, for the most current version of the Laffey Matrix.

PLN satisfies the fourth element of the eligibility test because the BOP had no reasonable basis in law to withhold the fee waiver. In its June 26, 2006, Opinion, the Court found that the requested information was unavailable to the public under the FOIA definition, that PLN's requests had been reasonably specific, and that PLN had demonstrated its ability to disseminate the requested information to the public. (Mem. Opp. at 9-17).

To support its finding that the information was not "publicly available" within the meaning of FOIA, the Court noted that the records in question were much *less* available than those in any of the controlling legal precedents. "First, unlike documents centrally located in a reading room, the publicly available documents responsive to the plaintiff's request are likely dispersed throughout the more than ninety-four federal courthouses in this country." Id. at 11. The court noted that internet searches of public databases were unlikely to find many relevant documents because many defendants would be BOP employees, whose names would be unknown to PLN. The Court further noted that the federal electronic case filing system had only limited implementation before the year 2002, and was still not complete. Thus, PLN would be able to find little material between the years 1996 and 2001 on the internet, and would be unable to locate many other documents after this period.

The Court rejected the BOP's arguments that PLN's requests were insufficiently specific. Echoing the court in Judicial Watch v. Rossotti, 326 F.3d 1309, 1313 (D.C. Cir. 2003), the Court stated that PLN had described its requests as specifically as possible. Mem. Opp. at 15.

The Court likewise found the BOP's arguments that PLN was unable to distribute the requested documents to the public without merit. The Court found that the case the government

cited in support of its position, <u>Larson v. CIA</u> (843 F.2d 1481, 1482 (D.C. Cir. 1988)) was not analogous to this case. The Court pointed out:

> PLN, unlike the plaintiff in <u>Larson</u>, is a publication in and of itself, and therefore does not have to rely on another entity to disseminate the information. Thus, there is no "tenuous link" between the requester and the channels through which the information will be disseminated, as was the situation in <u>Larson</u>.

Mem. Opp. at 16.

The Court cited well-established legal precedents and uncontroverted facts in support of each of its findings. PLN satisfies the four-part test, and is entitled to an award.

## CONCLUSION

In light of the above, this Court should award PLN attorney's fees and costs in the amount of $ 48,709.72.

Respectfully submitted,

August 11, 2006

/s/
Edward J. Elder (#460588)
James R. Klimaski (#243543)
Klimaski & Associates, P.C.
1819 L Street NW – Suite 700
Washington DC  20036-3830
202-296-5600
firm@klimaskilaw.com

Counsel for Prison Legal News

-6-