UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRISON LEGAL NEWS,<br><br>          Plaintiff,<br><br>v.<br><br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS.<br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 05-1812 (RBW)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF WILSON J. MOORER

I, Wilson J. Moorer, do hereby declare and state the following:

1. I am currently a Paralegal Specialist at the Federal Bureau of Prisons, Office of General Counsel, Freedom of Information Act Section, Washington, D.C. I have been employed in this position since April 2003; however, I have been employed with the Bureau of Prisons since July of 1988. My duties include assisting the Chief, Freedom of Information Act/Privacy Act Section and Freedom of Information Administrator in the review and possible release of information requested from the Bureau of Prisons via the Freedom of Information Act.

2. This declaration is being provided to update the Court of the Bureau of Prisons progress in gathering, reviewing, and copying the documents responsive to plaintiff's FOIA Request. Since the execution of my September 28, 2006 declaration, we have received the following information from the branches of the Office of General Counsel responsible for providing documents.

3. The North Central Regional Office (NCRO) has identified all the relevant documents

that are responsive to this action. The responsive files are currently archived, therefore, a request has been submitted to the Federal Records Center to have the files pulled and mailed to the NCRO. Once the files are received, the NCRO Legal staff will review, copy, and forward the responsive documents to the FOIA Office. The North East Regional Office (NERO) has identified the administrative tort claims that are responsive to this request. These files along with the litigation files that were identified are being requested from the National Archive Center. Once the files are received, the NERO Legal staff will review, copy, and forward the responsive documents to the FOIA Office.

    4. The Mid-Atlantic Regional Office (MARO) has identified the administrative tort claims that are responsive to the request. These claims have been reviewed and copied which completes this portion of the request; however, the responsive litigation files are being requested from the National Archive Center. Once these files are received, the MARO Legal staff will review, copy, and forward the documents to the FOIA Office. The South East Regional Office (SERO) has identified and requested the administrative tort claims and litigation files responsive to this request. The files are scheduled to be released from the National Archive Center and received by the SERO the week of October 30, 2006. Once these files are received, the SERO will review, copy and forward the documents to the FOIA Office.

    5. The South Central Regional Office (SCRO) has identified, reviewed, and copied the responsive documents from 2002 and 2003. The remaining responsive document from 1996 to 2001 have been requested from the Federal Records Center. Once these files are received, the SCRO will review, copy and forward the documents to the FOIA Office. The Western Regional

Office (WRO) has identified and requested from the Federal Archives Center the responsive administrative tort claims and litigation files from 1996 to 2002. The files from 2003 are located in the WRO Legal Department, therefore, they do not need to be requested from archives. Once the documents have been received from archives, they will be reviewed, copies and forwarded to the FOIA Office.

    6. The Legal Administrative Branch and the Legislative and Correctional Issues Branch of the Office of General Counsel have reviewed the documents that correspond to the years identified in the request. Their review did not find any documents responsive to this request for information. The Litigation Branch has identified and provided copies of the documents it found to be responsive to this request. The Discrimination Complaints and Ethics Branch (which encompasses Equal Employment Opportunity) has identified the documents responsive to this request. The files in which the documents are contained are archived; therefore, the files from 1996 to 2003 are being requested from archives. Once the information has been received, they will forward it to the FOIA Office.

    7. The Commercial law Branch has completed their initial search of their documents data base to find the files they believe to be responsive to this request; however, they have not found any files/documents that may be responsive to this action. Their next attempt will consist of conducting a file by file search of the files from 1996 to 2003 to verify the accuracy of their data base. The Labor Law Branch which consists of offices in Washington, DC; Kansas City, KS; Phoenix, AZ; Dallas, TX; and Atlanta, GA has reviewed the data base of the files that have not been destroyed and still exist. Of the files that still exists, a number of them have been archived.

Also, the Phoenix, AZ Labor Law Office will require a staff member from its Washington, DC office to travel to Arizona to assist in the identifying, reviewing, and copying of the documents responsive to the request. The staff member is scheduled to travel to Arizona the week of November 13, 2006.

8. The Labor Management Relations Branch has identified the files that are responsive to the request. The process of tagging and pulling the files began on October 20, 2006 and was scheduled to be completed the week of October 30, 2006. Once all identified files have been pulled, the responsive documents will copied and forwarded to the FOIA Office. The Real Estate and Environmental Branch has researched and located all records relating to the request at hand. They have searched their records for the time period January 1996 to July 2003 and have found all responsive documents. The documents have been forwarded to the FOIA Office.

9. As previously stated, the processing of the documents in response to this request can be effected by staff availability, the conditions of the files, accessing files that have been archived, copying the files, scanning the information, and redacting the massive amount of documents this search will produce.

I declare under the penalty of perjury, pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this ___2___ day of November 2006, at Washington, D.C.

Wilson J. Moorer
Paralegal Specialist
Federal Bureau of Prisons
Washington, D.C.

4