UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Prison Legal News,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**Harley G. Lappin, Director**<br>**FEDERAL BUREAU OF PRISONS,**<br><br>    **Defendant.** | Civil Action No. 05-1812-RBW<br><br>September 12, 2007 |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S LATEST MOTION FOR A FURTHER ENLARGEMENT OF TIME

Plaintiff Prison Legal News (PLN), through counsel, opposes Defendant's latest Motion for Further Enlargement of Time, filed August 30, 2007 ("Tenth Enlargement Motion"). The Court should deny Federal Bureau of Prisons' (BOP, and occasionally FBP) motion seeking further delay of proper document disclosures of public records as fully authorized under the Freedom of Information Act (FOIA).

As noted, this is now the BOP's **tenth** request for further enlargement of time to release all the documents the Prison Legal News FOIA request sought — and that this Court ordered over a year ago on June 26, 2006.

Further, PLN made its original FOIA request over 3 years ago on August 6, 2003.

### I. STATEMENT OF THE CASE: NUMEROUS BOP EXTENSION REQUESTS

On June 26, 2006, this Court entered a Memorandum Opinion and accompanying Order (Docket Entries 17 and 18, respectively) granting PLN's motion for summary judgment. The order stated that "the defendant shall process the plaintiff's request for documents..."

On August 29, 2006, the BOP filed its Response to the Court's June 26, 2006, Order ("Defendant's Response", Docket Entry No. 23), explaining that the BOP had forwarded PLN's FOIA request to all branches of the Office of General Counsel, each of BOP's six Regional Offices, its Administrative Division, and the Labor Management Relations Branch. The BOP requested it be allowed until September 15, 2006, just a little over 2 weeks, to advise the Court of the time needed to complete processing PLN's FOIA request.

**A. The First Enlargement Motion**

On September 15, 2006, the BOP filed a Motion for Further Enlargement of Time ("First Enlargement Motion"). BOP stated that it needed still more time to advise the Court of the time required to process PLN's FOIA request. Defendant's Counsel consulted with Plaintiff's Counsel, pursuant to LCvR 7(m). Plaintiff's Counsel did not oppose the motion.

The Court granted BOP's First Enlargement Motion giving BOP 2 more weeks, up to and including September 29, 2006, to calculate how long it would take to process PLN's request.

**B. The Second Enlargement Motion**

However, on September 28, 2006, BOP filed further Motion for Enlargement of Time ("Second Enlargement Motion"). This Second Enlargement Motion stated that BOP received estimates of the time required to respond to PLN's FOIA request from all but one of its branches and regional offices. But it did not provide those estimates.

Defendant's Counsel consulted with Plaintiff's Counsel, pursuant to LCvR 7(m). Again, Plaintiff's Counsel did not oppose the motion.

Even though all but one of its regional offices and branches had reported, this Second Enlargement Motion requested that BOP be allowed over an additional month, until November 1,

2006, to advise the Court just of the time required to process PLN's FOIA request. On September 29, 2006, this Court granted BOP's Second Enlargement Motion.

**C. The Third Enlargement Motion**

On November 2, 2006, BOP filed yet another Motion for Further Enlargement of Time ("Third Enlargement Motion). The BOP again requested more time to determine how long BOP would need to determine the time needed to process PLN's FOIA request.

When Defendant's Counsel consulted with Plaintiff's Counsel, pursuant to LCvR 7(m), Plaintiff's Counsel opposed the filing of this motion because BOP still failed to set forth any estimate of time remaining to process PLN's FOIA request.

The Third Enlargement Motion requested that this Court allow them until December 1, 2006, to simply advise the Court of the time required to process PLN's FOIA request. On November 9, 2006, this Court entered an Order granting BOP's Third Enlargement Motion.

**D. The Fourth Enlargement Motion**

On December 1, 2006, BOP filed a Fourth Enlargement Motion. BOP again requested more time to determine how long it would need to process PLN's FOIA request. The Motion did not indicate BOP was actually processing any of the requested documents.

