# KLIMASKI & ASSOCIATES, P.C.
## *Attorneys at Law*

James R. Klimaski*
Lynn I. Miller*
Megins S. Skolnick+

*Of Counsel*
John P. Racin

1625 Massachusetts Ave., NW
Suite 500
Washington, DC 20036-2001
(202) 296-5600
(202) 296-5601 Fax
firm@klimaskilaw.com
www.klimaskilaw.com

September 4, 2007

Wyneva Johnson
Assistant United States Attorney
555 4th Street, NW
Room E - 4106
Washington, D.C. 20530

Re: Prison Legal News FOIA Request
    Prison Legal News v. Lappin, CA No. 05-1812(RBW)

Dear Ms. Johnson:

Our client has serious concerns over the redactions in the documents that the Federal Bureau of Prisons (FBP) has provided pursuant to the Freedom of Information Act (FOIA) request of Prison Legal News and Judge Walton's memorandum order in this case. The redacted material consists of the names of the claimants/plaintiffs, the case and court numbers and, in some cases, the facts giving rise to the incident. These redactions are improper.

You base the redactions on two exemptions, 5 U.S.C. §552(b)(6), concerning personnel, medical and similar files, and §552(b)(7)(C), information in law enforcement records. In Exemption 6, disclosure of the information must "constitute a clearly unwarranted invasion of personal privacy." Legal precedent supports our right to the identifying data. In Norwood v. Federal Aviation Administration, 580 F.Supp. 994 (W.D. Tenn. 1983), the court held that Exemption 6 does not shield settlement agreements from disclosure.

The standard in Exemption 7(C) is that disclosing the material "could reasonable be expected to constitute an unwarranted invasion of personal privacy." One of the principle argument against complying with the FOIA request raised by the FBP contended that the documents were publicly available. This claim contravenes the FBP's present action that it is redacting specific information for privacy interests. There are no privacy interests in publicly available documents that have been filed in Federal courts around the country absent clearly delineated protective orders or materials filed under seal, neither of which applies here.

Moreover, Exemption (7)(C) is inapplicable because the documents are not "law enforcement records," concerning alleged criminal activity. Rather, the papers concern civil suits

*Also admitted in Maryland*
+*Also admitted in Pennsylvania*



KLIMASKI&ASSOCIATES, P.C.
Attorneys and Counselors at Law

that individuals instituted against the government.

    We request that you restore this information in the documents that you have already provided and refrain from redacting it in the material you are still processing. This process would move along much more rapidly if the government did not attempt to improperly expand the exemptions allowed under the Freedom of Information Act.

    Please let me know if the Government agrees or disagrees with our understanding of the use of exemptions in this matter as soon as possible to avoid any further needless delay.

                                    Sincerely,

                                      James R. Klimaski

cc: Paul Wright

P.S.
    Please note our new address as we have moved as of September 1, 2007.