UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Prison Legal News,

    Plaintiff,

        v.                                             Civil Action No. 05-1812 (RBW)

Harley G. Lappin, Director,
FEDERAL BUREAU OF PRISONS,

    Defendant.

## MEMORANDA IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT

Plaintiff Prison Legal News (PLN), through counsel, respectfully requests this Court enter a declaration that the Federal Bureau of Prisons (BOP) has failed to comply with the court's June 26, 2006 and October 1, 2007 orders requiring the BOP respond to PLN's Freedom of Information Act (FOIA) request. The Defendant has provided some documents in response to the Court's orders, however, it has redacted information and claimed exemptions far greater than those allowed under the FOIA. BOP has also provided incomplete and inconsistent disclosures for some cases and administrative units. These redactions and omissions justify entry of a judgment finding BOP has failed to comply with this Court's order and an order requiring the BOP fully respond to PLN's FOIA request.

### I. Statement of Facts

**A.**    **PLN's FOIA Request**

This case arises from an August 6, 2003 request by PLN, pursuant to the FOIA, 5 U.S.C. §552 (2005). PLN requested:

> (A)ll documents showing all money paid by the Bureau of Prisons (BOP) for lawsuits and claims against it. This is all funds paid out to claimants/litigants between January 1, 1996 through and including July 31, 2003. I am requesting a copy of the verdict, settlement or claim in each case showing the dollar amount paid, the identity of the plaintiff/claimant and the legal identifying information for each lawsuit or claim or attorney fee award. I

am requesting a copy of the complaint (if it was a lawsuit) or the claim (if it was not) in each incident which describes the underlying facts of each lawsuit and claim.

PLN's document request also requested a fee waiver. BOP denied the waiver, PLN appealed, and the BOP denied PLN's appeal.

**B.      Litigation History**

On September 15, 2005, PLN filed this lawsuit seeking injunctive and declaratory relief. PLN sought to overturn the BOP's denial of its fee waiver, and force the BOP to disclose the requested documents. Both parties filed motions for summary judgment, and on June 26, 2006 this Court entered a Memorandum Opinion and Order granting summary judgment in favor of PLN and denying summary judgment for the defendant. The Court ordered the BOP to process PLN's document request without payment of costs.

On August 29, 2006, the BOP filed a response to the Court's June 26, 2006 Order. The BOP requested it be granted until September 15, 2006 to advise the Court regarding when it would be able to respond to PLN's document request.

On September 15, 2006, the BOP filed a request it be granted until September 29, 2006 to comply with the Court's disclosure order. This was the first of ten (10) requests by the BOP to extend its deadline to complete processing PLN's FOIA request.[1] On September 12, 2007, PLN filed an opposition to the tenth request, filed on August 30, 2007. Docket entry No. 41.

On October 1, 2007, this Court ordered the BOP to respond to PLN's FOIA request by November 2, 2007. The Court further ordered the parties to submit a briefing schedule. This motion and memoranda are submitted in accordance with the Court's order.

---

[1] See docket entries nos. 27-32, and 34-38.

**C.     BOP Releases**

Between May 4, 2007 and October 31, 2007, the BOP released six sets of documents to PLN. All of these releases contained redactions in excess of those allowed under the FOIA, or omissions in violation of this Court's orders.

1.     <u>First Release</u>

On May 4, 2007, the BOP released 594 pages of documents. Exhibit 1-1. This was the first release under the Court's June 26, 2006 Order. This disclosure consisted of documents from the BOP's Litigation, Real Estate and Environmental, Commercial Law, and Discrimination Complaints and Ethics Branch/Equal Employment Opportunity (EEO) Section.

The BOP redacted 406 pages of this release in whole or in part. The Litigation Branch redacted 17 pages pursuant to 5 U.S.C. §552(b)(6) and (7)(C) (Exemptions 6 and 7(C)). Redactions included deletion of claimants' names and addresses, the names of persons who reviewed and assessed complaints, the names of claimants' attorneys and representatives, and the names of signatories to settlement agreements. Exhibit 1-2.[2]

The Discrimination Complaints and Ethics Branch/Equal Employment Opportunity Section redacted parts of 389 pages pursuant to 5 U.S.C. §552(b)(2) (Exemption 2), and Exemptions 6 and 7(C). The redactions included case names and case numbers, statements of facts, signatures, and names, addresses and other identifying claimant information. Exhibit 1-3. In some instances, the EEO Section redacted entire pages that appear to be related to the facts of the complaint. Exhibit 1-4, letters to Ms. Hunt, D.L. Hobbs, and Anne Price.

