IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A TRUE COPY
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
BY _____
DEPUTY CLERK

MELINDA SEXTON AND WILLIAM SEXTON,

    Plaintiffs,

v.

UNITED STATES OF AMERICA

    Defendant.
_____/

Civil No. 2:99-CV-76310

JUDGE GEORGE CARAM STEEH

## ORDER OF DISMISSAL

All matters in controversy having been resolved pursuant to a Stipulation for Compromise Settlement, entered into between the parties and their attorneys, this matter is dismissed with prejudice.

**AGREED:**

RICHARD L. STEINBERG, P.C.

By: _____
RICHARD L. STEINBERG (P25862)
DONALD C. WHEATON, JR. (P42681)
1724 Ford Building
Detroit, Michigan 48226
313/962-3738
Attorneys for Plaintiffs

Dated: 10-13-2000

**IT IS SO ORDERED.**

Dated: _____

SAUL A. GREEN (P14317)

_____
MARY S. RIGDON (P42637)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
313/226-9790
Attorney for Defendant United States

Dated: 10/17/00

GEORGE CARAM STEEH

_____
GEORGE CARAM STEEH
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELINDA SEXTON AND WILLIAM
SEXTON,

    Plaintiffs,

Civil No. 2:99-CV-76310

JUDGE GEORGE CARAM STEEH

UNITED STATES OF AMERICA

    Defendant.

_____/

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1.     The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2.     The United States of America agrees to pay the sum of Eighty Thousand Dollars ($80,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason

agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 per centum ($20,000) of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

8. Payment of the settlement amount will be made by a check drawn on the Treasury of the United States for Eighty Thousand Dollars ($80,000.00) and made payable to Melinda and William Sexton, plaintiffs, and Richard L. Steinberg, P.C., plaintiffs' attorneys. The check will be transmitted to plaintiffs' attorneys. Plaintiffs' attorneys agree to distribute the settlement proceeds among the plaintiffs.

9. In consideration of the payment of Eighty Thousand Dollars ($80,000.00) as set forth above, plaintiffs agree that they will cause their attorneys to execute and file with the court such documents as shall be necessary to cause the above-styled action to be dismissed with prejudice from the docket of the court.

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGISTRATE JUDGE KOMIVES

MELINDA SEXTON AND WILLIAM SEXTON,
wife and husband,

        Plaintiffs,

-v-

UNITED STATES OF AMERICA,

        Defendant.
_____/

Richard L. Steinberg (P25862)
Steinberg, O'Connor & Burns, P.L.L.C.
1724 Ford Building
Detroit, MI 48226
(313) 962-3738
Attorneys for Plaintiffs
_____/

99-60007

GEORGE CARAM STEEH

### PLAINTIFFS' BILL OF COMPLAINT

NOW COME THE Plaintiffs, by and through their attorneys, STEINBERG, O'CONNOR & BURNS, P.L.L.C., and for their Bill of Complaint do hereby allege and declare as follows:

#### I. Jurisdiction

1. This is a civil action seeking money damages for personal and bodily injuries sustained and arising out of the negligent failure to keep premises owned, operated, or under the possession and control of the Defendant reasonably safe against hazards created by the natural accumulation of ice and snow.

2. Jurisdiction is conferred upon this Honorable Court, and is founded upon the existence of a Federal question; 28 USC §1346(b), arising under the Federal Tort Claims Act, 28

USC § 2671, *et seq.*

## II. Parties

3. Plaintiff Melinda Sexton and Plaintiff William Sexton are citizens of the United States, and of the State of Tennessee, and residents of the Town of Maryville. Plaintiffs are, and were, husband and wife.

4. Defendant United States of America [hereinafter the "Defendant United States"] is that body politic representing the organized government of the people of the United States of America. Said Defendant has, as a Department of Government, the United States Department of Justice, which administers the Federal Bureau of Prisons which, at all times material hereto, was the owner, operator, or otherwise was in possession, or exercised dominion and control over those premises designated as the Federal Correctional Institution at Milan, Michigan [hereinafter referred to as "FCI Milan"].

