U.S. Department of Justice

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

U.S. Custom House-7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

August 15, 2001

(b)(6), (b)(7)c
    (b)(6), (b)(7)c

RE: Your Administrative Claim, No. TRT-NER-2000-04756

Dear (b)(6), (b)(7)c

Your Administrative Claim, No. TRT-NER-2000-02709, dated March 1, 2001, and properly received in this office on March 12, 2001, has been considered for settlement as provided by the Military and Civilian Employees Claims Act (CECA), 31 U.S.C. § 3721. You seek compensatory damages in the amount of $40.00 for an alleged personal property loss. Specifically, you claim your slacks were torn by a chair at the Federal Correctional Institution (FCI), Loretto, Pennsylvania, on February 16, 2001.

After a thorough investigation into this matter, I have decided to settle your claim for $40.00. This amount is based upon our assessment of the relative value of your claim and other factors. This is neither an admission nor denial of government liability in this matter.

The payment voucher has been forwarded to the institution for processing.

Sincerely,

Henry J. Sadowski
Regional Counsel

c: Dennis M. Callahan, Warden, FCI Loretto

### Guidance to Claimant

Items 1–11 of this form must be fully completed and signed by the claimant. Item 12 must be completed by the official who authorized the use of the articles for which the claim is submitted. Item 13 must be completed by the designated reviewing official. Item 14 must be completed by the official authorized to approve payment. Items 15–18 are reserved for accounting use.

Failure to provide complete and accurate information may result in the forfeiture of the claim, and a maximum fine of $10,000 or imprisonment for five years or both. 28 U.S.C. 2514; 18 U.S.C. 287, id. 1001.

### Claim For Damage to or Loss of Personal Property Incident to Service or Employment

**1. Name of Claimant**
(b)(6), (b)(7)c

**2. Position of Claimant**
Accounting Supervisor

**3. Address of Claimant** (Include Zip Code)
(b)(6), (b)(7)c

**4. Office Where Employed/Telephone No.**
FCI Loretto
(814) 472-4140

**5. Location of Office** (at Time of Incident)
Unicor

**6. Social Security No.**
(b)(6), (b)(7)c

**7. Location Where Loss or Damage Occurred**
Employees Lounge

**8. Date of Loss or Damage**
2-16-01

**9. Facts and Circumstances of the Incident** (State facts in detail, use additional sheet if necessary.)

The left side in the seat of my tan dress pants was torn. This happened when I went to stand up and the pants caught on the arm rest. The arm rest is missing the rest and just has two metal fasteners protruding.

**10. Affirmations and Claimant Certification:**

|   | YES | NO |
|---|---|---|
| a. Was the damage or loss for which claim is made caused in whole or in part by any negligence or wrongful act on your part, your agent's part, or another employee's part? |  | X |
| b. Have you recovered any of the property or has any of it been replaced by the Government? |  | X |
| c. Do you have private insurance? If answer to c. is "YES", is all correspondence with your insurer, including a copy of your demand for reimbursement, attached? |  | X |
| d. Has a demand been made against the common carrier or warehouseman involved? If answer to d. is "YES", is all correspondence with carrier or warehouseman attached, including a copy of the demand for reimbursement? |  | X |
| e. Were any of the claimed items Government property? If answer is "YES", then so indicate on Form DOJ-110A (Schedule of Property). |  | X |
| f. Was any portion of property claimed, acquired, or held for sale or disposition by commercial transactions, or for use in a private profession or business enterprise? |  | X |

g. If any of the property for which claim is made is later recovered, I agree to give written notice to the office paying this claim.

h. All documents required are attached hereto, and a detailed list of the property is set forth on Form DOJ-110A and made a part of this statement.

i. I hereby assign to the United States, to the extent of any payment on this claim accepted by me, all my right, title, and interest in and to any claim I have against any carrier, insurer, or other party arising out of the above described incident and will, upon request, furnish such evidence as may be required to enable the United States to enforce such claim.

j. I further authorize the United States to withhold from my pay or accounts for any payments made to me by a carrier, insurer, or other party when I am also reimbursed by the United States and for any payments made by the United States in reliance on the information contained herein which thereafter is determined to be incorrect or untrue.

k. I hereby authorize my insurer to release any information to the United States regarding insurance coverage I have for this loss.

l. I have not made a previous claim against the United States for loss or damage now claimed. (N.B. If explanations are necessary, provide same on additional sheet and attach hereto.)

Signature of Claimant: (b)(6), (b)(7)c
Date: 3/1/01

**11. Amount of Claim** (In U.S. Money Taken from Form DOJ-110A)
Amount of Loss/Damage _____
Less: Insurance Collected or Collectible _____
Total Amount Claimed _____

visory Certification: I certify that the article in question was reasonable, useful and proper under the circumstances, and also to the best of my knowledge the damage or loss was not due to a negligent or wrongful act of the claimant, his/her agent, dependent or co-worker.

Signature:

_Randy King_     _Bus. Mgr._     3-07-07
Name     Title     Date

13. Recommendation:

This claim has been reviewed, evaluated, and investigated, and is forwarded herewith together with supporting papers marked Exhibits _____ through _____. The claim is recommended for final settlement as follows:

| Date Claim Received | Disapproved ☐ | Amount |
|---|---|---|
| March 12, 2001 | Approved XX | $40.00 |

| Organization | Signature of Claims Officer and Date |
|---|---|
| Bureau of Prisons | |

Name and Title of Claims Officer: Patricia M. Gotts, Paralegal Specialist    8/14/01

14. Approval of Claim:

XX After due consideration I have determined that this claim is meritorious and is cognizable under 31 U.S.C. 241; the claimant is a proper claimant; and an award of $ _40.00_ is approved.

☐ After due consideration I have decided to disapprove the claim for the following reason(s):

Typed Name of Approving Authority: Henry J. Sadowski, Regional Counsel

Signature and Date: 8/15/01

Data Required by the Privacy Act of 1974
(5 U.S.C. 552a)

AUTHORITY: 31 U.S.C. 240-243 and 950-953

PRINCIPAL PURPOSE: Filing, investigation, processing and settlement of claims.

ROUTINE USES:

a. Information is principally used to provide a legal basis for administrative payment of claim against the Government. Information is also used in connection with:

   (1) Recovery from common carriers, warehousemen, other third parties or their insurers for damage, loss, or destruction of personal property of employees while in transit or storage at Government expense.

   (2) Collection from claimant of improper payment or overpayment.

   (3) Investigation of possible fraudulent claim.

   (4) Possible criminal prosecution by the Department of Justice if fraud is established.

b. SSN is used to insure correct identification of claimants as this is the only means of insuring payment to proper claimant and to avoid payment of duplicate claims.

MANDATORY OR VOLUNTARY DISCLOSURE AND EFFECT ON INDIVIDUAL NOT PROVIDING INFORMATION: Disclosure of information is voluntary. Failure to supply information in substantiation of claim will cause delay in settlement and may result in denial of a portion or all of the claim.

| Voucher No. | 16. Schedule No. | 17. Paid by Check No. |
|---|---|---|
| | | |

Accounting Classification