UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
CENTRAL REGIONAL OFFICE

| | |
|---|---|
| KATHY M. MELZER,<br>　　Appellant<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE,<br>　　Agency | DOCKET NUMBER<br>CH-0752-03-0128-I-1<br><br>Date: February 21, 2003 |

## SETTLEMENT AGREEMENT

　　COMES NOW, the parties and mutually file this agreement as reached in the above captioned case, terms as follows:

1. The Agency will cancel the personnel action (SF-50) documenting the Appellant's removal from the position of Physician Assistant, GS-0603-11, which was effective November 20, 2002. This personnel action will be replaced with a voluntary resignation which will be effective November 20, 2002.

2. The resignation shall be deemed a "clean resignation". This means that the Standard Form 50 shall reflect that the Appellant resigned for personal reasons. It also means that the Agency shall expunge from the Appellant's official personnel file and personnel computer records, if any, all documentation that relates to the charges and adverse action which are the subject of this action.

3. The Agency shall, upon inquires from prospective employers, provide to them an oral and/or written reference consistent with the terms of this agreement, providing that any such inquiry is directed only to the Human Resource Manager (HRM). The HRM shall not disclose any information which relates to the charges and adverse action which are the subject matter of this appeal. The parties acknowledge and understand that the Agency will not be liable for the responses to inquiries directed elsewhere. Upon receiving inquiries from prospective employers, the HRM shall confirm the Appellant's job title, dates of employment, and salary. No additional information will be released. It is the Appellant's responsibility to know the name of the HRM when applying for other employment.

_Initials_:　J. F. Graber, Warden　_____　　　Date 2/26/2003
　　　　　　Kathy M. Melzer, Appellant _____　　Date 2/25/03

4. The Bureau of Prisons agrees to pay the lump sum of $19,000 without any deduction, in full settlement of any and all claims, including attorneys fees. This payment is not in lieu of wages. The Agency will not withhold any taxes of any kind. However, the Agency will file a Form 1099 with the Internal Revenue Service (IRS) and the determination of the Appellant's tax liability, if any, is a matter solely between the Appellant and the IRS and/or state and local taxing authorities.

5. Within seven days (7) of the date of the last signature on this agreement, a request will be submitted for payment of the $19,000. The payment will be sent to the Appellant in care of the Appellant's Representative at the following address: Rick Allan White, 77 W. Washington Street, Suite 707, Chicago, Illinois 60602.

6. The Appellant agrees not to request or seek any representational costs or fees of any kind related to this appeal in any forum. The Appellant and/or her representative will also bear the full costs and fees, if any, of all depositions taken on February 13, 2003, in relation to this action.

7. The Appellant agrees that she will not seek nor accept any future employment with the Department of Justice or any of it's components.

8. The Appellant and her representative agree to dismiss the above captioned case and not to litigate or relitigate the issues in this appeal in any forum. The Appellant further agrees to waive any and all rights as to any and all claims for compensation and damages she may have had in relation to the events which were at issue in the above captioned case.

9. Both parties agree that the acceptance of the terms of this settlement will not be interpreted as constituting an admission of wrongful act or omission on the part of either party.

10. This agreement constitutes the entire agreement between the parties and there are no other terms, expressed or implied, except those written in this agreement.

11. Both parties agree that they have voluntarily entered into this agreement and understand the terms of said agreement. The parties further agree that this agreement shall be entered into the record of this appeal and that the Merit Systems Protection Board will retain jurisdiction over this agreement for the limited purpose of enforcement of same.

12. Facsimile signatures shall have the same force and effect as an original signature. The parties may execute the settlement agreement in counterparts which shall have the same force and effect as if each had executed the original document.

