UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRISON LEGAL NEWS,<br><br>                    Plaintiff,<br><br>v.<br><br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS.<br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 05-1812 (RBW)<br>)<br>)<br>)<br>) |

## DECLARATION OF WILSON J. MOORER

### I. INTRODUCTION

I, Wilson J. Moorer, do hereby declare and state the following:

1. I am currently a Paralegal Specialist at the Federal Bureau of Prisons (BOP), Office of General Counsel, Freedom of Information Act (FOIA) Section, Washington, D.C. I have been employed in this position since April 2003; however, I have been employed with the Bureau of Prisons since July of 1988. My duties include assisting the Chief, Freedom of Information Act/Privacy Act Section and Freedom of Information Administrator in the review and possible release of information requested from the Bureau of Prisons via the Freedom of Information Act.

2. Based on my position and experience, I am familiar with the procedures utilized by BOP in responding to such FOIA requests. This declaration is being provided in response to Plaintiff's Memoranda In Support Of Plaintiff's Motion For Judgment.

1

## II. FACTUAL CHRONOLOGY

3. Plaintiff's August 6, 2003 FOIA request sought the following information: "a copy of all documents showing all money paid by the BOP for lawsuits and claims against it. This is all funds paid out to claimants/litigants between January 1, 1996 through and including July 31, 2003. I am requesting a copy of the verdict, settlement or claim in each case showing the dollar amount paid, the identity of the plaintiff/claimant and the legal identifying information for each lawsuit or claim or attorney fee award. I am also requesting a copy of the complaint (if it was a lawsuit) or the claim (if it was not) in each incident which describes the facts underlying each lawsuit and claim."

4. Plaintiff's FOIA Request was assigned FOIA Request Number 2003-08557. The Bureau of Prisons (BOP) conducted its search for the documents by forwarding a copy of Plaintiff's FOIA Request to the appropriate sections of the BOP to include, but not limited to: all branches of the Office of General Counsel which consists of Commercial Law, Discrimination Complaints and Ethics (which encompasses Equal Employment Opportunity), Labor Law, Legal Administrative Branch, Legislative and Correctional Issues Branch, Litigation Branch, and Real Estate and Environmental Branch.

5. A copy of the request was also forwarded to the six (6) BOP Regional Offices, the Administrative Division of the BOP (which consists of Contracts) and the Labor Management Relations Branch. Each section/branch was instructed to identify any/all documents that were responsive to the FOIA Request.

6. In response to plaintiff's request, the BOP FOIA Office searched, gathered, reviewed, and released 11,461 pages of information to the Plaintiff. The requested information was released to the Plaintiff between May 4, 2007 and October 31, 2007. There were six (6) releases of documents to plaintiff, which contained non-redacted and redacted information as described below.

### III. EXEMPTIONS

<u>First Release -May 4, 2007</u>

7. In a letter, dated May 4, 2007 BOP informed plaintiff of its release of 594 pages of responsive documents. These pages were searched, reviewed, redacted and released in the following manner:

a. The Litigation Branch identified and provided copies of the documents found to be responsive to this request. This Branch located 27 pages of documents, of which 10 pages were released in their entirety; however, portions of the remaining 17 pages were redacted pursuant to 5 U.S.C. §552(b)(6) and (b)(7)(C).

b. The Real Estate and Environmental Branch researched and located all records relating to this request. They searched their records for the time period January 1996 to July 2003 and found all responsive documents. This search yielded 99 pages of documents that were released in their entirety to plaintiff.

c. The Commercial law Branch completed their initial search of their documents data base to find the files they believed were responsive to this request. They did not find any files/documents that were responsive to this action. Their second search consisted of conducting a file by file search of the files from 1996 to 2003 to verify the accuracy of

3

their data base, which also produced no responsive documents.

d. The Discrimination Complaints and Ethics Branch (which encompasses Equal Employment Opportunity) identified documents contained in their archived files from 1996 to 2003. The total of 468 pages of responsive documents were found, of which 79 pages were released in their entirety; however, portions of the remaining 389 pages were redacted pursuant to 5 U.S.C. §552(b)(2)Low; (b)(6); and (b)(7)(C).

8. Exemption (b)(2)Low exempts from mandatory disclosure records relating solely to the internal personnel rules and practices of an agency. The types of records redacted with this exemption included the internal numbering system used by the EEOC, the Agency, and the BOP to categorize their cases and the various telephone numbers used by the BOP at its numerous institutions. This information, redacted under Exemption (b)(2), pertains entirely to internal rules of the BOP and EEOC.

