UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Prison Legal News,<br><br>    Plaintiff,<br><br>        v.<br><br>Harley G. Lappin, Director,<br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendant. | Civil Action No. 05-1812 (RBW) |

**PLAINTIFF'S REPLY AND OPPOSITION TO
DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION
TO PLAINTIFF'S MOTION FOR JUDGMENT**

Plaintiff Prison Legal News (PLN), through counsel, respectfully submits this reply and opposition to the Defendant Bureau of Prisons' (BOP's) Opposition to Plaintiff's Motion for Judgment and Cross-Motion for Summary Judgment. The Defendant's motion should be rejected. The BOP has failed to show that it conducted a sufficient search, or that the information it has withheld falls within the allowed exemptions of the Freedom of Information Act, 5 U.S.C. §552 *et seq.* (FOIA). PLN's Motion for Judgment should be granted. PLN has demonstrated that the BOP has not conducted a proper search and has improperly withheld requested information. The BOP has produced no convincing evidence or argument to rebut PLN's motion. Pursuant to Local Rules, an opposition to the Defendant's statement of material facts and a proposed order accompany this opposition and reply.

### I. ARGUMENT

**A.  The Moorer Affidavit Fails to Support the BOP's Case.**

    1.    <u>The Moorer Affidavit Cannot Support The Sufficiency of the BOP's Search</u>

The Declaration of Wilson J. Moorer is insufficient to support a claim that the agency performed an adequate search. Mr. Moorer states that he forwarded copies of PLN'S FOIA

request to branches of the Office of General Counsel, Administrative Division, Labor-Management Branch and six regional offices of the BOP. Declaration of Wilson J. Moorer (Moorer Dec.) at ¶¶4-5. These sub-units of the BOP then conducted searches of their files. Moorer Dec. at ¶¶7, 25. Some parts of the BOP requested documents from archives or other records centers. Moorer Dec. at ¶¶11, 16, 19. The BOP FOIA office then reviewed, redacted and released the documents provided by other offices. Moorer Dec. at ¶6.

The affidavit fails to establish that the BOP conducted an adequate search. Affidavits submitted in support of a motion for summary judgment must be based on personal knowledge. Federal Rule of Civil Procedure 56(e)(1). Mr. Moorer does not indicate that he conducted the searches himself, or that he directly supervised the individuals who did. He cannot claim, and does not claim, personal knowledge of the means by which the searches were conducted, or their thoroughness. Therefore, Mr. Moorer lacks sufficient knowledge to show the BOP conducted any reasonable search.

The Moorer Declaration does not show that the search was "reasonably calculated to uncover all relevant documents." Mr. Moorer's declaration only shows that he requested searches and received the results of the searches conducted by other offices. Merely requesting a search and receiving some results is not sufficient. Antonelli v. ATF, No. 04-1180, 2005 WL 3276222, at *11 (D.D.C. 2005).

The BOP's declaration also fails to provide the court with enough information about the searches to allow an assessment of their sufficiency. The Moorer declaration repeatedly refers to "records," data bases or "archived files" searched by the BOP. Moorer Dec. ¶¶7, 11, 16, 19(a), 25. However, the BOP does not describe the records maintained, the nature of the records or databases searched or the methods used to conduct most of the searches. Courts have required at least this level of detail to support the adequacy of an agency's search. *See*, Gilchrist v. Dep't of

2

Justice, No. 05-1540, 2006 WL 463257, at *3 (D.D.C. 2006). PLN further notes that the BOP fails to provide any statements supporting the adequacy of searches related to the fourth release, dated August 17, 2007. The BOP's failure to provide details about the types of files maintained or the methods used to conduct searches demonstrates the inadequacy of the BOP's response to PLN's FOIA request.

The BOP's attempt to demonstrate the adequacy of its search fails in three ways. The BOP's arguments are not supported by affidavits based on personal knowledge, the declaration provided describes only a cursory search, and the BOP does not describe the records searched or the means used to conduct the search. The BOP's failure justifies granting PLN's motion for judgment, and denying the BOP's motion for summary judgment.

