Sheila R. Hendley v Department of Justice
01974582
November 25, 1998


Sheila R. Hendley,
 Appellant,

v.                          ) Appeal No.  01974582
                            ) Agency Nos. P-95-8649
Janet Reno,                 ) Hearing No. ▓▓▓▓▓▓▓3X
Attorney General,
Department of Justice,
 (Bureau of Prisons),
 Agency.

---

DECISION

On May 12, 1997, Sheila R. Hendley (appellant) timely appealed the
final decision of the Department of Justice (agency), dated April 14,
1997, concluding she had not been discriminated against in violation of
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e
et seq. and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791
et seq.  In her complaint, appellant had alleged that agency officials
discriminated against her on the bases of her sex (female), disabilities
(herniated disc disease and depression), and in reprisal for engaging in
protected EEO activity when, in November 1994, appellant was suspended for
five days for alleged inappropriate physical conduct with a coworker.<1>
This appeal is accepted in accordance with the provisions of EEOC Order
No. 960.001.

The record establishes that, at the time the events at issue occurred,
appellant was employed as an Inmate Systems Officer at the Inmate Systems
Management Department of the El Paso Federal Prison Camp.  While out
of work on an extended sick leave due to a work-related back injury
and severe depression, appellant, in July 1994, submitted a workers'
compensation claim in which she stated that her depression had been caused
by ongoing sexual harassment by a coworker.  This was apparently the first
time appellant had raise this claim with the agency.  Shortly thereafter,
agency management directed El Paso's Special Investigation Supervisor
(SIS) to conduct an investigation into appellant's charges of sexual
harassment. On October 4, 1994, after receiving the SIS's report
of his investigation into appellant's charges of sexual harassment,
the Associate Warden of Programs issued appellant a notice of proposed
ten-day suspension for engaging in inappropriate physical contact with a
coworker by "embracing, kissing and fondling each other while at work."
On November 14, 1994, after considering appellant's response to the
proposed suspension, the Warden reduced the penalty to a five-day
suspension.

On February 22, 1995, appellant filed a formal EEO complaint with
the agency alleging that the agency had discriminated against her as
referenced above.  The agency accepted the complaint and conducted
an investigation.  At the conclusion of the investigation, appellant
requested an administrative hearing before an Equal Employment Opportunity
Commission (EEOC) administrative judge (AJ).<2>

On February 11, 1997, the AJ issued a decision without a hearing,
pursuant to 29 C.F.R. §1614.109(e), concluding appellant had failed
to establish a violation of the Rehabilitation Act because there was
no showing of a connection between her disabilities and the agency's
decision to suspend her.  However, the AJ went on to find that the
weight of the evidence in this matter did establish that the agency

discriminated against appellant on the basis of her sex and/or retaliated against for engaging in protected EEO activity.<3> In reaching this finding, the AJ concluded that the evidence indicated that as a result of reporting sexual harassment, the agency "turned the tables and accused and condemned [appellant] of engaging in consensual sexual behavior inappropriate in the workplace." The AJ found that she did not have to determine whether or not appellant was actually harassed by her coworker. Rather, the AJ noted that the case turned "on the motives of the Agency in investigating the incident and concluding that disciplinary action was warranted." The AJ found that, from the outset, the investigation by the SIS was biased and targeted at appellant and not her allegations. The AJ noted serious flaws with the investigation, including the fact that no statement was taken from appellant, that no signed or sworn statements were taken from the other witnesses, and that appellant was never given the opportunity to challenge any of the allegations made against her. The AJ raised concerns about the "chilling effect upon the reporting of sexual harassment when, if the accuser cannot prove his or her allegations, that person can expect to be disciplined." The AJ concluded that the agency failed to provide appellant with a fair chance to prove her allegations in retaliation for having raised allegations of sexual harassment.

On April 14, 1997, the agency issued its final decision, rejecting the AJ's finding of sex and/or reprisal discrimination. It is from this decision that appellant now appeals.

After a careful review of the record in its entirety, the Commission finds that the AJ's recommended decision sets forth the relevant facts and properly analyzes the appropriate regulations, policies and laws. Based on the evidence of record, the Commission discerns no basis to disturb the AJ's finding of discrimination. Nothing proffered by agency in its final decision or on appeal differs significantly from the arguments raised before, and given full consideration by, the AJ. Accordingly, it is the decision of the Equal Employment Opportunity Commission to REVERSE the agency's final decision which rejected the AJ's finding of sex and/or reprisal discrimination. In order to remedy appellant for its discriminatory actions, the agency shall, comply with the following Order.

