Law Offices of
# MICHAEL T. MEEHAN
Attorney at Law

2909 Richmond Road
Lexington, KY 40509
(859) 266-5991
Fax: (859) 266-7662

June 3, 2002

Hon. Kevin J. Walasinski, Esq.
Senior Attorney-Advisor
Regional Counsel
Federal Bureau of Prison
Federal Medical Center
3301 Leestown Road
Lexington, Kentucky 40511-8799

Re: (b)(6), (b)(7)c Claim (TRT-MXR-2001-04493).

Dear Hon. Kevin Walasinski, Esq.:

Attached is a copy of the settlement agreement for Administrative Tort Claim (TRT-MXR-2001-04493). Pursuant to your agreement that this settlement was for the purpose of only settling the above referenced matter, (b)(7)c, (b)(6) and I have executed the original document.

Please call me if you have any questions, or if you need any additional information. Additionally, if you could let me know how long we should expect the settlement of the claim to take.

Thank you for all of your efforts related to this matter.

Sincerely,

*[signature]*

Michael T. Meehan
Attorney at Law

Cc: (b)(7)c, (b)(6)

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2672

It is hereby stipulated by and between the undersigned claimants (meaning any person, other than the United States, signing this agreement), and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the administrative claims, e.g., [administrative tort claim TRT-MXR-2001-04493, late release and injury claim of (b)(6), (b)(7)c (b)(6), (b)(7)c arising from his incarceration with the Federal Bureau of Prisons, and any claims arising out of such incarceration by the personal representative(s) of the estate of (b)(6), (b)(7)c under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of $35,000.00 [THIRTY-FIVE THOUSAND DOLLARS], which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which claimants or their guardians, heirs, executors,

September 1998 Edition

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This final settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the claimants will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this matter shall not exceed 20 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

8. Payment of the settlement amount will be made by government wire transfer as per the following:

    A. Name of Bank: National City Bank

    B. Street Address of Bank: 3001 Richmond Rd.

    C. City, State and Zip Code of Bank: Lexington, KY 40509

    D. Federal Reserve Number: (b)(2)Low

    E. Routing Number: (b)(2)Low

      F.    Name of Account: Law Offices of Michael Meehan, Client's Trust Account

      G.    Account Number: (b)(2)Low

Claimants' attorney agrees to distribute the settlement proceeds among the claimants.

10. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the claimants expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

(b)(6), (b)(7)c

_____      6/3/2002
Michael T. Meehan               Date
Attorney for Claimant

                                6/3/02
                                Date

_____      _____
Christopher Erlewine           Date
General Counsel
Federal Bureau of Prisons
Attorney for the United
  States of America

Law Offices of
## MICHAEL T. MEEHAN
Attorney at Law

2909 Richmond Road
Lexington, KY 40509
(859) 266-5991
Fax: (859) 266-7662

February 18, 2001

Regional Counsel
Federal Bureau of Prison
Northwest Regional Office
U.S. Customs House, 7th Floor
2nd and Chestnut Streets
Philadelphia, PA 19106

Re: (b)(6), (b)(7)c
       (b)(6), (b)(7)c

Dear Regional Counsel:

(b)(6), (b)(7)c    (b)(6), (b)(7)c    who was last housed at the FCI Manchester, Kentucky prior to his release on December 7, 2000, has retained me to represent him in pursuing his claim for being released 154 days after his release date of July 5, 2000.

He has asked me to pursue this matter in order to ensure that he is compensated for the additional 154 days he spent in custody. My research indicates that (b)(6), (b)(7)c claim must first be presented to an administrative body prior to any suit being filed. I am writing to you to start that process.

I have attached a Standard Form 95 signed by (b)(6), (b)(7)c a copy of our retainer agreement as required by Form 95, and a copy of the "Sentence Monitoring Computation" report on Mr. Coleman that was generated on December 7, 2000. The last page of this document indicates that "application of 18:3585(B)(2) jail credit resulted in late release of inmate..."

Please contact me if this claim needs to be filed with a different office or at a different location, or if you need any additional information or a particular form exists that needs to be completed and filed.

Thank you for your attention to this matter.

