**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
PRISON LEGAL NEWS,             )
                               )
                Plaintiff,     )
                               )
        v.                     )    Civil Action No. 05-1812 (RBW)
                               )
HARLEY G. LAPPIN, DIRECTOR,    )
FEDERAL BUREAU OF PRISONS,     )
                               )
                Defendant.     )
                               )
_____)
```

**MEMORANDUM OPINION**

The plaintiff, Prison Legal News, a non-profit legal journal challenges, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2008), the adequacy of the search for records conducted by the defendant, the Federal Bureau of Prisons (the "Bureau"), an agency of the United States government, which was conducted in compliance with an order of this Court. See Memorandum Opinion & Order, June 26, 2006; see also Defendant's Response to the Court's June 26, 2006 Order. The plaintiff also challenges the Bureau's withholding of records and information under several FOIA disclosure exemptions. Memoranda in Support of Plaintiff's Motion for Judgment ("Pl.'s Mem.") at 1; 5 U.S.C. § 552(b). Currently before the Court are the parties' cross-motions for summary judgment.[1] For the reasons set forth below, this Court must grant the plaintiff's motion and deny the Bureau's motion without prejudice.

---

[1] The following papers were considered by the Court in resolving the parties' cross-motions for summary judgment: the plaintiff's Motion for Judgment; the Memoranda in Support of Plaintiff's Motion for Judgment ("Pl.'s Mem."); the Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment; the Memorandum of

(continued . . .)

## I.  BACKGROUND

The plaintiff is a non-profit legal journal devoted to reporting on news and litigation concerning detention facilities.  Verified Complaint for Declaratory and Injunctive Relief to Obtain Freedom of Information Act Information ("Compl.") ¶¶ 5, 7.  On August 6, 2003, the plaintiff submitted a FOIA request to the Bureau seeking a copy of "all documents showing all money paid by the Bureau . . . for lawsuits and claims against it . . . between January 1, 1996 . . . and . . . July 31, 2003."  Pl.'s Mem. at 1.  Specifically, the plaintiff sought "a copy of the verdict, settlement or claim in each case showing the dollar amount paid," Pl.'s Mem. at 1, "the plaintiff's or claimant's identity and the identifying information" for each lawsuit or claim or attorney fee award, Compl. ¶ 8, and "a copy of the complaint or other documents describing the facts of the case," Id.  Additionally, the plaintiff requested a waiver of all fees associated with processing its request.  Id. ¶ 9.

When the plaintiff's fee waiver request was denied by the Bureau and the Department of Justice, the plaintiff sought relief from this Court by filing this lawsuit.  Pl.'s Mem. at 2.  Thereafter, this Court awarded summary judgment to the plaintiff on its fee waiver request and ordered the Bureau to conduct the search without costs to the plaintiff.  Order, June 26, 2006.

The Bureau represents that it conducted a search for the records sought by the plaintiff in several of its Washington D.C. headquarter offices, as well as in several of its

---

Points and Authorities in Support of Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ("Def.'s Mem.") and the Declaration of Wilson J. Moorer ("Moorer Decl."); and the Defendant's Statement of Material Facts as to Which There is No Genuine Issue and Opposition to Plaintiff's Statement of Material Facts; and the Plaintiff's Reply and Opposition to Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Judgment ("Pl.'s Reply").

branches and its six regional offices.  Def.'s Mem. at 4.  In six separate releases, the Bureau provided the plaintiff with over 10,000 pages of records responsive to its request.  Pl.'s Mem. 3-6; Def.'s Mem. at 4.  The Bureau redacted information from several of the documents pursuant to several FOIA exemptions, see Pl.'s Mem., Exhibits 1-2 through 6-3, while producing the remainder of the documents in full.  The plaintiff now challenges the adequacy of the Bureau's search for responsive records and its utilization of the FOIA exemptions to withhold the redacted information and other documents that it claims have not been produced at all.  Pl.'s Mem. at 1.

## II.  ANALYSIS

### A.    Adequacy of the Bureau's Search for Responsive Records

> At the summary judgment stage, the agency has the burden of showing that it complied with the FOIA, and in response to a challenge to the adequacy of its search for requested records the agency may meet its burden by providing "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched."

