UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRISON LEGAL NEWS,<br>                      Plaintiff,<br><br>v.<br><br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS,<br>                      Defendant. | )<br>)<br>)<br>)<br>) Civil Action No.: 05-1812 (RBW)<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL DECLARATION OF WILSON J. MOORER

I, Wilson J. Moorer, do hereby declare and state the following:

1. I am currently a Paralegal Specialist at the Federal Bureau of Prisons (BOP), Office of General Counsel, Freedom of Information Act (FOIA) Section, Washington, D.C. I have been employed with the BOP since July, 1988, and in this position since April, 2003. My duties include assisting the Chief, Freedom of Information Act/Privacy Act Section and Freedom of Information Administrator in the review and release of information requested from the BOP pursuant to the FOIA. Based on my position and experience, I am familiar with the procedures utilized by BOP in responding to FOIA requests, and I am knowledgeable of FOIA guidelines.

2. This declaration supplements my October, 2008, declaration attached to Defendant's Reply To Plaintiff's Opposition To Defendant's Cross-Motion For Summary Judgment.

1

3. In this case, I coordinated the search for records responsive to FOIA Request Number 2003-08557, which was filed by Prison Legal News (PLN) and received by the BOP's FOIA Section on August 15, 2003. The request sought the following information:

> a copy of all documents showing all money paid by the BOP for lawsuits and claims against it. This is all funds paid out to claimants/litigants between January 1, 1996 through and including July 31, 2003. I am requesting a copy of the verdict, settlement or claim in each case showing the dollar amount paid, the identity of the plaintiff/claimant and the legal identifying information for each lawsuit or claim or attorney fee award. I am also requesting a copy of the complaint (if it was a lawsuit) or the claim (if it was not) in each incident which describes the facts underlying each lawsuit and claim.

4. In ensuring all relevant records were located, I contacted each office of the BOP that would maintain records responsive to the Plaintiff's FOIA request for records. These offices included all branches of the Office of General Counsel which consists of Commercial Law, Discrimination Complaints and Ethics Branch (which encompasses Equal Employment Opportunity), Labor Law, Legal Administrative Branch, Legislative and Correctional Issues Branch, Litigation Branch, and Real Estate and Environmental Branch, six (6) BOP Regional Offices, the Administrative Division of the BOP (which consists of Contracts) and the Labor Management Relations Branch. Each section/branch was instructed to identify any/all responsive documents related to the above FOIA Request.

5. The Commercial Law Branch, Legal Administrative Branch, and Legislative & Correctional Issues Branch reported no documents were maintained responsive related to the above FOIA request.

2

6. The Discrimination Complaints and Ethics Branch, Labor Law, Litigation Branch, and Real Estate and Environmental Branch, six (6) BOP Regional Offices, the Administrative Division of the BOP (which consists of Contracts) and the Labor Management Relations Branch conducted a search for information related to PLN's FOIA request and forwarded a total of 11,461 pages of responsive documents to me.

7. As no documents were withheld in their entirety, I released 8,468 pages of documents without redactions and 2,993 pages of documents were released with redactions to PLN.

8. In the Court's February 25, 2010, Order, the Court stated that I lacked any "personal knowledge necessary to speak to the information redacted, and [that I] also failed to note how the exemptions specifically appl[ied] to each redacted document." (Court's February 25, 2010, Order at Page 10, ¶ 1). In response, I personally reviewed the 11,461 pages of responsive documents that were sent to me from the above referenced BOP Branches.

9. As indicated by the attached *Vaughn Index*, exemptions (b)(6), (b)(7)(C), and (b)(2) Low were applied in the following manner for the releases on May 4, 2007 (594 pages were released-188 in their entirety and 416 with redactions); on May 25, 2007 (1965 pages were released-1396 in their entirety and 569 with redactions); on July 30, 2007 (900 pages were released-392 in their entirety and 508 with redactions); August 17, 2007 (1026 pages were released-393 in their entirety and 633 with redactions); on

3

October 15, 2007 (2502 pages were released-1720 in their entirety and 782 with redactions); and on October 30, 2007 (4474 pages were released-4379 in their entirety and 95 with redactions).

10. Due to the voluminous nature of responsive documents, the Vaughn Index is separated into categories of documents received as the exemptions were applied to each respective category of documents received. Specifically, as it relates to claims filed pursuant to the Federal Torts Claims Act (FTCA), Standard Form SF-95 is the tort claim form filed when one seeks relief pursuant to FTCA.  Settlement Vouchers are the documents generated where a settlement pursuant to the FTCA was reached. Litigation documents included complaints filed in district courts, settlement documents generated in connection with claims filed in district court, and judgements reached in connection with claims filed in district court.  EEOC documents included Complaint of Discrimination Form DOJ201, Settlement Agreements, Order of Dismissal, Settlement or Comprise Agreement, Notice of Settlement, Agency Offer of Resolution, Order of Stipulation and/or Merit Systems Protection Board Settlement Agreements.  Labor Management Relations document is  the Merit Systems Protection Board Appeal Form. Labor Law documents included Settlement, Settlement Agreements, Judgements, and Joint Stipulation of Entry of Final Judgment.  Finally, each category contained a number of general correspondence which included e-mails, facsimile cover sheets, letters.

Tort Claim Form, SF 95

a. All personal names, all personal addresses, all personal

       telephone numbers, all personal social security numbers, and other personal information were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect the personal information of individuals who filed a tort claim and the personal information of BOP staff who filed a tort claim. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

### Tort Claim Judgments

b.    All personal names, all personal addresses, and personal social security numbers were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect the personal information of individuals and BOP staff who received financial judgments for tort claim they filed. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

### Tort Claim Settlements

c.    All personal names, all personal addresses, all personal social security numbers, and personal banking information were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect the personal information of individuals and BOP staff who received financial settlements for tort they filed. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

### Litigation

d.    All personal addresses, all personal telephone numbers, all personal social security numbers, and all personal vehicle information were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect the personal information of individuals and BOP staff named as defendants in litigation. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

### Complaint of Discrimination, Form DOJ 201

5

e. All personal names, all personal addresses, all personal telephone numbers, EEOC file/Agency file numbers, and personal identifying information of the complainants and a summary of the complaint were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect portions of the complaint that revealed personal information regarding the complainant, the circumstances regarding the complaint, and information regarding BOP staff.  The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

### EEO Settlements and Judgments

f. All personal names and EEOC file/Agency file numbers were exempted pursuant to (b)(6), (b)(7)(C) and (b)(2) Low. Exemptions (b)(6) and (b)(7)(C) were applied to protect the names of individual complainants who filed complaints of discrimination against the BOP and received a settlement. Exemption (b)(2)Low was applied to the EEOC file number and agency file number of complaints filed against the BOP where a judgement/settlement was entered.  The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

### Labor Management Relations

g. Personal identifying psychiatric/medical information of individual appellants who filed complaints against the BOP were exempted pursuant to (b)(6)and applied to protect the personal psychiatric and medical records of individuals who have filed a labor grievance against the BOP.  The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals; and

### Labor Law

h. All social security numbers were exempted pursuant to (b)(6) and applied to protect the social security numbers of individuals who have filed a grievance against the BOP. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals.

*See Vaughn Index.*

I declare under the penalty of perjury, pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 14 day of May 2010, at Washington, D.C.

Wilson J. Moorer
Paralegal Specialist
Federal Bureau of Prisons
Washington, D.C.