```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

PRISON LEGAL NEWS,                  :  CIVIL ACTION ACTION
                                    :
          PLAINTIFF,                :
                                    :  CASE NO.: 05-1812 (RBW)
     v.                             :
                                    :
HARLEY G. LAPPIN, DIRECTOR,         :
FEDERAL BUREAU OF PRISONS,          :
          DEFENDANTS                :


## DECLARATION OF CHRISTINE M. GREENE

I, the undersigned, Christine M. Greene, do hereby make the following unsworn declaration, pertinent to the above-styled and numbered cause.

1. I am a Paralegal Specialist for the Federal Bureau of Prisons (Bureau), Consolidated Legal Center, Coleman, Florida. In this position, my responsibilities include processing FOIA requests for the Southeast Regional Office by requesting the sought documents from institutions in SERO. This includes searching for the requested documents at FCC Coleman, and requesting documents directly from SERO and those institutions I am directly responsible for which include Florida, Puerto Rico, and Alabama. This declaration supplements a prior declaration made by Georganne Osborn, Paralegal Specialist from SERO, dated October 17, 2008.

2. In reviewing the original request and reviewing the response prepared by Ms. Osborn, my understanding is she previously conducted a search for responsive records regarding request, 2003-08557, in which the requester sought copies of all documents showing all money paid by the Bureau of Prisons for lawsuits and

claims against it from the dates of January 1, 1996, through and including July 31, 2003. In September 2006, she was contacted by Wilson Moorer, to search for records in response to this request.

3. The only responsive records maintained in SERO included litigation and administrative Tort Claims. No other records were maintained by SERO.

4. The only means of creating an accurate and complete list of responsive records maintained in SERO, was to generate a report utilizing the Lawpack database for all responsive administrative torts. All Tort Claims processed by SERO for the time period in question were logged into Lawpack. Based on the generated search report in Lawpack all responsive claims were identified.

5. Additionally, Ms. Osborn previously conducted a review regarding litigation by reviewing the Southeast Regional log for relevant litigation. This log contains the relevant information for litigation processed by SERO office for the time period in question. Based on her review of the log, all responsive claims were identified.

6. Based on my review of the logs she identified, I have also determined that all responsive claims maintained in SERO had been identified and a list was created of those identified documents.

-2-

The logs and Lawpack search report are only source that would reveal responsive documents maintained by SERO.

7. Based on the list created as a result of Ms. Osborn's review of logs and Lawpack search reports, she previously retrieved and forwarded the responsive documents as described in her original declaration dated October 17, 2008, to Wilson Moorer in their original form. She did not redact any of the documents or apply any exemptions.

I declare under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 16th day of March of 2010.

*Christine M Greene*
Christine M. Greene
Paralegal Specialist
Coleman Consolidated Legal Center, SERO