UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRISON LEGAL NEWS,                  : CIVIL ACTION ACTION
                                    :
        PLAINTIFF,                  :
                                    : CASE NO.: 05-1812 (RBW)
        v.                          :
                                    :
HARLEY G. LAPPIN, DIRECTOR          :
FEDERAL BUREAU OF PRISONS,          :
        DEFENDANTS                  :


DECLARATION OF LEEANN TUFTE


        I, the undersigned, LeeAnn Tufte, do hereby make the
following unsworn declaration, pertinent to the above-styled and
numbered cause.


1.      I am a Paralegal Specialist for the Federal Bureau of Prisons
        (BOP), I am physically located in Kansas City, Kansas.   In
        this position, my responsibilities include coordinating and
        processing Freedom of Information Act/Privacy Act (FOIA/PA)
        requests.   I have access to records maintained by the BOP in
        the normal course of business concerning requests for
        documents through FOIA/PA.  I am familiar with the storage and
        location of various file repositories maintained by the North
        Central Regional Counsel's Office.   I am also familiar with
        the search conducted on the PLN's request, Request #2003-
        08557, and I was personally involved in the search for records
        responsive to this request.   This declaration supplements my
        prior declaration dated October 7, 2008.

2.   In searching for responsive records I understood that the
     request, #2003-08557, sought copies of all documents showing
     all money paid by the Bureau of Prisons for lawsuits and
     claims against it from the dates of January 1, 1996, through
     and including July 31, 2003.   In September of 2006, I was
     contacted by Wilson Moorer to search for records in response
     to this request.

3.   The responsive records maintained in the North Central Region
     (NCR) include Federal Tort Claim Act (FTCA) records and civil
     litigation records.   All responsive records maintained by the
     NCR are controlled by this office.   No other records as
     described in paragraph two are maintained by this office.

4.   The only means of creating an accurate and complete list of
     responsive records maintained in the NCR, was to review the
     FTCA databases for all paid claims between January 1, 1996,
     through July 31, 2003, and review the NCR Monthly Reports for
     this time period.

5.   I conducted this review by determining what responsive FTCA
     records existed, for this request.   I requested an electronic
     search of the FTCA database for any claims that were paid

-2-

during the described time period.   This entailed a search of
two databases.  First, the "LAWPACK" database covered the time
period  for  October,  2000,  through,  the  July  31,  2003.
Second,  for  records  prior  to  October  of  2000,  the  "dBase"
system  was  searched  for  the  requested  information.[1]   A  query
was run in LAWPACK by identifying only those FTCA claims that
had  an  amount  awarded  for  payment.    It  was  then  narrowed  to
exclude  inmate  property  claims.   A query  was  run  in  dBase  by
identifying only those FTCA claims that were greater than $0
in  the  amount  paid.    The  two  search  lists  produced  all  FTCA
claims that were paid by the NCR for the specific time period.
It  was  then  narrowed  to  exclude  inmate  property  claims.   This
narrowing  was  done  by  reviewing  the  databases  for  each  FTCA
claim and identifying each specific claimant as either inmate,
staff or civilian.  All FTCA claims with inmate claimants were
excluded  from  the  search.    The  search  reports  provided  the
FTCA number, name, register number, amount paid, closed date,
institution, and the type of claim. All of the FTCA files for
this time period were either stored at the NCR file room or
the Federal Records Center (FRC).  No copies of the claim or
payment records were maintained in the database, thus we had
to  retrieve  all  hard  paper  files  for  each  claim.    For  the
time  period  in  question  these  records  were  kept  in  paper

_____

[1] dBase was the database used by the BOP prior to LAWPACK.

