```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

PRISON LEGAL NEWS,              : CIVIL ACTION
                                :
         PLAINTIFF,             :
                                : CASE NO.: 05-1812 (RBW)
         v.                     :
                                :
HARLEY G. LAPPIN, DIRECTOR,     :
FEDERAL BUREAU OF PRISONS,      :
         DEFENDANTS             :
```

## SECOND DECLARATION OF MICHAEL D. TAFELSKI

I, the undersigned, Michael D. Tafelski, do hereby make the following unsworn declaration, pertinent to the above-styled and numbered cause.

1. I the Deputy Regional Counsel for the Federal Bureau of Prisons (Bureau), Northeast Region  In this position, my responsibilities include the supervision of legal staff assigned to the Northeast Regional Office (NERO) that process Freedom of Information Act (FOIA) requests. I am familiar with the location of records and types of and databases used to track the requested information. This declaration supplements my prior declaration dated October 16, 2008.

2. In searching for responsive records I understood that the request, 2003-08557, sought copies of the verdict, settlement or claim showing the dollar amount paid, the identify of the plaintiff/claimant and the identification information of the lawsuit, claim or attorney fee award in lawsuits or claims where

the BOP paid money damages and/or attorney fees between January 1, 1996, through July 31, 2003. In September 2006, this office was contacted by Wilson Moorer, to search for records in response to this request.

3. The only responsive records maintained in the Northeast Regional Office consisted of documents from litigation and administrative tort claim files involving staff, civilian or inmate complaints or claims concerning the Northeast Region of the Bureau of Prisons. No other records as described in paragraph two are maintained by this office.

4. The only means of creating an accurate and complete list of responsive records maintained in the Northeast Regional Office , was the following: In order to determine what litigation records existed in response to this request, NERO staff developed a list of litigation cases involving the Northeast Region in which money damages and/or attorney's fees to litigants or claimants from January 1, 1996, through July 31, 2003. It was determined the most thorough method to identify responsive cases was through the use of the monthly reports, maintained on-site at the NERO, which reflect litigation cases in which a settlement or judgment occurred; in order to determine what administrative tort claim records existed in response to the PLN request, NERO staff

developed a list of administrative tort claim files in which the Bureau paid money damages to claimants for the relevant time period. It was determined the most thorough method to identify responsive tort claims was by searching two Bureau databases for responsive records - the Tort Information Management System (TIMS) program, which was utilized by the Bureau from 1992 until October 1999 and the Lawpack database from November 1999 until October 2007. These electronic file systems were used for FTCA, CECA, and BOPCA administrative claims, and identified settlement offers.

5. This review was conducted, for litigation matters, by reviewing an electronic version of each monthly report for the entire time period in question (January 1, 1996, through July 31, 2003. ) and, for tort claims, a review of the above-referenced databases for claims paid the entire time period in question (January 1, 1996, through July 31, 2003. ) excluding property claims.

6. Based on my review of the databases referenced above (electronic monthly reports, PACER, TIMS and Lawpack), I determined that all responsive claims maintained in the Northeast Regional Office had been identified and created a list of those identified documents. The electronic monthly reports, PACER, TIMS and Lawpack are the

sources that would reveal responsive documents maintained by Northeast Region.

7. Based on the list created as a result of my review of (electronic monthly reports, PACER, TIMS and Lawpack), responsive documents were retrieved and forwarded as described in my October 16, 2008 declaration, to Wilson Moorer. I did not redact the documents or apply any exemptions.

I declare under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 26th day of April 2010.

Michael D. Tafelski
Deputy Regional Counsel
Northeast Regional Office
Federal Bureau of Prisons