UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Prison Legal News | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case Number: 1:05-cv-01812-RBW |
| Harley G. Lappin, | ) ) ) |
| Defendant. | ) ) |

## DECLARATION OF KAREN SUMMERS

I, Karen Summers, do hereby declare and state the following:

1. I am a Paralegal Specialist for the Federal Bureau of Prisons (Bureau), South Central Regional Office (SCRO) in Dallas, Texas. In this position, my responsibilities include maintaining statistical information for litigation matters handled by Legal staff of the South Central Region. In accordance with these duties, I have access to file and database information for litigation matters and, as necessary, I have access to administrative claim files. This declaration is based upon my personal knowledge of the search conducted in the SCRO for Bureau records responsive to a FOIA request filed by Prison Legal News (PLN), and supplements my prior declaration dated October 16, 2008.

2. This request sought copies of all documents showing money paid by the Bureau for lawsuits and claims against it from the dates of January 1, 1996, through and

including July 31, 2003, excluding inmate personal property. In September 2006, I was contacted by Wilson Moorer, FOIA Paralegal Specialist, from the FOIA/PA Section of the Bureau's Central Office, to search for records in response to the PLN request.

3. The responsive records maintained by the SCRO consisted of documents from litigation and administrative claim files. The administrative claim files included claims filed pursuant to the Federal Tort Claims Act, the Military and Civilian Employees Claims Act, and the Bureau of Prisons Claims Act. No other sought records were maintained by this office.

4. For the time period in question, the official Bureau record for litigation and administrative claim files were kept in paper format.

5. In order to determine what litigation records existed in response to this request, I worked with staff to develop a list of litigation cases in which the Bureau paid money damages and/or attorney's fees to litigants or claimants from January 1, 1996, thru July 31, 2003. The list was generated through use of the monthly reports, maintained on-site at the SCRO, which reflect litigation cases in which a settlement or judgment occurred. Specifically, the monthly reports contain a section entitled, <u>Cases with Settlement or Awards</u>, and this section of each monthly report was manually reviewed to develop the list in which the Bureau paid money damages and/or attorney's fees to litigants or claimants for the relevant time period. In order to ensure the completeness of this list, we also utilized available litigation database information. This information,

which was in the then used Law Pack litigation database, was unable to be solely relied upon to generate the needed list. Use of the Law Pack litigation database had minimal implementation in the SCRO and was primarily maintained by the office's incumbent in the legal intern position. The database was generally utilized to enter new cases with basic information, i.e., party names, case type, etc., and no additional information was added except to close a case where just a closing document date was entered. The legal intern reviewed the Law Pack litigation database in an attempt to supplement the information contained from the monthly report review. I am unable, however, to identify the manner in which the legal intern reviewed the Law Pack litigation database. I am not aware of any additional responsive documents obtained as a result of the legal intern's review. The database information was reviewed in the unlikely event that it contained a case with a settlement or award that was not listed in one of the monthly reports for the applicable time period. To the best of my knowledge and belief, the monthly reports and database information reflect all litigation as defined in paragraph two. From the list, SCRO litigation files with responsive records were copied to a CD-ROM and forwarded to Wilson Moorer, FOIA Paralegal Specialist, at the FOIA/PA Section in the Bureau's Central Office.

6. In order to determine what administrative claim records existed in response to the request, I worked with other staff to develop a list of administrative claim files which may have had information responsive to the PLN request. Specifically, the Tort Information Management System (TIMS) program, which was utilized by the Bureau from 1992 until October 1999, and the Lawpack database, containing information from

November 1999 until October 2007, were searched. These electronic file systems were used for FTCA, CECA, and BOPCA claims, but were unable to provide a reliable list of claims actually paid. Accordingly, the databases were used to generate a list of administrative claim files where settlement offers were made. This was accomplished by reviewing database fields reflecting claim disposition. Specifically, we reviewed this database field for claims that were indicated as having been paid or were otherwise inconclusive by simply reflecting a settlement offer had been made without revealing whether that settlement had been accepted. SCRO legal staff contacted institution financial management staff to determine whether the claims that were inconclusive as to disposition had been paid and had institution staff forward settlement documentation for those claims that had been paid. The responsive administrative claim records, including the contemporaneously collected financial records, were copied to a CD-ROM and forwarded to Mr. Moorer, as noted in paragraphs 2 and 5. To the best of my knowledge and belief, the administrative claim records forwarded to Mr. Moorer constituted all of the FTCA, CECA and BOPCA records that were responsive to the PLN request.

7. I also contributed to efforts to find litigation files that were not in their expected location. A total of three such litigation files that were identified as possibly containing responsive documents were unable to be located. It appears two of these three files were destroyed as a result of water damage which occurred prior to the filing of the subject FOIA request.

Pursuant to Title 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed this __17th__ day of __May__, 2010.

*[signature]*
Karen Summers, Paralegal Specialist
Federal Bureau of Prisons
South Central Regional Office
Dallas, Texas