UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PRISON LEGAL NEWS,**<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**HARLEY G. LAPPIN, DIRECTOR,**<br>**FEDERAL BUREAU OF PRISONS,**<br>　　　　　　　Defendant. | )<br>)<br>)<br>)  Civil Action No. 05-1812 (RBW)<br>)<br>)<br>)<br>)<br>) |

### THIRD SUPPLEMENTAL DECLARATION OF WILSON J. MOORER

I, Wilson J. Moorer, do hereby declare and state the following:

1. I am currently a Paralegal Specialist at the Federal Bureau of Prisons (BOP), Office of General Counsel, Freedom of Information Act (FOIA) Section, Washington, D.C. I have been employed with the BOP since July, 1988, and in this position since April, 2003. My duties include assisting the Chief, Freedom of Information Act/Privacy Act Section and Freedom of Information Administrator in the review and release of information requested from the BOP pursuant to the FOIA. Based on my position and experience, I am familiar with the procedures utilized by BOP in responding to FOIA requests, and I am knowledgeable of FOIA guidelines.

2. This Third Supplemental Declaration supplements my Supplemental Declaration (May 14, 2010) and Second Supplemental Declaration (May 28, 2010) submitted related to this litigation after the Court's February 25, 2010 Order and directly responds to Plaintiff's allegation "[o]f the BOP's 11,000 plus pages of materials, most are useless due to disorganization, incompleteness and limitless redactions used to prevent disclosure." Plaintiff's Opposition to Defendant's

1

Defendant's Renewed Cross-Motion for Summary Judgment and Plaintiff's Renewed Motion for Summary Judgment at 5-6.

3. As have stated in my previous declarations, I coordinated the search for records responsive to FOIA Request Number 2003-08557 by contacting each office of the BOP that would maintain records responsive to the Plaintiff's FOIA request for records. These offices included all branches of the Office of General Counsel which consists of Commercial Law, Discrimination Complaints and Ethics Branch (which encompasses Equal Employment Opportunity), Labor Law, Legal Administrative Branch, Legislative and Correctional Issues Branch, Litigation Branch, and Real Estate and Environmental Branch, six (6) BOP Regional Offices, the Administrative Division of the BOP (which consists of Contracts) and the Labor Management Relations Branch. A total of 11,461 pages of responsive documents were forwarded to me.

4. Each office that had responsive information forwarded documents to me via e-mail, on CD, or as a hard copy. Due to the number of offices sending information, the various formats that the information was sent, and the volume of responsive documents sent to me, I created a file folder on my computer with the name of each office. If the office originally sent the responsive records to me as an e-mail with the documents attached as a Portable Document Format (PDF), I saved the PDFs in that office's file folder on my computer. If the office sent the documents to me as a PDF on a CD, I saved the PDF in that office's file folder on my computer. If the office sent me hard copies of responsive records, I scanned the documents to create PDF files and then saved those PDF files in that office's file folder on my computer. I subsequently reviewed each office's file folder and the PFDs within each respective file folder for release consideration.

2

Where applicable, I redacted PDF documents in accordance with FOIA standards and saved the redacted document as a separate PDF within that office's file folder.

5. Plaintiff's assertion that the 11,000 plus documents were forwarded to them in a disorganized manner is inaccurate. Although I did not merge documents from the various offices that sent responsive records to create a specific organizational structure, I did send to PLN the documents in the manner that the documents were received by me from the various offices. It is not the practice of the FOIA section to organize large volumes of responsive records in a particular order because there is no certainty if our organizational structure of the records will meet the requester's needs. In my experience, I am unaware of any FOIA guidelines that organize responsive documents in any certain manner.

6. PLN asserts that Exhibits 3 and 4 attached to its Plaintiff's Opposition To Defendant's Renewed Cross-Motion For Summary Judgement/Plaintiff's Renewed Motion For Summary Judgment, are copies of Litigation Reports. My review of those two exhibits indicates that they are excerpts from monthly reports that were provided to PLN in response to the FOIA request. Monthly reports are reports prepared by the BOP's Regional offices that summarizes a particular region's significant legal issues. One section of the monthly report summarizes significant cases for that region. If a regional office found that the monthly report was responsive to PLN's FOIA request and sent me copies of those reports, I reviewed those reports and released those reports to PLN.

7.  PLN asserts that the BOP "has failed to connect each redaction with specific reasons for nondisclosure" and that a blanket statement "the disclosure of this information would constitute an unwarranted invasion of personal privacy of the individual." Opposition at 8. In response to the voluminous amount of responsive documents, the number of offices that provided responsive records, and the nature of the exemptions applied, I determined that the Vaughn Index would be arranged by categories with the specific type of information redacted in each category and the reasons why the exemptions were applied.

### Tort Claim Form, SF 95

a.  All personal names, all personal addresses, all personal telephone numbers, all personal social security numbers, and other personal information were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect the personal information of individuals who filed a tort claim and the personal information of BOP staff who filed a tort claim. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

### Tort Claim Judgments

b.  All personal names, all personal addresses, and personal social security numbers were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect the personal information of individuals and BOP staff who received financial judgments for tort claim they filed. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

Tort Claim Settlements

c.  All personal names, all personal addresses, all personal social security numbers, and personal banking information were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect the personal information of individuals and BOP staff who received financial settlements for tort they filed. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

Litigation

d.  All personal addresses, all personal telephone numbers, all personal social security numbers, and all personal vehicle information were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect the personal information of individuals and BOP staff named as defendants in litigation. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

Complaint of Discrimination, Form DOJ 201

e.  All personal names, all personal addresses, all personal telephone numbers, EEOC file/Agency file numbers, and personal identifying information of the complainants and a summary of the complaint were exempted pursuant to (b)(6) and (b)(7)(C) and applied to protect portions of the complaint that revealed personal information regarding the complainant, the circumstances regarding the complaint, and information regarding BOP staff.  The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

### EEO Settlements and Judgments

f.  All personal names and EEOC file/Agency file numbers were exempted pursuant to (b)(6), (b)(7)(C) and (b)(2) Low. Exemptions (b)(6) and (b)(7)(C) were applied to protect the names of individual complainants who filed complaints of discrimination against the BOP and received a settlement. Exemption (b)(2)Low was applied to the EEOC file number and agency file number of complaints filed against the BOP where a judgement/settlement was entered. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals;

### Labor Management Relations

g.  Personal identifying psychiatric/medical information of individual appellants who filed complaints against the BOP were exempted pursuant to (b)(6)and applied to protect the personal psychiatric and medical records of individuals who have filed a labor grievance against the BOP. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals; and

### Labor Law

h.  All social security numbers were exempted pursuant to (b)(6) and applied to protect the social security numbers of individuals who have filed a grievance against the BOP. The disclosure of this information would constitute an unwarranted invasion of personal privacy of the individuals.

*See Vaughn Index.*

8.  PLN asserts that the BOP has failed to provided documents that are responsive to its request for information regarding the funds and amounts paid by agency for the various actions that were filed against the BOP. PLN was provided this information via various documents which included, but was not limited to tort claim judgments, tort claim vouchers for payments,

district court settlements, Equal Employment Opportunity Commission settlements, Merit Systems Protection Board settlements, and labor law settlements/judgments. These documents reflected the amounts paid and funds provided to the individuals who had a cause of action against the BOP.

I declare under the penalty of perjury, pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 1st day of September 2010, at Washington, D.C.

Wilson J. Moorer
Paralegal Specialist
Federal Bureau of Prisons
Washington, D.C.