IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRISON LEGAL NEWS )<br>)<br>    Plaintiff,     )<br>)<br>)<br>v.                      )<br>)<br>HARLEY G. LAPPIN,    )<br>    Director             )<br>Federal Bureau of Prisons  )<br>)<br>    Defendant.      )<br>_____) | Civil Action No. 05-1812 (RBW) |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S "REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT"**

Defendant replied on September 1, 2010 to the Plaintiff's opposition to the Defendant's renewed motion. One of the issues the defendant raised against Plaintiff's Motion, filed August 2, 2010, was the absence of a Statement of Genuine Facts at Issue.

On September 30, 2010, Plaintiff filed the assented to Motion to Amend Pleading, adding the Statement of Genuine Facts and three exhibits, labeled 2, 3, and 4.

Plaintiff's submits that previously filed reasons to deny the Defendant's Renewed Cross-Motion are incorporated herein. Plaintiff's moves this Honorable Court, by this additional response to the issues raised in the Defendant's reply, that the Defendant's Renewed Cross-Motion for Summary Judgment should not be granted.

The essence of the defendant's argument is that Mr. Lappin's search of the requested documents was adequate, and that should be enough reason to grant the defendant summary judgment.

When ruling on a motion for summary judgment, this Court must view the evidence in the light most favorable to the nonmoving party. Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992). The Court must also "draw all reasonable inferences in favor of the nonmoving party, and it may not make creditability determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, the nonmoving party cannot rely on "mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citation omitted). Summary judgment is warranted "if a party fails to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Hazward v. Runyon, 14 F. Supp. 2d 120, 122 (D.D.C. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). The party moving for summary judgment bears the burden of establishing the absence of evidence that supports the nonmoving party's case. Id.

Defendant supports its motion by sworn declarations, and argued

> "Plaintiff has presented no contrary evidence, the above declarations reflecting a search reasonably calculated to uncover all relevant information are sufficient to demonstrate the agency's compliance with the FOIA. Perry, 684 F.2d at 127. It must be remembered that a search need not be exhaustive, Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985), and the adequacy of a search is not determined by its results, but by the method of the search itself. Weisberg v. United States Dep't of Justice, 745 F.2d at 1485. Thus, an agency's failure to find a particular document (assuming that the document still exists or ever existed) does not necessarily indicate that its search was inadequate.

2

>  Wilbur v. CIA, 355 F.3d 675, 678 (D.C. Cir. 2004). Thus, there is no basis for any claim by Plaintiff that the BOP has not conducted an adequate search for documents." (Defendant's Reply, page 8).

The Defendant's argument is insufficient. He argues, in substance, that affidavits attesting to an adequate search are all that are needed for summary judgment to succeed. Contrary to the Defendant's argument, the FOIA requires that the government must comply with a properly submitted FOIA request, and may only withhold information if specific requirements for legal exemptions are met.

> "The FOIA provides a rule of general disclosure by government agencies upon request. Mandatory disclosure enables the public to gain access to government information so that it can review the government's performance of its statutory duties, thereby promoting governmental honesty. United States Dep't of Defense v. Fed. Labor Relations Auth. 510 U.S. 487, 495-496 (1994).

Accordingly, district courts have the authority to order the production of agency records where the agency improperly withholds their records. United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 141 (1989), see also Katz v. Nat'l Archives & Records Admin. 862 F.Supp. 476, 478 (D.D.C. 1994)   However, an agency may withhold agency records which fall under one of the nine enumerated exemptions under the FOIA. See 5 U.S.C.sec. 552(b).  The government has the burden of justifying its withholding of documents pursuant to one or more of these exemptions. Katz, 862 F.Supp. at 478." Heggestad v. U.S. Dept. of Justice, 182 F.Supp.2d 1 (D.D.C. 2000)." Heggestad v. U.S. Dep't of Justice, 182 F.Supp.2d 1, 4 (D.D.C. 2000)

   For the present matter, the defendant admits in its pleading (See *Vaughn Index*) that several of the submitted documents still contain redactions that cause the original FOIA request to remain unfulfilled.  Though the Defendant alleges an adequate search, "[a]n agency invoking a FOIA exemption 'bears the burden of establishing its right to

3

withhold evidence from the public.' Senate of Puerto Rico v. U.S. Dep't of Justice, 823 F.2d 574, 585 (1987)." Center for Biological Diversity v. Gutierrez, 451 F.Supp. 2d 57, 66 (2006).

The defendant's reply does not argue with any specificity as to why certain redactions were made other than general assertions. Nothing within the Defendant's argument alleges or supports its burden to withhold the evidence from court approved FOIA request.