The Fourth Enlargement Motion requests that BOP be allowed until January 12, 2007, to advise the Court of the time required to process PLN's FOIA request. The Court allowed this request.

This time, Defendant's Counsel did not consult with Plaintiff's Counsel prior to filing the Fourth Enlargement Motion. Nevertheless, the motion stated, "Plaintiff's counsel opposes the filing of this Motion."

### E. The Fifth Enlargement Motion

On January 12, 2007, BOP filed its Fifth Enlargement Motion. BOP again requested more time just to advise the Court of the time required to process PLN's FOIA request.

The Court decided to allow BOP until February 12, 2007, to determine the time needed to process PLN's request. However, BOP still had not released a single document to PLN.

### F. The Sixth Enlargement Motion

On February 9, 2007, BOP filed its Sixth Enlargement Motion, again requesting even more time to process PLN's FOIA request.

The Court granted BOP until March 20, 2007, to process PLN's request.

### G. The Seventh Enlargement Motion

On March 30, 2007, BOP filed its seventh Enlargement Motion. BOP requested to and including April 30, 2007, to process PLN's FOIA request.

Plaintiff opposed this motion. The Court granted BOP's request.

### H. The Eighth Enlargement Motion

On May 8, 2007, BOP filed its Eighth Enlargement Motion, requesting yet another time extension to process PLN's FOIA request.

The Court ordered BOP to process PLN's FOIA request by June 8, 2007.

Plaintiff did not oppose this Motion. BOP released 594 documents to PLN on May 4, 2007, but withheld 1200 pages for review and redaction.

### I. The Ninth Enlargement Motion

-4-

On June 12, 2007, BOP filed its Ninth Enlargement Motion. BOP requested yet another time extension to process PLN's FOIA request. The Court ordered BOP to process PLN's FOIA request by July 27, 2007.

BOP produced another 1,396 pages of documents. It withheld 569 pages for redaction.

**J.  The Tenth Enlargement Motion**

On August 30, 2007, BOP filed its tenth Enlargement Motion. BOP requested a time extension to November 2, 2007 to complete PLN's FOIA. This is the request that stands before the Court at this time.

## II.  REPEATED IMPROPER REDACTIONS IN RELEASED DOCUMENTS

Plaintiff has been patient with BOP until now. However, in reviewing the released documents, PLN notes that they all contain redactions which are not allowed under any of the exemptions to information release. (*See* letter from Plaintiff's counsel to BOP's counsel of September 4, 2007, attached).

A sample of the released documents is also attached. The Court should note that many of these papers are court and administrative agency documents – meaning they are already public records.

BOP is not acting in a principled and honest manner to PLN's request. The redactions make the documents worthless – mere boilerplate. The essential information to be gleaned from these records is missing.

## III.  HEARING REQUEST

PLN requests an oral argument on this motion.

## IV.  CONCLUSION

In light of the above, this Court should deny Defendant's Motion for Further Enlargement of Time, filed August 30, 2007, and impose appropriate sanctions, including an award of attorney's fees and costs incurred opposing this Motion.

Respectfully submitted,

September 12, 2007

/s/  James R. Klimaski
James R. Klimaski, #243543
Klimaski & Associates, P.C.
1625 Massachusetts Avenue NW
Suite 500
Washington, DC  20036-2001
202-296-5600

*Attorney for Prison Legal News*

---

### Certificate of Service

I certify that the foregoing *Plaintiff's Opposition to Defendant's Latest Motion for a Further Enlargement of Time* will be served to the following counsel for Defendant in this case by the Court's CM/ECF system after proper filing of an Adobe PDF version of this item on the Court's secure website on September 12, 2007:

Ms. Wyneva Johnson
Assistant U.S. Attorney
U.S. Attorney's Office for D.C.
Civil Division
555 4th Street NW
Washington DC  20001

/s/ Jon Pinkus
Jon Pinkus
Klimaski and Associates, PC