The Real Estate and Environmental Branch did not redact any information from its disclosures. The Commercial Law Branch, Legal Administrative Branch, and Legislative and

---

[2] The exhibits provided with this motion are only examples of the redactions and other problems with the documents BOP released. PLN has available, and is willing to provide, further examples at the court's request.

Correctional Issues Branch claimed to have no documents responsive to PLN's request. Exhibit 1-1.

2. <u>Second Release</u>

On May 25, 2007, the BOP released 1,965 pages of documents. Exhibit 2-1. This release consisted of documents from the BOP's Mid-Atlantic, Southeast, and North Central Regional Offices. The BOP redacted a total of 569 pages of this disclosure in whole or in part pursuant to 5 U.S.C. §552(b)(5) (Exemption 5), and Exemptions 2, 6, and 7(C).

These offices redacted the names and addresses of claimants and witnesses, and information related to the facts of the complaint. Exhibit 2-2. They also redacted case numbers, the text of settlement reports, bank account numbers, and statements of facts from its disclosures. Exhibit 2-3.

The BOP also failed to include individual pages of some responsive documents. See Exhibit 2-4, which is missing the last page of the settlement agreement.

3. <u>Third Release</u>

On July 30, 2007, the BOP released 900 pages of documents. Exhibit 3-1. This release consisted of documents from the BOP's North East Regional Office. The BOP redacted 508 pages of this release in whole or in part pursuant to Exemptions 6 and 7(C). These redactions included the names and other identifying information of tort claimants (Exhibit 3-2), and the names of witnesses and other non-parties (Exhibit 3-3),

The BOP failed to include many responsive documents with the July 30, 2007 release. No fewer than 31 of the documents in this release consisted solely of docket sheets for federal court cases in which no other information was provided. Exhibit 3-4. PLN did not request docket sheets in its FOIA request. Most of these docket sheets clearly show that the cases were settled. <u>Id</u>., entry no. 16, stating the case was dismissed pursuant to Local Rule 41.1(b), allowing

dismissal upon notice of settlement. BOP also failed to include complaints, judgments, claims forms, and vouchers mentioned in these and other disclosures. Exhibits 3-3 (one of two judgments provided), 3-4 (no complaint or settlement), and 3-5 (no voucher or initial claim form).

4.  Fourth Release

On August 17, 2007, the BOP released 1,026 pages of documents. Exhibit 4-1. This release consisted of documents from the BOP's South Central Regional Office. The BOP redacted 633 pages of this release in whole or in part.

The BOP claimed exemptions from disclosure under Exemptions 6 and 7(C). The redactions included the Social Security numbers, names and addresses of claimants and witnesses. Exhibit 4-2. However, some documents contained such extensive redactions that it is impossible to tell what the precise subjects are. Exhibits 4-3 (letter to Scott Bomson) and 4-4 (January 14, 2002 memoranda regarding that record's tort claim).

5.  Fifth Release

On October 15, 2007, the BOP released 2,502 pages of documents. Exhibit 5-1. This disclosure consisted of documents from the BOP's Western Regional Office. The BOP redacted 782 pages of this release in whole or in part. Id.

The Western Regional Office of the BOP claimed exemptions from disclosure under Exemptions 6 and 7(C). BOP redactions in this release included the names, addresses, and other identifying information of some tort claimants. *Compare*, Exhibits 5-2 and 5-3. The BOP chose not to redact case files or complainants' information from litigation files in this disclosure, however, many of these disclosures lacked the requested settlements. Exhibit 5-4, including only a Notice of Settlement, and 5-5, including a non-responsive docket sheet showing that on July 23, 1997, judgment was entered pursuant to a settlement.

6.      Sixth Release

On October 30, 2007, the BOP released 4,474 pages of documents. Exhibit 6-1. This release consisted of documents from the BOP's Labor Management Relations and Labor Law branches.

The BOP redacted a total of 95 pages of this release pursuant to Exemption 6. Id. These branches redacted only Social Security numbers (Exhibit 6-2) and medical reports (Exhibit 6-3) from their disclosures.