## III. Cause of Action: Negligence

5. On January 31, 1997, the Plaintiff Melinda Sexton was severely injured while a business invitee on the premises commonly known, and referred to, as FCI Milan, when she slipped and fell on a patch of ice or snow, which had been carelessly allowed to accumulate and remain in common areas of the premises.

6. The Defendant owed to the Plaintiff the duty to exercise reasonable care for her safety.

7. The Defendant breached its duties, and was negligent, as follows:

   a. it violated its nondelegable and affirmative duty to keep its premises reasonably safe for use by business invitees;

      b.    it carelessly and negligently left the ice or snow where it would become a pratfall for invitees engaged in ingress or egress and where it could not be easily seen by invitees on the premises;

      c.    it authorized, created, maintained, or suffered to exist, a nuisance on its premises which it then negligently failed to abate;

      d.    it failed to warn Plaintiff of the dangerous, unsafe, and defective condition of its premises of which it was aware, or in the exercise of reasonable care should have been aware, and of which the Plaintiff was unaware;

      e.    it carelessly and negligently failed to properly execute its own rules, regulations, and protocols established for the protection of members of the public, including the Plaintiff, during conditions of inclement weather on the Defendant's premises.

8. The acts or omissions of the Defendant, and each of them, was a legal cause of Plaintiff's injuries and damages.

9. Plaintiff, Melinda Sexton, has suffered permanent and irreversible injury, including, but not limited to: Colles fracture of the left wrist, degenerative joint disease, and has, does now, and will into the future, require medical, surgical, hospital, and nursing care, treatment, and management; has and will suffer the loss of earnings and earning capacity; has, does now, and will suffer into the future mental and physical pain, suffering, and anguish, loss of enjoyment of life, and disfigurement.

10. Plaintiff, William Sexton, has, does now, and will into the future, suffer the loss of the services, support, love, companionship, and consortium of his injured spouse.

11. On June 16, 1998, the Plaintiff filed with the Mid-Atlantic Regional Office, Federal Bureau of Prisons, U.S. Department of Justice, her Administrative Claim Form, together with attachments, as required by 28 USC § 2675, receipt of which was acknowledged by the Defendant by written correspondence dated July 1, 1998.

12. More than six (6) months have elapsed since the Plaintiff filed her Administrative Claim without final agency action which inaction Plaintiff treats as a denial.

### IV. Prayer For Relief

WHEREFORE, Plaintiffs pray that this Honorable Court shall grant the following relief:

A. Judgment in that amount which is fair, just, and reasonable, as and for compensatory damages, in favor of the Plaintiffs, and against the Defendant United States of America.

B. Prejudgment interest, costs, and attorneys' fees as allowed by law.

C. Such other and further relief as this Honorable Court shall deem just, equitable, and proper in the premises.

Respectfully submitted

STEINBERG, O'CONNOR & BURNS, P.L.L.C.

_____
Richard L. Steinberg (P25862)
Attorneys for Plaintiff
1724 Ford Building
Detroit, Michigan 48226
(313) 962-3738

Dated: January 6, 1998

RLS Sexton/Plaintiffs Bill of Complaint.doc

COUNTY IN WHICH ACTION AROSE: WASHTENAW

JS 44C
(Rev. 12/84)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MELINDA SEXTON and WILLIAM SEXTON,
wife and husband

## DEFENDANTS
THE UNITED STATES OF AMERICA

**99-60007**

**MAGISTRATE JUDGE KOMIVES**

**GEORGE CARAM STEEH**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — Foreign —
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
RICHARD L. STEINBERG (P25862)
Steinberg, O'Connor & Burns, P.L.L.C.
1724 Ford Building, Detroit, MI 48226
(313) 962-3738

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a slip and fall tort claim arising under the Federal Tort Claims Act, 28 USC 2671

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 690 Other | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | | | ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending | **LABOR** ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence 28 USC 2255 | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** ☐ 870 Taxes | |
| ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 443 Accommodations ☐ 444 Welfare | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ Undetermined

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASES(S) IF ANY

JUDGE _____ DOCKET NUMBER _____

DATE: January 7, 1999

SIGNATURE OF ATTORNEY OF RECORD [signature]

(P25862)

UNITED STATES DISTRICT COURT