SIGNATURE PAGE FOLLOWS/NOTHING MORE

*Initials*:   J. F. Graber, Warden   _[signature]_   Date 2-26-2003

2

Kathy M. Melzer, Appellant  *(signature)*  Date 2/25/03

Settlement Agreement
Melzer v. DOJ, CH-0752-03-0128-I-1

## SIGNATURE PAGE

**FOR THE AGENCY:**

*(signature)*                                    2-26-2003
J. F. Graber, Warden                             Date
Metropolitan Correctional Center
Chicago, Illinois

**FOR THE APPELLANT:**

*(signature)*                                    2/21/03
Rick Allan White                                 Date
Attorney for the Appellant

*(signature)*                                    2/25/03
Kathy M. Melzer, Appellant                       Date

3

```
*** TRANSMISSION REPORT ***

FEB-28-03 11:10    ID:2023076857              BOP LMR EAST

        START TIME            FEB-28-03 11:08
        TELEPHONE NUMBER      83128864231
        NAME(ID NUMBER)       312 886 4231
        TRANSMISSION MODE     EMMR
        RESOLUTION            STD
        PAGES TRANSMITTED     004
        MAILBOX               OFF
        SECURITY              OFF
        INFORMATION CODE      OK
        REDIALING TIMES       00
        MACHINE ENGAGED       01'17
        JOB NUMBER            517

        THIS TRANSMISSION IS COMPLETED.
        LAST SUCCESSFUL PAGE     004
```

OMB NO. 3124-0009

# U.S. MERIT SYSTEMS PROTECTION BOARD



## APPEAL FORM

### INSTRUCTIONS

**GENERAL:** You do not have to use this form to file an appeal with the Board. However, if you do not, your appeal must still comply with the Board's regulations. 5 C.F.R. Parts 1201 and 1209. Your agency's personnel office will give you access to the regulations, and the Board will expect you to be familiar with them. You also should become familiar with the Board's key case law and controlling court decisions as they may affect your case. **You must tell the Board if you are raising an affirmative defense** (see Part IV), and **you are responsible for proving each defense you raise.**

**WHERE TO FILE AN APPEAL:** You must file your appeal with the Board's regional or field office which has responsibility for the geographic area in which you are employed. See 5 C.F.R. Part 1201, Appendix II.

**WHEN TO FILE AN APPEAL:** Your appeal must be filed during the period beginning with the day after the effective date of the action you are appealing and ending on the 30th day after the effective date. You may not file your appeal before the effective date of the action you are appealing. If you are appealing from a decision which does not set an effective date, you must file within 35 days of the date of the decision you are appealing. If your appeal is late, it may be dismissed as untimely. The date of the filing is the date your appeal is postmarked, the date of the facsimile transmission, the date it is delivered to a commercial overnight delivery service, or the date of receipt if you personally deliver it to the regional or field office.

**HOW TO FILE AN APPEAL:** You may file your appeal by mail, by facsimile, by commercial overnight delivery, or by personal delivery. You must submit two copies of both your appeal and all attachments. You may supplement your response to any question on separate sheets of paper, but if you do, please put your name and address at the top of each additional page. All of your submissions must be legible and on 8 1/2" x 11" paper. **Your appeal must contain your or your representative's signature in block 6. If it does not, your appeal will be rejected and returned to you. If your representative signs block 6, you must sign block 11 or submit a separate written designation of representative.**

**WHISTLEBLOWING APPEAL/STAY REQUEST:** If you believe the action you are appealing was threatened, proposed, taken, or not taken because of whistleblowing activities, **you must complete Part VII of this form. If you are requesting a stay, you must complete Part VIII of this form.**

*Privacy Act Statement:* This form requests personal information which is relevant and necessary to reach a decision in your appeal. The U.S. Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the U.S. Merit Systems Protection Board with all the information essential to reach a decision in your case could result in the rejection of your appeal.

The U.S. Merit Systems Protection Board is authorized under provisions of Executive Order 9397, dated November 22, 1943, to request your Social Security number, but providing your Social Security number is voluntary and failure to provide it will not result in the rejection of your appeal. Your Social Security number will only be used for identification purposes in the processing of your appeal.

You should know that the decisions of the U.S. Merit Systems Protection Board on appeals are final administrative decisions and, as such, are available to the public under the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be released as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a data base for program statistics.