9. Exemption (b)(6) exempts personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The types of records redacted in this release included: Personal and private information of BOP staff and non-BOP staff.

10. Exemption (b)(7)(C) provides for the withholding of records or information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The types of records redacted in this release included: Documents provided to the plaintiff because the documents consisted of names of staff members, staff statements, names of inmates, and conclusions drawn from completed investigations.

Second Release- May 25, 2007

11. In a letter dated, May 25, 2007, BOP informed plaintiff of its release of 1,965 pages of responsive pages. These pages were searched, reviewed, released, and redacted in the following manner:

a. The Mid-Atlantic Regional Office (MARO) identified and requested the administrative tort claims and litigation files responsive to this request from the various National Archive Centers and reviewed the documents. This search yielded 388 pages of documents responsive to this request of which 202 pages were released to plaintiff in their entirety; however, portions of the remaining 186 pages were redacted pursuant to 5 U.S.C. §552(b)(2)Low; (b)(5); (b)(6); and (b)(7)(C).

b. The South East Regional Office (SERO) identified and requested the administrative tort claims and litigation files responsive to this request from the National Archive Center. This search yielded 309 pages of documents responsive to this request of which 234 pages were released to plaintiff in their entirety; however, portions of the remaining 75 pages were redacted pursuant to 5 U.S.C. §552(b)(2)Low; (b)(6); and (b)(7)(C).

c. The North Central Regional Office (NCRO) identified all the relevant documents that are responsive to this action archived at the Federal Records Center. The NCRO Legal staff reviewed, copied, and forwarded the responsive documents to the FOIA Office North Central Regional Office. That search yielded 1,268 pages of documents responsive to this request, of which 960 pages were released to plaintiff in their entirety; however, portions of the remaining 308 pages were redacted pursuant to 5 U.S.C. §552(b)(2)Low; (b)(5); (b)(6); and (b)(7)(C).

12. Exemption (b)(2)Low exempts from mandatory disclosure records relating solely to the internal personnel rules and practices of an agency. The types of records redacted with this exemption included the internal numbering system used by the BOP to categorize their civil cases. The exemption was also used to redact certain banking information that would reveal account numbers and routing numbers, the various telephone numbers used by the BOP at its numerous institutions and the personal telephone numbers of BOP staff and non-BOP staff. This information, redacted pursuant to Exemption (b)(2), pertains entirely to internal rules of the BOP.

13. Exemption (b)(5) allows exemption of information intended for staff use only the disclosure of which would tend to inhibit frank communication between prison officials or correspondence that is speculative or deliberative in nature. The types of records redacted with this exemption included Attorney-client communication considered to be privileged that was communicated between BOP Attorneys/staff and staff of the US Attorney's Office and other staff. These records include staff statements given for Federal Administrative Tort Claims and information shared during the investigation of claims against the BOP.

14. Exemption (b)(6) exempts personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The types of records redacted in this release included: Personal and private information of BOP staff and non-BOP staff.

15. Exemption (b)(7)(C) provide for the withholding of records or information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The types of records redacted in this release included: Documents which consisted of names of staff members, staff statements, names of inmates, and conclusions

drawn from completed investigations.

Third Release- July 30, 2007

16. In a letter, dated July 30, 2007, the BOP informed plaintiff of its release of 900 pages from the North East Regional Office (NERO), which identified the administrative tort claims that were responsive to this request. These files along with the litigation files that were identified were requested from the National Archive Center. Once the files were received, the NERO Legal staff reviewed, copied, and forwarded the responsive documents to the FOIA Office. After a careful review, the NERO staff determined 392 pages be released in their entirety to plaintiff; however, portions of the remaining 508 pages are being redacted pursuant to 5 U.S.C. §552(b)(6) and (b)(7)(C).

17. Exemption (b)(6) exempts personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The types of records redacted in this release included: Personal and private information of BOP staff and non-BOP staff.