    2.    <u>The Moorer Affidavit Cannot Support Segregability Arguments</u>

The Moorer Declaration also fails to support the BOP's claims that it provided all reasonably segregable portions of the provided documents. Mr. Moorer states that,

> "[N]o reasonably segregable non-exempt portions were withheld from Plaintiff. Accordingly, all redacted information was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying protected material."

Moorer Dec. ¶31. Agency declarations that provide only blanket declarations of non-segregabilty are insufficient. <u>The Wilderness Society v. Dept. of the Interior</u>, 344 F. Supp. 2d 1, 19 (D.D.C. 2004). Mr. Moorer provides no information about or reference to any specific documents that might have been subjected to a segregabilty analysis. Mr. Moorer's declaration also fails to provide the required description of the factual materials within these documents that could support a segregability determination. <u>Id</u>. PLN has identified numerous documents that could contain segregable information. Specifically, the BOP has redacted statements of facts from numerous documents. *See*, Plaintiff's Motion for Judgment, Exhibits 1-3, 1-4, 2-2, 2-3 and

3

6-3. These exhibits are only examples of the many segregability issues raised by the BOP's redactions. Other documents may also contain segregable information. These facts justify this court ordering the BOP to produce complete, unredacted copies of these documents in response to PLN's FOIA request.

**B.     The Agency Has Provided No Lawful Justification For Invocation Of FOIA Exemptions**

      1.     <u>Redactions Under Exemption 2 Have Not Been Justified</u>

The BOP has failed to justify the exemptions claimed under 5 U.S.C. §552(b)(2) (Exemption 2). The information the BOP claims it redacted pursuant to Exemption 2 includes EEOC and BOP case numbers, and telephone numbers. Moorer Dec. ¶¶8, 12.

The BOP characterizes the case file numbers as "internal numbering systems used by the EEOC, the Agency and the BOP." <u>Id</u>. The case numbers PLN seeks are not like the administrative markings" at issue in cases cited by the BOP. Case file numbers should not be withheld under Exemption 2. <u>Baltimore Sun v. U.S. Marshals Service</u>, 131 F. Supp. 2d. 725, 730 (D. MD. 2001).

The BOP's cites <u>Dorset v. U.S. Dept of Treasury</u>, 307 F.Supp.2d 28 (D.D.C., 2004), and <u>Coleman v. FBI</u>, 13 F. Supp. 2d 75 (D.D.C. 1998) in support of its exemption claims. This court should reject Agency arguments based on these cases. Both cases are distinguishable.

<u>Dorset</u> involved the withholding of "an internal investigation document used by the Secret Service to analyze and profile factual information concerning individuals who have come to the attention of the Secret Service as having a direction of interest toward a Secret Service protectee…." <u>Dorset</u>, *supra*, at 36. The Treasury Department claimed a "high 2" exemption for this material. *Id*. The BOP does not claim a "high 2" exemption for any material. The standards and reasons for "low 2" and "high 2" exemptions are different. *See*, <u>Schiller v. NLRB</u>, 964 F.2d 1205, 1207 (D.C. Cir. 1992). The BOP cannot use <u>Dorset</u> to justify its "low 2" exemptions.

4

Coleman involved redaction of FBI source symbols and file numbers used to "organize a filing system without using the name of the individuals within the files." Coleman, *supra*, at 79. This case is clearly distinguishable. The filing designations withheld in Coleman were purely internal and "shelter(ed) from identification confidential informants who relay information to the FBI on a regular basis." In contrast, the information requested by PLN is commonly used to track cases released to the public through the internet, court clerks, and other media.

The use of the requested information to track and access public information records makes it highly useful to news organizations like PLN. Case numbers and party names are the primary means agencies and the public use to identify these cases. Without case numbers, cases cannot be identified, tracked or even located by legal professionals, researchers, reporters, or other members of the public.