ORDER

The agency is ORDERED to take the following remedial action

(A) Within thirty (30) calendar days of the date this decision becomes final, the agency is directed to rescind the suspension at issue and expunge any reference to it from all records the agency maintains on appellant, including, but not limited to, her official personnel file. Within the same time frame, the agency shall also provide appellant with payment for any salary and/or benefits lost as a result of the suspension.

(B) Within sixty (60) calendar days of the date this decision becomes final, the agency shall provide EEO training to the management officials responsible for this action, including the SIS, with special emphasis on appropriate management responses to employees' complaints of discrimination, including allegations of sexual harassment.

(C) The agency shall conduct a supplemental investigation pertaining to appellant's entitlement to compensatory damages incurred as result of the agency's decision to discriminatorily suspend appellant. See Feris v. Environmental Protection Agency, EEOC Appeal No. 01934828 (August 10, 1995), request to reopen denied, EEOC Request No. 05950936 (July 19, 1996); Rivera v. Department of the Navy, EEOC Appeal No. 01934157 (July 22, 1994); Carle v. Department of the Navy, EEOC Appeal No. 01922369 (January 5, 1993). See also, Cobey Turner v. Department of the Interior, EEOC Appeal Nos. 01956390 and 01960518

(April 27, 1998); Jackson v. United States Postal Service, EEOC Appeal No. 01923399 (November 12, 1992), request for reconsideration denied, EEOC Request No. 05930306 (February 1, 1993). The agency shall afford appellant sixty (60) days to submit additional evidence in support of her claim for compensatory damages. Within thirty (30) days of its receipt of appellant's evidence, the agency shall issue a final decision determining appellant's entitlement to compensatory damages, together with appropriate appeal rights.

(D) The agency shall post at the El Paso, Texas, Federal Prison Camp copies of the attached notice. Copies of the notice, after being signed by the agency's duly authorized representative, shall be posted by the agency within thirty (30) calendar days of the date this decision becomes final, and shall remain posted for sixty (60) consecutive days, in conspicuous places, including all places where notices to employees are customarily posted. The agency shall take reasonable steps to ensure that said notices are not altered, defaced, or covered by any other material. The original signed notice is to be submitted to the Compliance Officer at the address cited in the paragraph entitled "Implementation of the Commission's Decision," within ten (10) calendar days of the expiration of the posting period.

(E) The agency is further directed to submit a report of compliance, as provided in the statement entitled "Implementation of the Commission's Decision." The report shall include supporting documentation of the agency's calculation of backpay and other benefits due appellant, including evidence that the corrective action has been implemented.

ATTORNEY'S FEES (H1092)

If appellant has been represented by an attorney (as defined by 29 C.F.R. §1614.501 (e)(1)(iii)), he/she is entitled to an award of reasonable attorney's fees incurred in the processing of the complaint. 29 C.F.R. §1614.501 (e). The award of attorney's fees shall be paid by the agency. The attorney shall submit a verified statement of fees to the agency -- not to the Equal Employment Opportunity Commission, Office of Federal Operations -- within thirty (30) calendar days of this decision becoming final. The agency shall then process the claim for attorney's fees in accordance with 29 C.F.R. §1614.501.

IMPLEMENTATION OF THE COMMISSION'S DECISION (K0595)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the appellant. If the agency does not comply with the Commission's order, the appellant may petition the Commission for enforcement of the order. 29 C.F.R. §1614.503 (a). The appellant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.408, 1614.409, and 1614.503 (g). Alternatively, the appellant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.408 and 1614.409. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. §2000e-16© (Supp. V 1993). If the appellant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated See 29 C.F.R. §1614.410.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION  M0795)

The Commission may, in its discretion, reconsider the decision in this
case if the appellant or the agency submits a written request containing
arguments or evidence which tend to establish that:

1. New and material evidence is available that was not readily available
when the previous decision was issued; or

2. The previous decision involved an erroneous interpretation of law,
regulation or material fact, or misapplication of established policy; or

3. The decision is of such exceptional nature as to have substant
precedential implications.

Requests to reconsider, with supporting arguments or evidence, MUST
BE FILED WITHIN THIRTY (30) CALENDAR DAYS of the date you receive this
decision, or WITHIN TWENTY (20) CALENDAR DAYS of the date you receive
a timely request to reconsider filed by another party.  Any argument in
opposition to the request to reconsider or cross request to reconsider
MUST be submitted to the Commission and to the requesting party
WITHIN TWENTY (20) CALENDAR DAYS of the date you receive the request
to reconsider.  See 29 C.F.R. § 1614.407.  All requests and arguments
must bear proof of postmark and be submitted to the Director, Office of
Federal Operations, Equal Employment Opportunity Commission, P.O. Box
19848, Washington, D.C. 20036.  In the absence of a legible postmark,
the request to reconsider shall be deemed filed on the date it is received
by the Commission.