Sincerely,

Michael T. Meehan
Attorney at Law

TRT-MXR-2001-04493

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

1. Submit To Appropriate Federal Agency:
Regional Counsel - Northwest Region
Federal Bureau of Prisons
U.S. Customs House, 7th Floor
2nd and Chestnut Streets
Philadelphia, PA 19106

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
(b)(6), (b)(7)c

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☐ CIVILIAN N/A | 4. DATE OF BIRTH<br>09-25-43 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>7-5-00(Wed)-12-7-00(Thurs) | 7. TIME (A.M. OR P.M.)<br>N/A |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)

(b)(7)c

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
N/A

RECEIVED MAR -6 2001 BUREAU OF PRISONS MARO REGIONAL COUNSEL

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

(b)(7)c

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Various administrative representatives from the Federal Bureau of Prisons. | Unknown based on the nature of the charges |

FEB 26 2001

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>$154,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$154,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>[signature] | 13b. Phone number of signatory<br>(859)266-5991 | 14. DATE OF CLAIM<br>2/18/01 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

108
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



UNITED STATES GOVERNMENT
# memorandum
CLC-LEXINGTON, KENTUCKY 40511

DATE: October 12, 2001

REPLY TO
ATTN OF: Kevin Walasinski, Esq.
Senior Attorney-Advisor

SUBJECT: Tort Claim No. TRT-MXR-2001-04493

TO: Joseph Tang, Supervisory Attorney

## ATTORNEY-CLIENT PRIVILEGE

*FACTS*

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

1

(b)(5)

(b)(5)

(b)(5)

(b)(5)

## ANALYSIS

### *Federal Case Law*

Although the FTCA directs federal courts to look to "the law of the place where the act or omission occurred."[1], the Supreme Court, in United States v. Muniz, 374 U.S. 150, 164-165 (1963), indicated that, when considering a claim involving a federal prisoner, courts should allow a prisoner to pursue negligence claims against the federal government even in those instances where the prisoner would not otherwise be entitled to recover under state law. Friedman v. United States, 221 F.3d 1334 (6th Cir. 2000) (2000 WL 876391)(unpublished, citing, Fleshig v. United States, 991 F.2d 300, 303-04 (6th Cir. 1993).

The Court of Appeals for the District of Columbia held in Hetzel v. United States, 43 F.3d 1500 (D.C.D.C. 1995), when analyzing issues of liability of the government under the FTCA in law enforcement context, the court abandons private individual analogy, under which government is liable for actions where a private individual would be, and looks to standards of care applicable to government employers under state law. Hetzel, at 1503-04, *citing* Stuart v. United States, 23 F.3d 1483, 1487, (9th Cir. 1994) *cert. denied*, 513 U.S. 947 (1994); *see also*, Doggett v. United States, 875 F2d. 684, 689 (9th 1989); Tomcsik v. United States, 720 F.Supp. 588, 591 (E.D. Mich. 1989), *aff'd without opinion*, 917 F.2d 564 (6th Cir. 1990), *cert. denied*, 499 U.S. 948 (1991).

The Court further stated to determine whether the government has breached the federal duty of care set by 18 U.S.C. §4042, the Court looked to Minnesota's general negligence law principals and concluded, "[A]s we wrote in Flesig, 'The FTCA allows suit by a federal prisoner for personal injury suffered as the result of employee negligence. This duty of care is set by section 4042. In order to determine liability, the elements of state tort law must be applied.' Friedman at 4., citing Flechig, 991 F.2d at 303-04, and Schindler v. United States, 661 F.2d 552, 560 (6th Cir. 1981). *See generally*, 1 LESTER S. JAYSON & ROBERT C. LONGSTRETH, HANDLING FEDERAL TORT CLAIMS §5.06 (1997). In Kentucky, the essential elements of a negligence claim are: (1) duty; (2) breach of duty; (3) proximate causation; and (4) actual injury. The absence of any one of the elements is fatal to the claim. M&T Chemicals, Inc. v. Westrick, 525 S.W.2d 740, 741 (Ky. 1975); Holland v. TSR, Inc., 904

---

[1] 28 U.S.C. §1346(b)(1).

F.2d 378 (6th Cir. 1990).

### *Scope of Employment*

Kentucky state law outlined below clearly vests the responsibility for sentence computation and release with the Department of Corrections and Parole Board. Additionally, 18 U.S.C. §3624 vests a similar responsibility upon the Bureau of Prisons. The statute requires that "a prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence." (b)(5) (b)(5)

(b)(5)

Whether an employee was acting under the scope of his employment under the Federal Tort Claims Act (FTCA) is an issue of law, not fact. Rasig v. United States[2], 34 F.Supp. 2d 1053, 1055, (W.D. Mich. 1998), *citing* Arbour v. Jenkins, 903 F.2d 416, 422 (6th Cir. 1990). Whether an employee's actions are within the scope of employment under the FTCA is governed by the law of the state where the incident occurred. Rasig, at 1055. Based upon the above facts and law, the government employees were within their scope of employment for FTCA purposes and complete the nexus for potential liability under the Act.