Iturralde v. Comptroller of Currency, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (internal citations omitted).  "A FOIA search is sufficient if the agency makes 'a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'"  Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006) (quoting Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995)).  The affidavit must be "reasonably detailed, [and] nonconclusory . . . [in] describing [the agency's] efforts."  Baker, 473 F.3d at 318 (citations omitted).  And, "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and

discoverability of other documents.'" SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

In response to an agency's affidavit attesting to the adequacy of its search, a "plaintiff may . . . provide 'countervailing evidence' as to the adequacy of the agency's search," which if it "raises substantial doubt, particularly in view of 'well defined requests and positive indications of overlooked materials,'" may entitle the plaintiff to summary judgment. Iturralde, 315 F.3d at 314 (internal citations omitted). However, it bears noting that "[a]n adequate FOIA search is not determined by the results of the search or by the information ultimately released by the agency[;] [r]ather, 'the adequacy of a FOIA search is generally determined . . . by the appropriateness of the methods used to carry out the search.'" James v. U.S. Customs and Border Protection, 549 F. Supp. 2d 1, 8 (D.D.C. 2008) (citing Iturralde, 315 F.3d at 315; Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Servs., 844 F. Supp. 770, 777 n. 4 (D.D.C. 1993)).

The plaintiff contends that the affidavit submitted by the Bureau fails to demonstrate that the search it conducted was adequate. Pl.'s Reply at 1. Specifically, the plaintiff contends that the affiant "does not indicate that he conducted the searches himself, or that he directly supervised the individuals who did. He cannot claim, and does not claim, personal knowledge of the means by which the searches were conducted, or their thoroughness." Id. at 2. The Bureau has failed to respond to this argument.

The Bureau's sole affiant, Wilson J. Moorer, a Paralegal Specialist at the Bureau Washington D.C. FOIA Section, represents that he is "familiar with the procedures utilized by [the Bureau] in responding to . . . FOIA requests" but he does not outline the search methods undertaken by the Bureau to respond to the plaintiff's FOIA request, who

would have conducted the searches, and, as the plaintiff correctly points out, nowhere does the affiant indicate how he is personally aware of the search procedures or that he knows they were followed by each of the Bureau's entities tasked with responding to this request. See Moorer Decl. at 1-11; Pl.'s Reply at 2. All of these deficiencies undermine the sufficiency of the affidavit.

Under Federal Rules of Civil Procedure, when a party either pursuing or challenging summary judgment submits an affidavit as support for its position, the "affidavit must be made on personal knowledge, [it must] set out facts that would be admissible in evidence, and [it must] show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). Because the Bureau bears the burden of demonstrating that its search for records was adequate, the Court cannot presume personal knowledge by the affiant, see Shaw v. FBI, 749 F.2d 58, 63 n.2 (D.C. Cir. 1984), and therefore cannot presume his personal knowledge of the activities of the Bureau's regional offices. For this reason alone, little if any weight can be given to the Bureau's affidavit concerning the adequacy of the searches conducted at the regional offices. The Bureau must do more than offer "a 'single, conclusory affidavit,' that generally asserts adherence to the reasonableness standard." Morley v. CIA, 508 F.3d 1108, 1122 (D.C. Cir. 2007) (citations omitted); see Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995) ("Conclusory statements that the agency has reviewed relevant files are insufficient to support summary judgment." (citation omitted)). Indeed, the Bureau must "'explain in reasonable detail the scope and method of the search conducted by the agency," in order to satisfy its "burden on summary judgment to 'prove[ ] that no substantial and material facts are in dispute and that [it] is

entitled to judgment as a matter of law.'" Morley, 508 F.3d at 1121-22 (citations omitted). Specifically, "[t]he affidavits must . . . set[] forth the search terms and the type of search performed, and aver[] that all files likely to contain responsive materials (if such records exist) were searched." Nation Magazine, 71 F.3d at 890 (citation and quotations omitted).