format.   The paper version is currently and for the time period in question, the official BOP record.   In order to determine what records existed in response to civil litigation records responsive to this request, it was more difficult to identify as no electronic databases were maintained for litigation files in the North Central Region.   I determined that the only documents which would identify any litigation cases that were awarded a settlement or verdict awarding payment was to review the monthly reports.   The monthly reports contained a section for reporting any adverse decisions of settlements or judgment awards.   The monthly reports in the Regional Counsel's office are maintained in hard paper format.   A hard bound binder for each year, containing twelve monthly reports, are maintained in the NCR file room.   Each binder for 1996-2002, and the subsequent twelve monthly reports located in those binders, were reviewed for any cases listed as adverse decision or settlement/verdict awarded.   The 2003 binder and monthly reports were searched for the months of January, through July.   Review by myself and other staff members in the office, concluded that fifty-one (51) cases were listed in the monthly reports that could possibly be responsive.   Based on the generated search report in LAWPACK, ninety-eight (98) claims were identified as responsive.   Based on the generated search report in dBase,

nineteen (19) claims were identified as responsive.   In order
to locate all FTCA files identified, I searched the NCR file
room for those FTCA claim files that were still stored in our
office and had not been shipped to the FRC.   All FTCA claims
for 2003, were still in the NCR file room, filed numerically
by claim number.   Twenty-one (21) of the ninety-eight files
were located in the NCR file room and the responsive documents
(claim form (SF-95), and proof of payment, voucher for payment
form, etc.) were copied for submission as responsive.   The
remaining FTCA files required retrieval from the FRC.   The
Regional Counsel's office in the NCR maintains a hard bound
logbook for all archived legal files (litigation and FTCA
files) mailed to the FRC, since 1999.   Both the archive
logbook and correspondence from the FRC identifies the
location of each file stored at the FRC for each separate
year. A reference request (Form 11) was submitted to the FRC,
listing the box number or specific file to retrieve and mail
to our office. Once these records were received from FRC, the
responsive documents (claim form (SF-95), and proof of
payment, voucher for payment form, etc.) were copied for
submission as responsive.   Only one (1) FTCA file identified
as responsive, dated in 2001, could not be located.   It was
not listed in the archive logbook as mailed to the FRC nor
found in the NCR file room.   Once these cases were identified,

it was determined that two (2) litigation case files were located in the NCR file room and thirty-three (33) litigation case files were stored at the FRC. The NCR file room maintains all closed litigation files by the year of the date closed, in alphabetical order for that year. The thirty-three case files were requested from the FRC for review to determine if any records responsive were located in the case file. Both the archive logbook and correspondence from the FRC, identified the location of each litigation file stored at the FRC for each separate year. A reference request (Form 11) was submitted to the FRC listing the box number or specific file to retrieve and mail to our office. Additionally, the NCR contacted each Consolidated Legal Center (CLC) for assistance in searching any of their litigation files for the remaining files which may contain responsive records to those files which were not located in the NCR file room or at the FRC. CLC staff located six (6) of the litigation case files. Once these records were received from the NCR file room, FRC and the CLC, the responsive documents (complaint, stipulation or order revealing verdict or settlement) were copied for submission as responsive. Of the fifty-one (51) cases identified, forty-one (41) cases were located and their subsequent responsive records were provided for submission. Responsive records could not be located for one (1) FTCA file

dated in 2001, nine (9) litigation files closed prior to 1999, were not located, and one (1) litigation file closed in 2003, was not located by the NCR, CLC or FRC. In 1999, the Regional Counsel's office for the NCR began storing all archived litigation files and FTCA files with the FRC. Prior to that time, the storage area for all archived files was located in a basement of a building at the United States Penitentiary (USP) in Leavenworth, Kansas. The nine litigation files closed prior to 1999, would have been stored at USP Leavenworth. In 1999, USP Leavenworth suffered flood damage to the building where Regional Legal files were stored. These files were damaged beyond repair and were subsequently destroyed.

6.    Based upon my review of LAWPACK, dBase, and Monthly Reports, I determined that all responsive claims maintained in the North Central Region had been identified. LAWPACK, dBase and the Monthly Reports were the only source that would reveal responsive documents maintained in the North Central Region.

7.    Based upon the list created as a result of my review of LAWPACK, dBase and the Monthly Reports, I retrieved and forwarded the responsive documents as described in my declaration dated October 7, 2008, to Wilson Moorer in their

original form.  As I was not the processor, I did not redact

the documents or apply any exemptions.

I declare under the penalty of perjury and pursuant to Title 28

U.S.C. § 1746 that the foregoing is true and correct to the best of

my knowledge and belief.

Executed this _____5th_____ day of April, 2010.


LeeAnn Tufte
Paralegal Specialist
Kansas City, Kansas

-8-