From this Court's March 26, 2009 order:

> "The FOIA provides that any person may seek from a federal agency 'records' so long as the request 'reasonably describes such records.' 5 U.S.C. § 552(a)(3)(A). The FOIA 'reflects a general philosophy of full agency disclosure,' Dep't of Defense v. FLRA, 510 U.S. 487, 494 (1994) (internal quotations omitted), but also permits an agency to withhold information if it falls within one of nine enumerated exemptions, 5 U.S.C. § 552(b). The exemptions reflect 'Congress's recognition that the release of certain information may harm legitimate governmental or private interests,' Summers v. Dep't of Justice, 140 F. 3d 1077, 1080 (D.C. Cir. 1998), but '[i]f an agency invokes an exemption [to withhold a record or any information contained within that record], it bears the burden of establishing the applicability of the claimed exemption,' Assassination Archives & Research Ctr. v. CIA, 334 F.3d 55, 57 (D.C. Cir. 2003). When an agency seeking "summary judgment on the basis of . . . agency affidavits" asserts through those affidavits that it has properly withheld documents or parts of a document pursuant to a FOIA exemption, the agency's affidavits must "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.' Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)."

It is clear from the defendant's Vaughn Index, that there is no reasonably specific detail as to why the information falls within the claimed exemption. For example, the Vaughn Index shows that from "Litigation District Court Settlement Agreements and/or Settlement Stipulations" the defendant redacted "All Personal Names" utilizing

4

exemption (b)(6) and (b)(7)(C), for "Exemption (b)(6) and (b)(7)(C) were applied to protect the names of individuals and BOP staff who received financial settlements for claims filed in District Court. The disclosure of personal names in this information would constitute an unwarranted invasion of privacy."

The Defendant, by generalized redactions, has found a way to by-pass the Plaintiff's request and the Court's order. The defendant has argued that the documents were provided, however, due to the redactions, the provided documents are useless. In his initial FOIA request Plaintiff specifically asked for:

> "A copy of all documents showing all money paid by the BOP for lawsuits and claims against it. This is all funds paid out to claimants/litigants between January 1, 1996 through and including July 31, 2003. I am requesting a copy of the verdict, settlement or claim in each case showing the dollar amount paid, the identity of the plaintiff/claimant and the legal identifying information for each lawsuit or claim or attorney fee award. I am also requesting a copy of the complaint (if it was a lawsuit) or the claim (if it was not) in each incident which describes the facts underlying each lawsuit and claim."

However, by redacting party names and amounts, the provided documents cannot be used to determine how well, or how poorly, the Defendant has been performing his statutory duties.

The Defendant argues that an adequate search is all that is required to grant him summary judgment. The Defendant fails to make a legally sufficient argument. The Defendant is legally required to conduct an adequate search *and* support its redactions by "describ[ing] the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record or by evidence of agency bad faith." (Military Audit Project v. Casey, 656 F.2d 724, 738

5

(D.C. Cir. 1981).   The Defendant's Vaughn Index shows clearly that the defendant failed meet its requirements, as there are no specific references to each case.

Even if the Defendant were to state with specific detail it's justifications for the redactions, the Defendant's search remains inadequate. The Defendant argued:

> "Plaintiff gives no specific examples of what documents appear to be missing, save for missing ―Litigation Reports which will be discussed *infra*. Plaintiff makes vague reference to documents that ―should exist but have not been provided. There are, however, neither regulations nor guidelines as to what should be maintained in these types of files. Each of the searchers, in their individual declarations, have indicated that they provided all responsive documents to Wilson Moorer." (Defendant's Response, at 8).

The Litigation Reports are reports generated by Bureau of Prisons' counsel. The reports list the cases and settlements of interest that occurred during some of the years included in the Plaintiff's FOIA request that is subject of this litigation.  These reports were received by the Plaintiff from a completely separate FOIA request.  These reports are attached to Plaintiff's amended pleading as Exhibits 3 and 4.  The litigation reports contained partial lists from different divisions highlighting case names, settlement or verdict amounts, and the underlying facts.  The Bureau of Prisons, as evidenced by it's own litigation reports, has PLN's requested information.

  It would logically follow, that if the BOP properly released all the cases and settlements as asked for in the subject FOIA request, then some of the released materials, *i.e.* cases and settlements, would also be listed in the litigation reports.  In other words, if the litigation reports highlighted a case "Doe v. BOP," and it was within the dates January 1, 1996 and July 31, 2003, then it should have been included in the releases from Mr. Lappin.   These reports were used by Plaintiff as a "checks and balances" to insure, in part, that the BOP was complying with his FOIA request.  Due to the redactions,

however, the Plaintiff is unable to discern if any of the cases listed in the litigation reports were included in the defendant's releases.

Thus, unless the Defendant can show with specific, justified detail why parties' names and settlements were redacted from District Court pleadings, the request has not been fulfilled and the Defendant's Renewed Cross Motion should not be granted.

                                                   Respectfully submitted,

                                           _____/s/_____
                                           Edward J. Elder (Bar # 460588)
                                           1335 Taylor Street, NW
                                           Washington, DC 20011
                                           (202) 213-7240
                                           E-mail: edelder@mindspring.com
                                           Counsel for Prison Legal News

                                           _____/s/_____
                                           Adam K. Cook (MA 659575)
                                           HUMAN RIGHTS DEFENSE CENTER
                                           1037 Western Avenue
                                           Brattleboro, VT 05303
                                           (802) 257-1342
                                           Fax: (866) 735-7136
                                           Email:
                                           acook@humanrightsdefensecenter.org
                                           *PRO HAC VICE*