## II. Legal Standards

**A.     Summary Judgment**

Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine issue is one that, if resolved, could establish a claim or defense affecting the action's outcome. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

The substantive law determines materiality. Id. While the court must view all facts in the light most favorable to the non-moving party, Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), doing so in this case does not defeat PLN's cross motion for summary judgment.

The FOIA contains nine exemptions from mandatory disclosure. 5 U.S.C. §552(b) (2000), subsections 1-9. Each of the exemptions to the FOIA must be narrowly construed. Department of the Air Force v. Rose, 425 U.S. 352 (1976). An agency shall provide any reasonably segregable portion of a record after deletion of any portions that are exempt. 5 U.S.C. §552(b) (2000).

**B.      Exemption 2**

5 U.S.C. §552(b)(2) (Exemption 2) exempts from disclosure documents that are "solely related to personnel rules and practices of an agency." Courts have interpreted Exemption 2 to encompass two categories of information. "Low 2" information refers to internal matters of a relatively trivial nature. Rose, *supra*, at 369-70. "High 2" information refers to information that would risk circumvention of a legal requirement.

"High 2" exemptions apply to matters of greater sensitivity than any documents requested by PLN. Examples of information withheld under the "High 2" exemption include "no fly" lists maintained by the Department of Justice,[3] claims processing guidelines,[4] and records containing an agency's litigation strategy.[5] Counsel for PLN is aware of no disclosures at issue in this case withheld pursuant to this exemption. Therefore, PLN need not discuss the legal standards for "High 2" exemptions.

The primary rationale for the "Low 2" standard is that the marginal benefit to the public of disclosing trivial information cannot overcome the burden the government undertakes in complying with the FOIA request. Long v. Dept. of Justice, 450 F. Supp. 2d 42, 57 (D.D.C. 2006). Material protected under this exemption has been limited to matters so routine that they could not be "subject to…a genuine and significant public interest." Rose, *supra*, at 369. The D.C. Circuit has held that this exemption cannot be used to withhold information when doing so "frustrates [a] legitimate public interest." Founding Church of Scientology v. Smith, 721 F2d. 828, 830-31, n. 4 (D.C. Cir. 1983, per curiam).   Court case numbers may not be withheld under Exemption 2. Baltimore Sun v. U.S. Marshals Service, 131 F. Supp. 2d. 725 (D. MD 2001).

---

[3] Gordon v. FBI, 388 F. Supp. 2d 1028 (N.D. Cal. 2005).
[4] Dirksen v. HHS, 803 F.2d 1456, 1458-59 (9th Cir. 1986)
[5] Schiller v. NLRB, 964 F.2d 1205, 1207-08 (D.C. Cir. 1992).

**C.      Exemption 5**

5 U.S.C. §552(b)(5) (Exemption 5) exempts from disclosure "inter-agency or intra-agency memorandums and letters not available by law to a party other than another federal agency."  This exemption only applies to documents normally privileged in the civil discovery context.  NLRB v. Sears Roebuck Co., 421 U.S. 132, 149 (1975).  However the FOIA cannot expand existing privileges, or create new ones.  See, Association for Women in Science v. Califano, 566 F. 2d 339, 342 (D.C. Cir. 1977).

Courts have distinguished between predecisional communications, which are privileged, and communications made after a decision is reached, which are not.  Sears, at 151.  In Sears, the Court found this distinction supported by the public's interest "in knowing the basis for agency policy (which is) already adopted." Id, at 152.  Attorney work product may fall within this exemption.  Id. at 154.  However, an agency may not apply this exemption to an agency attorney's memoranda explaining an agency's decision not to pursue litigation.  Id. at 158.

**D.      Exemption 6**

5 U.S.C. §552(b)(6) (Exemption 6) exempts from disclosure personnel and medical files that "would constitute a clearly unwarranted invasion of personal privacy."  The courts have adopted a balancing test to determine if documents may lawfully be withheld under this exemption.

Records must be first evaluated to determine if they are "personnel or medical or similar files" to which a privacy interest might attach.  Rose, at  370.  If the records are not within these categories, or disclosure does not implicate a privacy interest, the government must disclose the information.  The threat to individual privacy must be more than a mere possibility.  Id., at 381, n. 19.