*Public Reporting Burden:* The public reporting burden for this collection of information is estimated to vary from 20 minutes to 1 hour, with an average of 30 minutes per response, including time for reviewing the form, searching existing data sources, gathering the data necessary, and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to the Office of Planning and Resource Management Services, Merit Systems Protection Board, 1120 Vermont Ave., NW., Washington, DC 20419.

### Part I Appellant Identification

**1. Name** *(last, first, middle initial)*
KATHY M. MELZER

**2. Social Security Number**
(b)(6)    (b)(6)

**3. Present address** *(number and street, city, state, and ZIP code)* You must notify the Board of any change of address or telephone number while the appeal is pending with the MSPB.
1444 W. WALTON, NO. 3
CHICAGO, IL 60622

MERIT SYSTEMS PROTECTION BOARD RECEIVED NOV 2 7 2002 CENTRAL REGION CHICAGO, ILLINOIS

**4. Home phone** *(include area code)*
773-486-5653

**5. Office phone** *(include area code)*

**6.** I certify that all of the statements made in this appeal are true, complete, and correct to the best of my knowledge and belief.

**Signature of appellant or designated representative**
Kathy M. Melzer

**Date signed**
11/25/02

Previous editions obsolete

Optional Form 283 (Rev 10/94)

## Part II Designation of Representative

7. You may represent yourself in this appeal, or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, if you so desire, but **you must notify the Board promptly of any change.** Where circumstances require, a separate designation of representative may be submitted after the original filing. Include the information requested in blocks 7 through 11.

"I hereby designate _____ to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. I understand that any limitation on this settlement authority must be filed in writing with the Board."

| 8. Representative's address (number and street, city, state, and ZIP code). | 9. Representative's employer |
|---|---|
| Rick Allan White<br>77 W. Washington St., Suite 707<br>Chicago, IL 60602 | SELF |
| | 10.a) Representative's telephone number (include area code)<br>(312) 236-0950 |
| | 10.b) Representative's facsimile number<br>(312) 236-4657 |

| 11. Appellant's signature | Date |
|---|---|
| Kathy M. Miller | 11/25/02 |

## Part III Appealed Action

12. Briefly describe the **agency action** you wish to appeal and attach the proposal letter and decision letter. If you are appealing a decision relating to the denial of retirement benefits, attach a copy of OPM's **reconsideration decision**. If the relevant SF-50 or its equivalent is available, send it now; however, do NOT delay filing your appeal because of it. You may submit the SF-50 when it becomes available. Later in the proceeding, you will be afforded an opportunity to submit detailed evidence in support of your appeal.

Removal

| 13. Name and address of the agency that took the action you are appealing (including bureau or other divisions, as well as street address, city, state and ZIP code) | 14. Your position title and duty station at the time of the action appealed |
|---|---|
| Department of Justice, Bureau of Prisons<br>71 W. Van Buren<br>Chicago, IL 60607 | Metropolitan Correctional Center, 71 W. Van Buren, Chicago, IL |

| 15. Grade at time of the action appealed | 16. Salary at the time of the action appealed | 17. Are you a veteran and/or entitled to the employment rights of a veteran? |
|---|---|---|
| GS-11, Step 7 | $60,000 per year (approx) | ☐ Yes  ☒ No |

| 18. Employment status at the time of the action appealed | 19. If retired, date of retirement (month, day, year) | 20. Type of service |
|---|---|---|
| ☐ Temporary  ☐ Applicant  ☐ Retired<br>☒ Permanent  ☐ Term  ☐ Seasonal | | ☐ Competitive  ☐ SES<br>☐ Excepted  ☐ Postal Service<br>☐ Foreign Service |

| 21. Length of government service | 22. Length of service with acting agency | 23. Were you serving a probationary or trial period at the time of the action appealed? |
|---|---|---|
| 8 years - in July - (permt) | 8 years | ☐ Yes  ☒ No |