18. Exemption (b)(7)(C) provide for the withholding of records or information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The types of records redacted in this release included: Documents which consisted of names of staff members, staff statements, names of inmates, and conclusions drawn from completed investigations

Fourth Release- August 17, 2007

19. In a letter, dated August 17, 2007, the BOP informed plaintiff of its fourth partial release of the documents determined to be responsive to this request. This partial release was

similarly produced via electronic format (e-mail). This partial release contained responsive documents from the Bureau of Prisons South Central Regional Office (SCRO).

    a.    The South Central Regional Office identified, reviewed, and copied the responsive documents from 2002 and 2003. The remaining responsive documents from 1996 to 2001 were requested from the Federal Records Center reviewed, copied, and forwarded to the FOIA Office. This search yielded 1,026 pages. After a careful review, it was determined that 393 pages could be released to plaintiff in their entirety; however, portions of the remaining 633 pages were redacted pursuant to 5 U.S.C. §552(b)(6) and (b)(7)(C).

20. Exemption (b)(6) exempts personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The types of records redacted in this release included: Personal and private information of BOP staff and non-BOP staff.

21. Exemption (b)(7)(C) provide for the withholding of records or information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The types of records redacted in this release included: Documents which consisted of names of staff members, staff statements, names of inmates, and conclusions drawn from completed investigations

Fifth Release- October 15, 2007

22. In a letter dated, October 15, 2007, the BOP released 2,502 responsive pages. It was determined that 1,720 responsive pages could be released to plaintiff in their entirety; however,

8

portions of the remaining 782 pages were redacted pursuant to 5 U.S.C. §552(b)(6) and (b)(7)(C).

23. Exemption (b)(6) exempts personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The types of records redacted in this release included: Personal and private information of BOP staff and non-BOP staff.

24. Exemption (b)(7)(C) provide for the withholding of records or information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The types of records redacted in this release included: Documents which consisted of names of staff members, staff statements, names of inmates, and conclusions drawn from completed investigations.

Final Release- October 30, 2007

25. In a letter dated, October 30, 2007, the BOP informed the plaintiff of its final release of documents for this FOIA request. The total amount of pages released was 4,474 pages. After a careful review, 4,474 pages of information were released and redacted in the following manner:

a. The Labor Management Relations Branch identified files responsive to the request, and forwarded the files to the FOIA Office. This search yielded 2,181 pages of documents responsive to this request of which 2,108 pages were released to plaintiff in their entirety; however, portions of the remaining 73 pages were redacted pursuant to 5 U.S.C. §552(b)(6).

b. The Labor Law Branch, which consists of offices in Washington, DC; Kansas City, KS; Phoenix, AZ; Dallas, TX; and Atlanta, GA received, identified, and reviewed the files responsive to this action. That search yielded 2,293 pages of responsive documents of which

2,271 pages were released to plaintiff in their entirety; however, portions of the remaining 22 pages are being redacted pursuant to 5 U.S.C. §552(b)(6).

26. Exemption (b)(6) exempts personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The types of records redacted in this release included: Personal and private information of BOP staff and non-BOP staff.

27. Plaintiff's Memoranda In Support Of Plaintiff's Motion For Judgment provides examples of only a small portion of the 11,461 pages of documents released to the Plaintiff in response to this FOIA request. The redactions that were taken in each of the releases consisted of redactions of the name of the complainant, the complainant's address, the EEOC case number and agency case number. Other redactions were of information relating to the core of the EEO complaint and the corrective action requested. Due to the nature and status of these records the proper exemptions, 5 U.S.C. §552 (b)(2)Low; (b)(5); (b)(6); and (b)(7)(C ) were made.

28. The redactions taken in the releases to the Plaintiff were redactions consisting largely of the names, address, social security numbers, and in some cases personal information of the BOP staff members and non-BOP staff members. Each redaction that was taken was in accordance with and pursuant to the Freedom of Information Act and the exemptions permitted within 5 U.S.C. §552 (b)(2)Low; (b)(5); (b)(6); and (b)(7)(C ).

29. A review of the 11,461 documents provided to the Plaintiff, reveals that the redactions taken on the first initial release of records were more restrictive then the later releases that were made to the Plaintiff because of the classifications of the documents and the complexity of the information contained in those documents.

30. The BOP has provided all information responsive to Plaintiff's request and the redactions taken were in accordance with and pursuant to the listed exemptions.

## IV. SEGREGABILITY

31. As described above, no reasonably segregable non-exempt portions were withheld from Plaintiff. Accordingly, all redacted information was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying protected material. All documents which relate to plaintiff's requests were processed to achieve maximum disclosure consistent with the provisions of the FOIA

I declare under the penalty of perjury, pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this __11__ day of July 2008, at Washington, D.C.

Wilson J. Moorer
Paralegal Specialist
Federal Bureau of Prisons
Washington, D.C.