The EEOC routinely prints both its own case numbers and agency case numbers on the headers of its published case decisions. *See*, e.g., Exhibit 1, at 1, header for Sheila R. Hendley v. Janet Reno, EEOC Appeal No. 01974582, Agency Nos. P-95-8649, Hearing No. ▬▬▬▬X, printed from the EEOC's web site (http://www.eeoc.gov/decisions/01974582). Similar case numbers are routinely published by other government agencies, and commercial publishers. This further demonstrates how disclosure of this information would allow PLN and other researchers to "connect the dots" between internal BOP documents and other publicly available information.

If the BOP is allowed to withhold this key information, the disclosures that have been made become much less useful. Without case numbers or party names individual documents are left as isolated pieces of information that could not be linked to larger patterns. Allowing the BOP to withhold this information will deny the public the ability to understand what is going on within the government. This defeats the purpose of the FOIA.

The BOP claims that disclosure of case numbers "would impair (the BOP's) ability to conduct agency business."  The BOP further claims that "disclosure of these file numbers could assist third parties in deciphering internal administrative information regarding third parties, which could potentially assist unauthorized parties in gaining improper access to internal systems and enable them to review that information."  Defendant's Cross Motion at 17-18.  This argument is pure speculation.  The BOP presents no evidence describing how routinely published case or telephone numbers could disrupt agency operations or allow access to "internal systems."  The BOP's arguments should be rejected.

    2.    <u>Redactions Under Exemption 5 Are Not Supported</u>

The BOP has failed to justify the exemptions claimed under 5 U.S.C. §552(b)(5) (Exemption 5).  The BOP attempts to characterize its redactions as documents subject to attorney-client privilege.  Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue And Opposition To Plaintiff's Statement Of Material Facts, at 5.  PLN contests this claim.  The BOP describes this information as "staff statements given for Federal Administrative Tort Claims and information shared during the investigation of claims against the BOP."  Moorer Dec. ¶13.  The Agency has also identified the information as "attorney-client communication between BOP attorneys/staff and staff of the US Attorney's Office and other BOP staff."

The BOP's arguments are insufficient to justify withholding this document.[1]  The Defendant has provided no evidence to show that the redacted document satisfies the elements necessary to make a claim of attorney-client privilege.  Simply placing the words "attorney client privilege" on a document does not automatically make that document privileged.

---

[1] PLN is aware of only one document redacted pursuant to Exemption 5.  This document was provided as Exhibit 2-3 (Docket No. 49-10) of Plaintiff's Motion for Judgment and is provided again here as Exhibit 2.

6

The Supreme Court has held that the "protection of (attorney-client) privilege extends only to communications and not to facts." Upjohn Co. v. U.S., 449 U.S. 383, 395 (1981), (quoting Philadelphia v. Westinghouse Electric Corp., 205 F. Supp. 830, 831 (E.D.Pa. 1962)). A large portion of the redacted document is clearly labeled as a statement of the facts of the claim. Exhibit 2, at 7-8. Legal memoranda incorporated into a final agency decision are not exempt under the FOIA. *See*, Shermco Industries v. Secretary of the Air Force, 613 F.2d 1314, 1319-20, n.11 (5th Cir. 1980).

Legal memoranda that form the basis for a BOP decision to settle one of these claims should be disclosed. The memorandum in question was written by Kevin Walasinski. Exhibit 2 at 7. Mr. Walasinski was also the attorney who settled this claim. Id. at 1. The factual and legal analysis of the memoranda clearly led Mr. Walasinski to settle this claim. Memoranda that form the basis of agency final decisions are not exempt from disclosure under the FOIA. National Labor Relations Board v. Sears, 421 U.S. 132, 158 (1975).

The Agency bears the burden to produce evidence that the exemption is justified. 5 U.S.C. §552(a)(4)(B). PLN has shown that Exhibit 2 is subject to disclosure as a post-decisional memoranda. The BOP has provided only general statements regarding the contents of this document. This is insufficient to support withholding information. The BOP's failure to provide sufficient information to support redaction justifies ordering disclosure of this document. The BOP's summary judgment motion must also fail.