Failure to file within the time period will result in dismissal of your
request for reconsideration as untimely.  If extenuating circumstances
have prevented the timely filing of a request for reconsideration,
a written statement setting forth the circumstances which caused the
delay and any supporting documentation must be submitted with your
request for reconsideration.  The Commission will consider requests
for reconsideration filed after the deadline only in very limited
circumstances.  See 29 C.F.R. § 1614.604(c).

RIGHT TO FILE A CIVIL ACTION  R0993

This is a decision requiring the agency to continue its administrative
processing of your complaint.  However, if you wish to file a civil
action, you have the right to file such an action in an appropriate
United States District Court.  It is the position of the Commission
that you have the right to file a civil action in an appropriate United
States District Court WITHIN NINETY (90) CALENDAR DAYS from the date
that you receive this decision.  You should be aware, however, that
courts in some jurisdictions have interpreted the Civil Rights Act of
1991 in a manner suggesting that a civil action must be filed WITHIN
THIRTY (30) CALENDAR DAYS  from the date that you receive this decision.
To ensure that your civil action is considered timely, you are advised to
file it WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive
this decision or to consult an attorney concerning the applicable time
period in the jurisdiction in which your action would be filed.  In the
alternative, you may file a civil action AFTER ONE HUNDRED EIGHTY (180)
CALENDARS DAYS of the date you filed your complaint with the agency,
or filed your appeal with the Commission.  If you file a civil action,
YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE
OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY
HIS OR HER FULL NAME AND OFFICIAL TITLE.  Failure to do so may result
in the dismissal of your case in court.  "Agency" or "department"
means the national organization, and not the local office, facility or
department in which you work.  Filing a civil action will terminate the
administrative processing of your complaint.

RIGHT TO REQUEST COUNSEL (Z1092

If you decide to file a civil action, and if you do not have or cannot
afford the services of an attorney, you may request that the Court appoint
an attorney to represent you and that the Court permit you to file the
action without payment of fees, costs, or other security.  See Title VII
of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e et seq.;
the Rehabilitation Act of 1973, as amended, 29 U.S.C. SS791, 794(c).
The grant or denial of the request is within the sole discretion of
the Court.  Filing a request for an attorney does not extend your time
in which to file a civil action.  Both the request and the civil action
must be filed within the time limits as stated in the paragraph above
("Right to File A Civil Action").

                    FOR THE COMMISSION


Nov 25, 1998
_____
         DATE              Ronnie Blumenthal, Director
                           Office of Federal Operations


NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
An Agency of the United States Government

This Notice is posted pursuant to an Order by the United States Equal
Employment Opportunity Commission dated _____ which found that
a violation of Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. $2000e et seq., has occurred at this facility.

Federal law requires that there be no discrimination against any
employee or applicant for employment because of the person's RACE,
COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, or PHYSICAL or MENTAL
DISABILITY with respect to hiring, firing, promotion, compensation,
or other terms, conditions or privileges of employment.

The El Paso, Texas, Federal Prison Camp supports and will comply with
such Federal law and will not take action against individuals because
they have exercised their rights under law.

The El Paso Federal Prison Camp has been found to have discriminated
against the individual affected by the Commission's finding on the basis
of her sex and/or retaliation for engaging in protected EEO activity
when her complaint of sexual harassment was improperly investigated and
she was suspended for five days.  The Commission has ordered that the
suspension issued be rescinded and this individual be provided a back
pay award, and that her claim for compensatory damages be considered.
The El Paso Federal Prison Camp will ensure that officials responsible
for personnel decisions and terms and conditions of employment will
abide by the requirements of all Federal equal employment opportunity
laws and will not retaliate against employees who file EEO complaints.

The El Paso Federal Prison Camp will not in any manner restrain,
interfere, coerce, or retaliate against any individual who exercises his
or her right to oppose practices made unlawful by, or who participates
in proceedings pursuant to, Federal equal employment opportunity law.


_____

Date Posted:

Posting Expires:

1 In her complaint, appellant also alleged she was discriminatorily discharged from the agency on January 12, 1995. This issue has not been processed by the agency in the EEO complaint system, and will not be addressed in this decision, because it is a "mixed case" claim within the jurisdiction of the Merit Systems Protection Board. See 29 C.F.R. §1614.302.

2 While the case was pending before the AJ, the agency mistakenly issued a final decision on the complaint. This decision was subsequently withdrawn by the agency on October 23, 1995.

3 The AJ found that appellant's complaint to the Office of Workers' Compensation Programs (OWCP) about "extreme sexual harassment" constituted protected activity in opposition to discrimination. In addition, appellant had filed an EEO complaint earlier that year on another matter.