### *Federal Case Law Exception*

In Puccini v. United States, 978 F.Supp. 760 (N.D. IL. 1997), the District Court, addressed an FTCA claim concerning a sentence computation error. The court concluded the former inmate could not maintain an action under the FTCA based on her improper detention in federal custody, because the conduct complained of was that of persons acting as prison administrators, not investigative or law enforcement officers.[3] Puccini at 761. The court further stated because plaintiff's claim is essentially one for false imprisonment, her Federal Tort Claims Act fails.

(b)(5)

---

[2] A US Postal Service case where the Court held that pursuant to the United States Attorney's certification that supervisor had been acting within the scope of employment, the United States had been properly substituted as a defendant under FTCA.

[3] 28 U.S.C. §2680(h).

3

> (b)(5)
>
> (b)(5)

### *State Case Law/Duty of Care*

A review of Kentucky statutory law reflects a duel responsibility for inmate sentence computation/release. KY ST § 197.045, provides that the Commissioner of Corrections bears responsibility for good conduct time and sentence computation. <u>Anderson v. Parker</u>, 964 SW(2d) 809 (Ky App 1997), rehearing denied, review denied, clearly held that the Commissioner of Corrections has authority to grant good time credit for inmate's exceptionally meritorious service or performance of duties. Additionally, in <u>Berning v. Com.</u>, 550 SW(2d) 561 (Ky 1977), the Commissioner of Corrections per statute concerning service of two or more consecutive sentences, bears responsibility for those decisions. <u>See Belcher v. Kentucky Parole Board</u>, 917 SW(2d) 584 (Ky App 1996). Additionally, in <u>Pryor v. Commonwealth of Kentucky</u>, 396 S.W.2d 43 (Ky App. 1965), clearly supported the position that KRS §439.340 vests authority with the Kentucky Parole Board to grant parole and requires no mandatory service before prisoner is eligible for parole. Thus, under Kentucky law, the Department of Correction and Parole serve functions related to sentence computation and release, similar to responsibilities vested with the Bureau of Prisons.

### *NEGLIGENCE QUESTIONS*

In Kentucky, the essential elements of a negligence claim are: (1) duty; (2) breach of duty; (3) proximate causation; and (4) actual injury. The absence of any one of the elements is fatal to the claim. <u>M&T Chemicals, Inc. v. Westrick</u>, 525 S.W.2d 740, 741 (Ky. 1975); <u>Holland v. TSR, Inc.</u>, 904 F.2d 378 (6th Cir. 1990).

**1. Did the United States have a duty to properly and timely compute the claimant's sentence and determine an accurate release date as well as honor that release date?**

> (b)(5)
>
> (b)(5)

---

[4] To remedy this problem, the recommendation is that on short term sentence, the CMC's Offices are required to conduct a full sentence computation review, including jail credit to avoid future late releases.

4

**2. Did the United States breach that duty?**

(b)(5)

**3. Was there proximate causation?**

(b)(5)

**4. Was there actual injury?**[5]

(b)(5)

---

[5]It should be noted that extensive Westlaw research in the areas of jury verdicts, federal case law, and Kentucky case law reveals a very limited pool of information. The logical assumption is that late release, federal or state are often settled prior to commencement of a civil action. Most verdicts located mirror Satchell v. Clark, 1989 WL 392998 (LRP Jury), a New York case alleging false arrest and police negligence while plaintiff was on bail. Plaintiff was serving overlapping state and federal sentences. He was released after his federal sentence expired, and was not returned to state custody. His state sentence expired, he committed another robbery was detained, posted bail on the robbery, but remained in custody on the expired prior state detainer for 31 days. The non verdict award was $150,000 in 1989 monetary terms.

(b)(5)

[7]The statute provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

1990 dollars.

*CONCLUSION*

The options for this administrative claim are as follows:

1. (b)(5) minimize Muniz and try to sway the Department and the Court to buy into Puccini.

2. (b)(5)

3. (b)(5) negotiations.

(b)(5)

**From:** Kevin J. Walasinski
**To:** BUHDOM2.BUHADM2.BUT9770
**Date:** 6/10/02 3:18pm
**Subject:** (b)(7)c (b)(7)c

Bill-

I obtained the signed settlement form on the (b)(7)c administrative tort claim this afternoon. They are in order and will be sent to you at Butner. They need your signature and forwarding to DOJ for payment.

Kevin

**CC:** Lex7103, MXRDOM1.MXRADM1.MXR3122, Lex6920