The plaintiff also contends with respect to the adequacy of the Bureau's search that the Bureau failed to produce records responsive to its request because in some cases the Bureau provided only docket sheets of cases that it litigated while merely referencing "complaints, judgments and settlements" that were not produced. Pl.'s Mem. at 13. The Bureau maintains that the plaintiff's "suspicion that [the Bureau] artificially limited the searches to limit the responsive documents by not searching or retrieving every archived settlement record" is "unreasonable" and unfounded because it did not have "possession or control" over "potentially responsive records that subsequently have been destroyed." Def.'s Mem. at 14-15. The Court agrees with the Bureau that it does not have to turn over documents not contained in its files. "[T]he fact that responsive documents once existed does not mean that they remain in the [Bureau's] custody today or that the [Bureau] had a duty under FOIA to retain the records." Wilbur v. CIA, 355 F.3d 675, 677-78 (D.C. Cir. 2004) (citing Yeager v. Drug Enforcement Admin., 678 F.2d 315, 321 (D.C. Cir. 1982) ("A requester is entitled only to records that an agency has in fact chosen to create and retain."); Miller v. United States Dep't of State, 779 F.2d 1378, 1385 (8th Cir. 1985) ("The fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it.")).

Yet, while the Court agrees with the Bureau that generally an "agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records," Wilbur, 355 F.3d at 678 (citations omitted); see also Morley, 508 F.3d at 1120, the Court does not have a sufficient affidavit before it from which it can conclude that the Bureau produced all responsive records in its possession and control. Without such evidence, the Court must grant the plaintiff's motion regarding the adequacy of the search. Accordingly, the Bureau must either conduct a new search of its files for the records sought by the plaintiff to ensure that the search was adequate and properly demonstrate that it was done so, or it must provide the Court with an affidavit (or affidavits) from which the Court can find that the affiant has personal knowledge that the Bureau's search procedures and the searches actually conducted were reasonably designed to locate documents responsive to the plaintiff's request.

**B.     The Bureau's Withholding of Documents Pursuant to the Several FOIA Exemptions**

The FOIA provides that any person may seek from a federal agency "records" so long as the request "reasonably describes such records." 5 U.S.C. § 552(a)(3)(A). The FOIA "reflects a general philosophy of full agency disclosure," Dep't of Defense v. FLRA, 510 U.S. 487, 494 (1994) (internal quotations omitted), but also permits an agency to withhold information if it falls within one of nine enumerated exemptions, 5 U.S.C. § 552(b). The exemptions reflect "Congress's recognition that the release of certain information may harm legitimate governmental or private interests," Summers v. Dep't of Justice, 140 F. 3d 1077, 1080 (D.C. Cir. 1998), but "[i]f an agency invokes an exemption [to withhold a record or any information contained within that record], it bears

the burden of establishing the applicability of the claimed exemption," Assassination Archives & Research Ctr. v. CIA, 334 F.3d 55, 57 (D.C. Cir. 2003).  When an agency seeking "summary judgment on the basis of . . . agency affidavits" asserts through those affidavits that it has properly withheld documents or parts of a document pursuant to a FOIA exemption, the agency's affidavits must "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  And, as previously discussed, an affidavit must be made upon the affiant's "personal knowledge, [it must] set out facts that would be admissible in evidence, and [it must] show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).

Because the Bureau bears the burden of demonstrating that its utilization of the FOIA exemptions was proper, it must provide to the Court an affidavit or other form of submission that comports with Rule 56(e)(1).  In addition, if the Bureau seeks to withhold documents or parts of documents from the plaintiff, its affidavit or other form of submission must conform with the criteria set forth in the preceding paragraph.  See Military Audit Project, 656 F.2d at 738.  That has not been accomplished here.  Accordingly, the Court must grant the plaintiff's motion and deny the Bureau's motion on the issue of whether documents or portions of documents have properly been withheld pursuant to the FOIA exemptions relied upon by the Bureau.

## III.  CONCLUSION

For the reasons provided in this opinion, the Court must (1) grant the plaintiff's motion for summary judgment as to the adequacy of the Bureau's search and the Bureau's withholding of documents or parts of documents pursuant to the FOIA exemptions; (2) deny the Bureau's cross-motion for summary judgment without prejudice, and (3) remand this matter to the Bureau so that it may either conduct anew its searches for the records sought by the plaintiff or submit an affidavit or alternative submission that adequately demonstrates – consistent with this opinion – that the Bureau employed search methods reasonably likely to discover records responsive to the plaintiff's request and which shows that the responsive documents and parts of documents not provided to the plaintiff have properly been withheld under the FOIA exemptions claimed by the Bureau.[2]

---

[2] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.