If disclosure of the records would infringe on personal privacy, the court must ascertain the privacy interest at stake and balance it against the public interest served by disclosure. Rose, *supra*, at 372. The public interest is analyzed in terms of how well disclosure serves the purposes of the FOIA "to open agency action to the light of public scrutiny." Id.

Records may be redacted to preserve privacy interests. Rose, at 374-5. However, any "reasonably segregable portion" of a record must be provided. Id. This includes the facts surrounding awards of government monies, such as welfare and service-related disability benefits. Id. at 376. The Supreme Court has noted that the FOIA's legislative history supports the release of these "highly personal" records when related to awards of public monies. Id., n. 12.

**E.      Exemption 7(C)**

5 U.S.C. §552(b)(7)(C) (Exemption 7(C)) exempts law enforcement documents that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." To qualify for this exemption, a document must be compiled or created as part of an investigation enforcing a civil or criminal law. Pratt v. Webster, 673 F. 2d 408, 419, 420 & n 32 (D.C. Cir. 1982). Internal investigations only qualify for this exemption if they focus on specific alleged illegal acts by individually identified employees. Stern v. F.B.I., 737 F.2D 84, 89 (D.C. Cir. 1984).

If documents meet this threshold, they must still be disclosed if producing the information will not cause an "unwarranted invasion of personal privacy." Id. at 91. Courts determine whether an invasion of personal privacy is "unwarranted" by balancing the privacy interest at stake against the public's interest in disclosure. Id. As with Exemption 6, the public's interest is measured by benefit to the public at large. National Archives and Record

Administration v. Favish, 541 U.S. 157, 170 & 172 (2004). The public benefit must be significant, and disclosure must promote that interest. Id.

### III.  Argument

The BOP has redacted information far in excess of that allowed under the FOIA. In addition, the BOP has failed to disclose responsive documents. These actions justify finding that the BOP has failed to comply with this Court's orders and imposing appropriate sanctions.

A.     **Improper Redactions Under Exemption 2**

The BOP improperly used Exemption 2 to justify redaction of case numbers from disclosed documents. Exhibits 1-3, and 2-3. The BOP cannot rely on Exemption 2 to justify these redactions. Assignment of case numbers has nothing to do with the BOP's personnel rules or practices. Creation of a case number is an administrative duty of the agency's EEO office, the Equal Employment Opportunity Commission, and the courts.

The BOP cannot use Exemption 2 to frustrate a legitimate public purpose. Church of Scientology, supra. This Court has already determined that PLN's FOIA request serves the public interest. Memorandum and Opinion, docket entry 18, pp. 7-17. Withholding case numbers prevents PLN, or other members of the public, from using outside sources to completely assess and research these matters. These circumstances justify this Court issuing an order requiring the BOP release the redacted information.

B.     **Improper Redactions Under Exemption 5**

The BOP improperly uses Exemption 5 to justify redacting information contained in memoranda discussing the reasons it chose to settle cases. Exhibit 2-3. The redacted information should explain the reasons the agency chose to settle this case. This is analogous to the Advice Memoranda the Supreme Court ordered disclosed in Sears. Like the Advice Memoranda, disclosure of these documents will serve the public's interest in learning the reasons

10

the agency declined to pursue further litigation. These circumstances are sufficient to justify this Court issuing an order requiring the BOP release the redacted information.

**C.      Improper Redactions Under Exemption 6**

The BOP bases the largest number of redactions using Exemptions 6 and 7(C). Redactions under Exemption 6 include redactions of party names and addresses in settlement documents, complainants' names and addresses in EEO documents, party signatures on settlements and other documents, and claimants' names and addresses on tort claims records. Exhibits 1-2, 1-3, 1-4, 2-2, 2-3, 3-2, 3-3, 3-5, 4-2, 4-3, 4-4, and 5-2. The BOP also redacted statements of facts, supporting reports, and requests for relief in EEO complaints. Exhibits 1-3, 1-4, 2-2, and 6-3.

The BOP cannot justify these redactions. None of these documents are medical or personnel files. The records in question concern claims against the government, and the BOP's response to those claims. PLN has not requested personnel or medical files.

Any privacy interest implicated by the requested records is far less than personnel or medical files. Tort claims against an agency lack the attributes of "personnel files" or "similar files" encompassed by Exception 6. They do not contain the kind or amount of information typically found in personnel records. Claim files normally contain only limited personal information related to a particular claim or injury.