| 24. Date you received written notice of the proposed action (month, day, year) (attach a copy) | 25. Date you received the final decision notice (month, day, year) (attach a copy) | 26. Effective date of the action appealed (month, day, year) |
|---|---|---|
| 6/6/02  Ex #1 | 11/12/02  Ex #2 | 11/20/02 |

| | |
|---|---|
| 27. Explain briefly why you think the agency was wrong in taking this action. <br><br> INSUFFICIENT FACTUAL BASIS, TOOK REMOVAL ACTION ON BASICALLY AN SINGLE PERFORMANCE BASED ISSUE - After years of excellent performance - Not a chapter 75 action - | |
| 28. Do you believe the penalty imposed by the agency was too harsh? <br><br> ☒ Yes   ☐ No <br> No Penalty warranted | 29. What action would you like the Board to take on this case (i.e., what remedy are you asking for)? Reversal, reinstatement, back pay, other benefits reinstated, award of attorney's fees. |

**Part IV Appellant's Defenses**

| | |
|---|---|
| 30.a) Do you believe the agency committed harmful procedural error(s)? <br><br> ☒ Yes   ☐ No | 30.b) If so, what is (are) the error(s)? <br><br> Incident NOT MISCONDUCT. AT MOST A performance based issue - must follow chapter 43 procedure, not chapter 75 |
| 30.c) Explain how you were harmed by the error(s). Also delay of agency has resulted in death of/or unavailability of witnesses <br><br> Would not have been disciplined under Chapter 43, Witnesses are not available for hearing | |
| 31.a) Do you believe that the action you are appealing violated the law? <br><br> ☒ Yes   ☐ No | 31.b) If so, what law? <br><br> Chapter 43 and 75 procedures. |
| 31.c) How was it violated? <br><br> Chapter 43 procedures not followed. | |

| |
|---|
| 32.a) If you believe you were discriminated against by the agency, **in connection with the matter appealed**, because of your race, color, religion, sex, national origin, marital status, political affiliation, disability, or age, indicate so and explain why you believe it to be true. <br><br> N/A |
| 32.b) Have you filed a **formal** discrimination complaint with your agency or any other agency concerning the matter which you are seeking to appeal?    ☐ Yes (attach a copy)   ☐ No |

| | |
|---|---|
| 32.c) If yes, place filed (*agency, number and street, city, state, and ZIP code*) | 32.d) Date filed (*month, day, year*) |
| | 32.e) Has a decision been issued? <br> ☐ Yes (attach a copy)   ☐ No |

Optional Form 283 (Rev 10/94)
MSPB

| 33.a) Have you, or anyone in your beha[lf fi]led a formal grievance with your agency concerning this matter, under a negotiated grievance procedure provided by a collective bargaining agreement?<br><br>☐ Yes (attach a copy)   ☐ No   Not sure — don't think so. | 33[.b)] Date filed (month, day, year) |
|---|---|
| 33.c) If yes, place filed (agency, number and street, city, state, and ZIP code) | 33.d) Has a decision been issued?<br><br>☐ Yes (attach a copy)   ☐ No<br><br>33.e) If yes, date issued (month, day, year) |

### Part V Hearing

34. You may have a right to a hearing on this appeal. If you do not want a hearing, the Board will make its decision on the basis of the documents you and the agency submit, after providing you and the agency with an opportunity to submit additional documents.

**Do you want a hearing?**   ☒ Yes      ☐ No

If you choose to have a hearing, the Board will notify you where and when it is to be held.