3.      Redactions Under Exemption 6 Have Not Been Justified

The BOP has failed to justify the exemptions claimed under 5 U.S.C. §552(b)(6) (Exemption 6). The BOP asserts that the information withheld under Exemption 6 is "personal and private information of BOP staff and non-BOP staff." Moorer Dec. ¶¶9, 14, 17, 20, 23. The BOP further argues that the information "can be identified as applying to a particular individual"

7

and "the information withheld consists of the EEOC files and information obtained for litigation including the personal identifying information of individuals." Memorandum of Points and Authorities in Support of Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Judgment (Def. Memoranda) at 21-22. The BOP points out that Exemption 6 requires a balancing of an identifiable privacy interest and the public's right of access to information. Id. Finally, the BOP argues that it has properly invoked exemption b(6). Id. at 22.

The BOP's arguments must fail because the BOP does not demonstrate how the balancing tests required by Exemption 6 justify its redactions. PLN explained in its Memoranda in Support of Plaintiff's Motion for Judgment (Plaintiff's Memoranda) how the files in question do not implicate privacy interests sufficient to justify withholding the requested information. In its opposition and cross motion, the BOP identifies no personal information justifying invocation of Exemption 6. The only information identified by the BOP is "the personal identifying information of individuals" connected with EEO and federal tort claims. Def. Memoranda, at 22. This is not the kind of "highly personal" information necessary to invoke Exemption 6. Claim files normally only contain only limited personal information connected to a particular claim or injury. The BOP has presented no evidence that these files are in any way exceptional.

The Supreme Court has held that privacy interests must be balanced against the FOIA's purpose to open agency action to public scrutiny. Department of the Air Force v. Rose, 425 U.S. 352, 372 (1976). The Court has noted that case files such as claims for veterans or welfare benefits containing personal information were not intended to be exempted from disclosure under the FOIA. Id. at 374, n. 12.

The BOP has failed to demonstrate that the balancing test favors withholding this information. PLN has already demonstrated that disclosure of this information is justified.

Plaintiff's Memoranda, at 11-12.  The BOP has failed to refute PLN's arguments.  This justifies granting PLN's Motion for Judgment and denying the BOP's Cross Motion for Summary Judgment.

    4.    <u>Redactions Under Exemption 7(C) Have Not Been Justified</u>

The BOP cannot justify withholding information under 5 U.S.C. §552(b)(7)(C) (Exemption 7(C)).  The BOP claims that "disclosure of certain identities would be an unwarranted invasion of their personal privacy.  There is no public interest to be served by releasing the identities of third parties from [these] internal law enforcement investigation[s]."  Defendant's Memo at 25 (citation omitted).

The BOP's claims are not reasonable.  PLN has demonstrated that there is a significant public interest in disclosing these documents.  Plaintiff's Memoranda, at 12-13.  The BOP cannot demonstrate a connection between its "law enforcement" duty to incarcerate federal prisoners and these investigations.  The BOP also fails to show that disclosure of this information constitutes an invasion of privacy sufficient to support withholding information.

PLN has demonstrated how the public interest would be served by disclosure of these documents.  <u>Id</u>.  PLN showed that the requested documents would allow researchers to fully assess each claim, recognize patterns and determine how well the BOP is or is not performing its duties.  <u>Id</u>.  The BOP has failed to produce evidence or argument rebutting PLN's arguments.

The BOP failed to demonstrate how EEO and tort claims constitute "law enforcement investigations" under FOIA.  These documents do not focus on any acts that could lead to civil or criminal sanctions against BOP employees.  Instead, these investigations concern the agency's supervision and monitoring of its own employees' activities.  These internal investigations are not considered "law enforcement investigations" under Exemption 7.  <u>Stern v. FBI</u>, 737 F. 2d 84, 89 (D.C. Cir. 1984).

The BOP fails to show how disclosure of these claims constitutes an unwarranted invasion of personal privacy. The BOP has not shown how any embarrassment or stigma would attach to release of any party's identity. The greatest privacy interests are found in investigations of criminal activity. *See*, Stern, supra, Ray v. FBI, 441 F. Supp 2d 27, 35 (D.D.C. 2006) None of the requested documents concern criminal activity. In light of the above facts and argument, this Court is justified in finding that the BOP has improperly invoked Exemption 7(C).