The public interest far outweighs the claimants' privacy interests. The public has a legitimate and substantial interest in how the nation's prisons are managed. The requested information provides insight into how well, or how poorly, the BOP performs its functions. The Supreme Court has held that this interest justifies disclosure of information in other kinds of claims files. Rose at 376, n. 12. The Court recognized that these claims often include extensive medical records or other "highly personal" information. Id.

Inconsistencies in the BOP's redactions undermine any argument for exemption of this information. The Western Regional Office redacted the names and other identifying information from some claims documents, while leaving this information in others. *Compare*, Exhibits 5-2 and 5-3. The EEO Section redacted portions of over 80 percent of the pages released, including the identifying information of complainants and witnesses, and facts related to its EEO complaints. Exhibit 1-3. In contrast, the Labor Law Branch redacted only social security numbers from the EEO complaints it provided. Exhibit 6-2. This shows that even some of the governmental personnel examining these documents could not agree whether claimants' names and other identifying information qualified for removal. This further justifies this Court issuing an order requiring the BOP release the redacted information.

**D.     Improper Redactions Under Exemption 7(C)**

The BOP also claims a large number of exemptions pursuant to Exemption 7(C). Exhibits 1-3, 1-4, 2-2, 2-3, 3-2, 4-2, 4-4, and 5-2. Use of this exemption is inappropriate. Exemption 7(C) applies only to documents compiled for the purpose of enforcing civil or criminal laws. Most of the documents PLN requested are unrelated to enforcement of any law. In those instances where civil laws may have been violated, the public's interest justifies disclosure.

The BOP's use of Exception 7(C) to redact names, addresses, and other contact information of tort claimants is not appropriate. The information contained on tort claims forms was not gathered to enforce any civil or criminal law. Claimants voluntarily disclosed this information in order to gain the benefit of redress for alleged losses. Unlike criminal matters, no stigma is associated with these claims. The information disclosed is limited to what is necessary to process the claim.

Similar arguments apply to the privacy concerns surrounding the disclosure of names, addresses, and other contact information on court and EEO documents. These civil claims also lack the stigma attached to criminal matters. Plaintiffs and claimants understand that these limited voluntary disclosures of personal information are made part of public records.

The public interest justifies disclosure of these records. Disclosure of the names and addresses in these records will allow the public to recognize any patterns, or the lack thereof, in claims paid by the BOP. Disclosure of the underlying facts of each claim allows the public to place each of these claims in context, and identify problems with the administration of the nation's prisons. *See*, Rose, at 376, n. 12. These are precisely the reasons the FOIA was enacted. Promotion of public accountability provides further justification for this Court to issue and order requiring the BOP release the redacted information.

**E.    The BOP Has Failed To Produce Relevant Documents**

The BOP has failed to provide numerous documents responsive to PLN's request. These include judgments (Exhibit 3-3, 5-4, 5-5), settlements (Exhibit 3-4), complaints (Id.), and individual pages from otherwise responsive records (Exhibit 2-4). Docket sheets provided by the North East Regional Office, while non-responsive, show that these complaints, judgments and settlements exist. Exhibit 3-4. The BOP litigated each of these cases. It is simply not credible that the BOP could not provide the requested documents. In each case, however, the BOP has provided no records beyond the docket sheet.

These records show that the BOP failed to provide documents requested by PLN and required by this Court's orders. Each record references documents missing from the released files. The BOP's demonstrated failure to provide these documents justifies an order directing the BOP to locate and release complete copies of these documents.

**Conclusion**

In light of the above, PLN requests that this Court find that the BOP has made improper redactions under the FOIA, and failed to comply with its June 26, 2006 and October 1, 2007 Orders. PLN further requests the Court enter an order 1) requiring the BOP provide the records containing the requested identifying and other information within 30 days, and 2) requiring the BOP find and produce complete copies of all records it has thus far failed to provide in response to PLN's request and this Court's orders.

Respectfully submitted,

Date: _____                 _____/s/_____
                                      Edward J. Elder, Esq.
                                      1335 Taylor Street, NW
                                      Washington, DC 20011
                                      Phone: (202) 213-7240
                                      Fax: (703) 519-0311
                                      eelder@nage.org

                                      Counsel for Plaintiff