### Part VI Reduction In Force

**INSTRUCTIONS**

**Fill out this part only if you are appealing from a Reduction in Force.** Your agency's personnel office can furnish you with most of the information requested below.

| 35. Retention group and sub-group | 36. Service computation date | 37.a) Has your agency offered you another position rather than separating you?<br><br>☐ Yes   ☐ No |
|---|---|---|
| 37.b) Title of position offered | 37.c) Grade of position offered | 37.d) Salary of position offered<br><br>$          per |
| 37.e) Location of position offered | | 37.f) Did you accept this position?<br><br>☐ Yes   ☐ No |

38. Explain why you think you should not have been affected by the Reduction In Force. (Explanations could include: you were placed in the wrong retention group or sub-group; an error was made in the computation of your service computation date; competitive area was too narrow; improperly reached for separation from competitive level; an exception was made to the regular order of selection; the required number of days notice was not given; you believe you have assignment [bump or retreat] rights; or any other reasons. Please provide as much information as possible regarding each reason.)

| Part VII Whistleblowing Activity |
|---|
| **INSTRUCTIONS**<br>Complete Parts VII and VIII of this form only if you believe the action you are appealing is based on whistleblowing activities. |

| 39.a) Have you disclosed information that evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety?<br><br>☐ Yes *(attach a copy or summary of disclosure)* ☐ No | 39.b) If yes, provide the name, title, and office address of the person to whom the disclosure was made |
|---|---|

39.c) Date the disclosure was made *(month, day, year)*

40. If you believe the action you are appealing was... *(please check appropriate box)*

☐ *Threatened*    ☐ *Proposed*

☐ *Taken*    ☐ *Not Taken*

...because of a disclosure evidencing a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety, provide:

a) a chronology of facts concerning the action appealed; and

b) explain why you believe the action was based on whistleblowing activity and attach a copy of any documentary evidence which supports your statement.

Optional Form 283 (Rev 10/94)

| | |
|---|---|
| 41.a) Have you sought corrective action from the Office of Special Counsel concerning the action which you are appealing?<br><br>☐ Yes *(attach a copy of your request to the Office of Special Counsel for corrective action)*    ☒ No | 41.b) If yes, date(s) filed *(month, day, year)* |
| 41.c) Place filed *(location, number and street, city, state, and ZIP code)* | |
| 42. Have you received a written notice of your right to file this appeal from the Office of Special Counsel?<br>☐ Yes *(attach a copy)*    ☐ No | |
| 43.a) Have you already requested a stay from the Board of the action you are seeking to appeal?<br><br>☐ Yes *(attach a copy)*    ☐ No | 43.b) If yes, date requested *(month, day, year)* |
| 43.c) Place filed *(location, number and street, city, state, and ZIP code)* | 43.d) Has there been a decision?<br><br>☐ Yes *(attach a copy)*    ☐ No |

## Part VIII Stay Request

### INSTRUCTIONS

You may request a stay of a personnel action allegedly based on whistleblowing at any time after you become eligible to file an appeal with the Board under 5 C.F.R. 1209.5, but no later than the time limit set for the close of discovery in the appeal. The stay request may be filed prior to, simultaneous with, or after the filing of an appeal. When you file a stay request with the Board, you must simultaneously serve it upon the agency's local servicing personnel office or the agency's designated representative. 5 C.F.R 1209.8.

If your stay request is being filed prior to filing an appeal with the Board, you must complete Parts I and II and items 41 through 43 above.

44. On separate sheets of paper, please provide the following. Please put your name and address at the top of each page.

   a. A chronology of facts, including a description of the disclosure and the action taken by the agency (unless you have already supplied this information in Part VII above).

   b. Evidence and/or argument demonstrating that the:

   (1) action threatened, proposed, taken, or not taken is a personnel action, as defined in 5 C.F.R. 1209.4(a); and

   (2) action complained of was based on whistleblowing, as defined in 5 C.F.R. 1209.4(b) (unless you have already supplied this information in Part VII above).

   c. Evidence and/or argument demonstrating that there is a substantial likelihood that you will prevail on the merits of your appeal of the personnel action.

   d. Documentary evidence that supports your stay request.

   e. Evidence and/or argument addressing how long the stay should remain in effect.

   f. Certificate of service specifying how and when the stay request was served on the agency.

   g. You **may** provide evidence and/or argument concerning whether a stay would impose extreme hardship on the agency.

Optional Form 283 (Rev 10/94)
MSPB
5 CFR 1201 and 1209