      6.      The BOP Has Not Explained Inconsistent Redactions

The BOP admits that redactions taken on the first release (May 4, 2007) were greater than in later releases. Moorer Dec. at ¶29. Mr. Moorer attempts to justify these differences by stating they were made "because of the classifications of the documents and the complexity of the information contained in those documents." Id.

This assertion is not credible. The BOP redacted identical information, e.g. names, addresses, names of witnesses, case numbers, and statements of facts, from some documents and left this information in others. PLN provided examples of these improper redactions in its Motion for Judgment. These documents show that the redactions were inconsistent. The BOP has failed to explain how these inconsistencies are justified.

PLN presented the inconsistent redactions using two examples. Motion for Judgment at 12. PLN demonstrated that the Western Regional Office had removed names and other identifying information from some documents and left this information in others. Id. Examples of these redactions are included as Exhibits 3 and 4.[2] PLN also contrasted differences in the

---

[2] These exhibits are the same documents included with Plaintiff's Motion for Judgment as Exhibits 5-2 and 5-3 respectively. They are included again here for the Court's convenience.

treatment of identifying information between the EEO Section and the Labor Law Branch. Id. Exhibits 5 and 6 illustrate these redactions.[3]

Exhibit 4 contains is a Standard Form 95. This form is used by third parties to submit claims to the government for personal injuries. The name and address on this form is not redacted. The claimant's personal information is also retained on letters, bills and other documents in this exhibit.

Exhibit 3 contains a DOJ Form 110. This form is used by employees of the BOP to submit claims to the government for personal injuries. The BOP redacted the name and address on this form, and similar information on other documents relating to this claim.

Form 95 and Form 110 serve the same purpose: to submit claims to the government. Each form requests the same kinds of personal information from claimants. Both claimants voluntarily divulged their names, addresses, and other information to obtain reimbursement for damages to their vehicles. BOP has offers no reasonable basis to distinguish between the two claims. The BOP's attempt to explain its inconsistent redactions should be given no weight.

Similar arguments apply to Exhibits 5 and 6. Exhibit 5 contains two documents: a settlement and a Form DOJ 201A, "Complaint of Discrimination." All identifying information including names, case numbers, statement of facts, and signatures have been redacted from both of these documents.

Exhibit 6 also contains a settlement agreement and an Optional Form 283, a form used to initiate an appeal before the Merit Systems Protection Board. Only social security numbers are redacted from these documents. Names, addresses, case numbers, signatures, and factual statements related to the appeal were retained on both the settlement agreement and the appeal form.

---

[3] These exhibits are the same documents included with Plaintiff's Motion for Judgment as Exhibits 1-3 and 6-2 respectively.

There is no reasonable basis to distinguish between the documents in these Exhibits 5 and 6. Both exhibits contain settlements stating the complainant's or appellant's names, addresses, and case numbers. Both forms request the claimant's personal information for the purpose of initiating proceedings against the government. In each case, factual statements are voluntarily provided to substantiate and categorize the claim. The BOP has offered no explanation sufficient to justify any distinction between these documents. The BOP should not be allowed to withhold this information.

Other documents could also serve to highlight the BOP's inconsistencies. *See e.g.*, Plaintiff's Motion for Judgment, Exhibit 1-2 (BOP redacted names but not claim numbers from a medical tort claim) and Exhibit 1-4 (BOP redacted names, case numbers, and pages of factual detail from EEO claim). The BOP's failure to provide a consistent or coherent standard to justify its redactions further justifies ordering the BOP to disclose all of the documents requested by PLN.

## CONCLUSION

No material facts are in dispute in this case. In light of the above facts and argument, PLN respectfully requests that the BOP's motion for summary judgment be denied, and PLN's motion for judgment be granted.

Respectfully submitted,

Date: September 8, 2008                                    _____/s/_____
                                                           Edward J. Elder, Esq.
                                                           1335 Taylor Street, NW
                                                           Washington, DC 20011
                                                           Phone: (202) 213-7240
                                                           Fax: (703) 519-0311
                                                           edelder@mindspring.com

                                                           Counsel for Plaintiff