# EXHIBIT

# 3

UNITED STATES GOVERNMENT
# memorandum
Mid-Atlantic Regional Office, Annapolis Junction, MD 20701

DATE: July 12, 1996

REPLY TO ATTN OF: Bill Burlington, Regional Counsel
Mid-Atlantic Region

SUBJECT: QUARTERLY REPORT - April 1, 1996 thru June 30, 1996

TO: Nancy Redding, Executive Assistant
    Office of General Counsel

### TORTS

| NUM | PROP | PI | PPPI | WD | MED | SET | AMT | PEND | DEN | OD | A/O | A/P |
|-----|------|----|------|----|----|-----|-----|------|-----|----|----|----|
| 190 | 142  | 46 | 1    | 0  | 1  | 13  | 217 | 257  | 129 | 8* | 10 | 113 |

### LITIGATION

| NUM | HC | FTC | BIV | OTH | ANS | PEN | CLD | H/T | SET | AWD |
|-----|----|----|-----|-----|-----|-----|-----|-----|-----|-----|
| 54  | 26 | 7  | 19  | 2   | 56  | 311 | 22  | 3   | 5   | $500,680 |

### ADMINISTRATIVE REMEDIES

| NUM | DHO | SPH | MED | MH | LEG | FD | GRT | DEN | PEN | OD |
|-----|-----|-----|-----|----|----|-----|-----|-----|-----|----|
| 479 | 138 | 24  | 32  | 2  | 12 | 5  | 60  | 387 | 243 | 22 |

### FOI/PRIVACY

| NOM | ANS | PEN | OD |
|-----|-----|-----|----|
| 190 | 228 | 94  | 63 |

*We are in the process of obtaining settlement approval from the Central Office for three claims and one is an employee disturbance claim awaiting Central Office decision.

## TRIALS AND HEARINGS:

<u>Mary Lobbins v. Phillip Wise,</u> 1-96-0065, S.D. W.Va., FPC Alderson

On April 10, 1996, Magistrate Mary Feinberg, heard oral argument in these VCCLEA-early release cases. I argued that 18 U.S.C. Section 3625 is a substantial limitation on any federal court's subject matter jurisdiction to review agency action under Section 3621. On June 25, 1996, we filed exceptions to the 70-page adverse Report and Recommendation of

2884

Magistrate Mary Feinberg. Judge Feinberg had ruled the Bureau's Program Statement <u>Definition of Term Crime of Violence</u> was <u>ultra vires</u> on a couple of grounds. First, she ruled it was a "legislative rule" which must undergo APA notice and comment. Second, she ruled we exceeded our authority by considering conduct underlying the conviction, as she feels section 3621 only allows us to look at the conviction in determining if the inmate is a "nonviolent" offender. We expect a hearing before Judge Faber in the near future.

On May 15, 1996, two Alderson cases regarding FCI Dublin's non-residential drug treatment program were heard. The cases involved the argument that the Bureau of Prisons should be estopped from asserting that the FCI Dublin program was not a residential program due to the inmates signing an agreement to participate in a residential treatment program.

There have been 16 VCCLEA cases filed out of Alderson. Although we originally report the <u>Lobbins</u> case, the Magistrate changed plaintiffs on us and actually heard the case of <u>Wiagans v. W'se.</u> All other cases, including the challenge to FCI Dublin's non-residential drug treatment program, are being held in abeyance until a decision is reached in <u>Wiagans.</u>

**Carswell Alderson** <u>Anne Hammond v. Hawk</u>

On May 22, 1996 we attended a Temporary Restraining Order hearing in Elkins, West Virginia. This was a case in which former Carswell inmate Anne Hammond claimed she was being discriminated against, due to her mental condition. The court had specifically asked us whether the Americans With Disabilities Act (ADA) applied to the Bureau of Prisons. On June 10, 1996 we received a favorable ruling giving us permission to transfer inmate Anne Hammond from the Greenbriar Birthing Center to FPC Alderson. The court rejected both the ADA and Rehabilitation Act claims of inmate Hammond.
**SETTLEMENTS:**

**FCI Morgantown - <u>Horbachevsky v. United States</u>**

Plaintiff accepted our settlement offer of $500,000. This case involved a diabetic whose untreated eye condition resulted in blindness.

**<u>Sterling v. Keohane,</u> Case Nos. TH 93-101-C-T/H, <u>TH 94-01-C-T/H, TH 94-047-C-T/H,</u> S.D. Ind. (U.S.P. Terre Haute)**

On April 12, inmate Sterling agreed to accept $150 as a settlement in full of his FTCA/Bivens RFRA action. This is the case that we argued for private counsel for Warden Keohane

and another Bivens defendant, so defenses could have been raised the Department of Justice did not want to raise. One aspect of the FTCA claim was an allegation that we failed to follow a physician's order that inmate Sterling receive daily hot showers to reduce his stiffness and limited range of motion in his shoulder. We failed to follow this order while inmate Sterling was in administrative detention for an extended period. AUSA Tom Kieper was able to get Sterling to settle the Bivens/RFRA claim along with the tort claim for $150 -- a very good deal! I notified Richard Montague, Attorney, Torts Branch, of this settlement.

**Roger Hampel v. United States of America, 96-40045-FL, E.D. Mich., FCI Milan**

This FTCA property case was settled for $500.00. We felt this case would never be dismissed on summary judgment and did not want to go to trial based on the facts in this case. Several factors influenced this decision, i.e., inmates packing other inmate's property; death of lieutenant to whom this inappropriate activity was reported; and conflicting staff statements.

**FCI Beckley - Strudwick v. Beckley Federal Correctional Institution, 5:96-0414, S.D. W. Va.**

FTCA case wherein inmate alleges his personal property was lost by Beckley staff upon his placement in administrative detention. This case was settled for $29.35, the amount originally offered at the administrative stage.

**EEO Suit FCI Butner:** We appear to have settled one of our major EEO complaints out of Butner, involving the former director of the Sex Offender Treatment Program, Dr. Chris Norris. One of the complainants has agreed to accept our offer of a monetary sum, a job transfer, and the Bureau paying the moving expenses. Amy Risley, Labor Law Branch, has been extremely helpful in supplying us with case law and other information we used in bringing about this settlement. We have signed a confidentiality clause and because of that we are not putting the name of the complaintant or the settlement amount in our report.

UNITED STATES GOVERNMENT
MEMORANDUM

DATE: January 26, 1996

TO: Wallace Cheney, General Counsel
Bureau of Prisons, Central Office
320 First Street, N.W.
Washington, D.C. 20534

ATTN: Nancy P. Redding, Executive Assistant

FROM: Sherree L. Sturgis, Regional Counsel
Bureau of Prisons, Southeast Region
523 McDonough Blvd., S.E.
Atlanta, GA 30315

RE: First Quarter Report FY 96

The following information is provided for the fourth quarter (October, November, December) 1995.

## Litigation

| | |
|---|---|
| NUMBER OF ACTIONS FILED | 46 |
| HABEAS CORPUS ACTIONS | 15 |
| FTCA ACTIONS | 10 |
| BIVENS ACTIONS | 17 |
| OTHER (Mandamus, etc) | 4 |
| NUMBER OF LITIGATION REPORTS | 40 |
| NUMBER PENDING | 546 |
| NUMBER CLOSED | 57 |
| NUMBER OF HEARINGS/TRIALS | 0 |
| NUMBER OF SETTLEMENTS | 4 |
| AMOUNT OF AWARD | $203,020.00 per Ken Hyle 3/18/96 |

### Significant Case Activity

Raoul Chasse v. United States, FGAN, 1:94-CV-2404-MHS. This Federal Tort Claims Act case involves a civilian suing the government based on an accident in Atlanta that occurred in 1992 in a rental vehicle driven by a BOP employee on travel status. On November 20, 1995, the case was settled by Budget Rental Car for $3,000.00.

Richard E. Smith. M.D. v. United States, FDSC, CV9541719. This is an employee claim in

Richard E. Smith. M.D. v. United States, FDSC, CV-95-417-19. This is an employee claim in which a doctor at FCI, Estill in 1994 alleges he involuntarily terminated his employment for health reasons after facility failed to provide him with adequate staffing. The case was initially filed in Soutn Carolina's state court. By Order dated October 16, 1995, judgement was granted in favor of the government on the pay comparability claim. The counterclaim of the former employee for relocation expenses was dismissed without prejudice for failure to exhaust administrative remedies.

Gerard V Spanuolo v. Federal Bureau of Prisons et al., FFLS, 91-0035-CIV-Hoeveier, This IS a personal liability action in which a pretrial MCC, Miami inmate was forced to take a psychotropic medication in September, '1987. He claims excessive force was used to effect treatment. A November 14, 1995 Order dismisses FTCA case because tne inmate did not present any declarations from medical professionals to rebut those presented by the government showing the reasonableness of the forced medication.

The criminal trial in U.S. v. Augusto Guillermo Falcon, et al (91-6060-CR-MORENO, SD/FL) commenced In October, 1995 and continues. The charges involve accusations that the defendants were involved in a large criminal conspiracy wnicn Imported many, many tons of cocaine into the South Florida area for over ten years beginning in the late 19705', amassing an extremely large fortune in money and property. The prosecution is expected to rest at the end of January or the beginning of February, and the defendants will then present their defense.

An indictment was issued on November 21, 1995, in the criminal case of U.S. v. Battle. The charges involve the stabbing death of a USP Atlanta Correctional Officer in December, 1994. Arraignment was on December 4, 1995.

## Federal Tort Claims Act/Employee claims

| | |
|---|---|
| NUMBER FILED | 146 |
|     PERSONAL PROPERTY | 126 |
|     PERSONAL INJURY | 19 |
|     MEDICAL | 0 |
|     WRONGFUL DEATH | 0 |
|     PERSONAL INJURY AND PERSONAL PROPERTY | 1 |
| NUMBER PAID | 39 |
| AMOUNT PAID | $4627.00 |
| NUMBER DENIED | 71 |
| NUMBER PENDING | 141 |
| NUMBER OVERDUE | 10 |
| AVERAGE PROCESSING TIME | 25.00 DAYS |

NOTE: Two of tne overdue tort claims cannot be completed because of OIA investigation into the inmate's claims which pre-empt completion of the institution investigation.
* ***** r******

NUMBER RECEIVED
NUMBER CLOSED
NUMBER PENDING
TOTAL NUMBER OVERDUE
NUMBER OVERDUE 30 DAYS
NUMBER OF CIVIL ACTIONS

<u>NOTE: FOI/PA information is unavailable</u>     **Liter hardware problems.**
**This information will be provided as** soon **as the cases have** been re-loaded.

### Quarterly Comparison

**TORT CLAIMS/EMPLOYEE CLAIMS**

| SER | NUM | PROP | P1 | APPR | AMT | DEN | PEND | OD | A/O | A/P |
|---|---|---|---|---|---|---|---|---|---|---|
| 1ST QTR | 146 | 126 | 19 | 39 | 4627 | 71 | 141 | 10 | 246 | 25.00 |
| 2ND QTR | | | | | | | | | | |
| 3RD QTR | | | | | | | | | | |
| 4TH QTR | | | | | | | | | | |

**LITIGATION**

| SER | NUM | HC | FTC | BIV | OTH | ANS | PEN | CLD | HTT | SET | AWD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1ST QTR | 46 | 15 | 10 | 17 | 04 | 40 | 546 | 57 | 03 | 4 | 203120 |
| 2ND QTR | | | | | | | | | | | |
| 3RD QTR | | | | | | | | | | | |
| 4TH QTR | | | | | | | | | | | |

**FOI/PA (see note above)**

| SER | NUM | PROC | PEND | OD | NOD | A/P | CA |
|---|---|---|---|---|---|---|---|
| 1ST QTR | | | | | | | |
| 2ND QTR | | | | | | | |
| 3RD QTR | | | | | | | |
| 4TH QTR | | | | | | | |

UNITED STATES GOVERNMENT
MEMORANDUM

DATE:   July 16, 1996

TO:     Wallace Cheney, General Counsel
        Bureau of Prisons, Central Office
        320 First Street, N.W.
        Washington, D.C. 20534

        ATTN: Nancy P. Redding, Executive Assistant

FROM:   Sherree L. Sturgis, Regional Counsel
        Bureau of Prisons, Southeast Region
        523 McDonough Blvd., S.E.
        Atlanta, GA 30315

RE:     Third Quarter Report FY 96                i/

The following information is provided for the third quarter (April, May, June) 1996.

|  | **Litigation** |
|---|---|
| **NUMBER OF ACTIONS FILED** | **108** |
| HABEAS CORPUS ACTIONS | 21 |
| FTCA ACTIONS | 07 |
| BIVENS ACTIONS | 70 |
| OTHER (Mandamus, etc) | 10 |
| NUMBER OF LITIGATION REPORTS | 95 |
| NUMBER PENDING | 618 |
| **NUMBER CLOSED** | **53** |
| **NUMBER OF HEARINGS/TRIALS** | **13** |
| **NUMBER OF SETTLEMENTS** | **2.** |
| **AMOUNT OF AWARD** | **$3556.95** |
| **NUMBER OF CRIMINAL REFERRALS** | **28** |

### Significant Case Activity

#### Civil Matters

**Ray Ransom v. U.S. et al.** 9:95-2506-6JC. This FTCA claim involves an EST inmate alleging that books valued at $90.95 were misplaced. The AUSA directed that administrative claim be re-opened in order for inmate to dismiss the suit.

**Townsend v. Seanez. et al.** 95-50351 LAC. This case is the first MNA disturbance case to be dismissed. Case was dismissed without prejudice for plaintiff's failure to provide copies of his complaint so that service could be effected.

**Channer v. Warga. et al.** 1:93-CV-1425-RHH. On appeal to the 11th Cir., the district court's dismissal decision was vacated and remanded. The 11th Cir. held that the district court erred in dismissing Channer's complaint and did not follow the required procedure to grant a summary judgement.. The case centers on a pro se civil rights action against .several BOP mail room supervisors -- alleging that BOP staff improperly tampered with his legal mail.

**Brown v. U.S.,** 2:95-1015-18. In this case the court directed a verdict in favor of the plaintiff in the sum of $3,466.00. This claim centers on a traffic accident involving a BOP staff member

*2873*

driving a government van, while transporting EST inmate. The physical damages to both vehicles were minor. Specifically, the government vehicle collided with another vehicle causing a chrome fender molding to be dislodged and a dent in the BOP vehicle's hub cap. No physical injuries to drivers and/or passenger(s) were noted at the time of the accident.

More than 80 total civil cases have been filed in the Northern District of Florida against FCI, Marianna staff challenging conditions of confinement at FCI, Marianna after the October, 195 disturbance. All of the cases contain nine pages of standard language. Many also contain specific allegations relating to their individual circumstances. Motions to dismiss/summary judgments have been filed in all of the cases and orders have been received to provide additional information in more than 38 of the cases. A few have been dismissed sua sponte by the court because the inmate failed to comply with instructions.

<u>Criminal Matters</u>

<u>U.S. v. Mayes, et al.</u> 96-PT-0023-E. On May 30, 1996, after a three week trial and four days of deliberation, a jury in the United States District Court for the Northern District of Alabama returned convictions against twelve inmates for their participation in the October, 1995 disturbance at FCI,. Talladega. Sixteen inmates had been indicted in March of this year in this case which is captioned. Three of the defendants were acquitted. One inmate defendant plead guilty in the middle of the trial. All of the convicted inmates were found guilty of willfully assisting to cause a riot. 18 U.S.C. 1792. Nine of the twelve were also convicted of other charges.

Seven of the inmate defendants were found guilty of 18 U.S.C. 113(a, assaulting Correctional Officer Steven Croft. One inmate was convicted of assault with a dangerous weapon, 18 U.S.C. 113(a), a wooden plank, for the assault of Officer Croft. Another inmate was convicted of assault with a dangerous weapon, a metal baseball bat, for the assault on Correctional Officer Terry Bullock.

The jury determined that seven of the defendants possessed prohibited objects, 18 U.S.C. 1791, specifically metal baseball bats, during the disturbance. Three defendants were convicted for breaking windows, 18 U.S.C. 1361. Sentencing is scheduled for July 30, 1996.

<u>U.S. v. Beavers,</u> 96-N-0108-E. Twelve inmates were indicted on various charges including rioting, destruction of government property and possession of prohibited objects. The charges against one inmate were dismissed. Three pled guilty and testified against their codefendants in exchange for recommendations by the U.S. Attorney for one year sentences. Six plead guilty without cooperating in exchange for recommendations by the U.S. Attorney for sentences in the low end of the guidelines. All sentences were recommended to be consecutive. Two defendants went to trial. On July 11, the jury returned a conviction against one and acquitted the other. The acquittal was a surprise to the judge and U.S. Attorney.

TDG Staff Counsel Kathleen Kenney continued to assist as Special Assistant U.S. Attorney. A total of twenty-six (26) inmates have been convicted of participating in the October, 1995 riot at FCI, Talladega. No further prosecutions from this incident are anticipated.

<u>U.S. v. Battle.</u> 96-000. ATL inmate has been indicted for the murder of Correctional Officer D'Antonio Washington on December 22, 1994. Mental Health evaluations have been completed. Awaiting decision of the Attorney General on the recommendation of the U.S. Attorney to seek the death penalty.

<u>U.S, v. Addison. et al.</u> 96-000. Four ATL employees involved in introduction of and intent to distribute narcotics in October, 1995. Willis Williams plead guilty and was sentenced to 3 years. Deborah Woodley, found guilty of possession with intent, was sentenced to 60 days in a CC, 5 years probation, 200 hours community service and $50 assessment. Terry Williams and Carlton

2

Addison were both convicted of offenses related to possession and introduction of cocaine and marijuana.

\* \* \* \* \* \* \* \*\*\* \* \* \* \*

### Federal Tort Claims Act/Employee Claims

| | |
|---|---|
| NUMBER FILED | 184 |
|     PERSONAL PROPERTY | 160 |
|     PERSONAL INJURY | 21 |
|     MEDICAL | 1 |
|     WRONGFUL DEATH | 0 |
|     PERSONAL INJURY AND PERSONAL PROPERTY | 2 |
| NUMBER PAID | 23 |
| AMOUNT PAID | $5839.00 |
| NUMBER DENIED | 99 |
| NUMBER PENDING | 190 |
| NUMBER OVERDUE | 13 |
| AVERAGE PROCESSING TIME | 26 |

\* \* \* \* \* \* \* \* \* \* \* \*

### FOI/PA

| | |
|---|---|
| NUMBER RECEIVED | 88 |
| NUMBER CLOSED | 110 |
| NUMBER PENDING | 25 |
| TOTAL NUMBER OVERDUE | 17 |
| NUMBER OVERDUE 30 DAYS | 0 |
| NUMBER OF CIVIL ACTIONS | 1 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### Quarterly Comparison

**TORT CLAIMS/EMPLOYEE CLAIMS**

| SER | NUM | PROP | PI | APPR | AMT | DEN | PEND | OD | A/O | A/P |
|---|---|---|---|---|---|---|---|---|---|---|
| 1ST QTR | 146 | 126 | 19 | 39 | 4627 | 71 | 141 | 10 | 246 | 25.00 |
| 2ND QTR | 191 | 172 | 16 | 35 | 3038 | 73 | 184 | 03 | 19 | 0 |
| 3RD QTR | 184 | 160 | 21 | 23 | 5839 | 99 | 190 | 13 | 68 | 26.0 |
| 4TH QTR | | | | | | | | | | |

**LITIGATION**

| SER | NUM | HC | FTC | BIV | OTH | ANS | PEN | CLD | H/T | SET | AWD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1ST QTR | 46 | 15 | 10 | 17 | 04 | 40 | 546 | 57 | 03 | 4 | 203120 |
| 2ND QTR | 56 | 23 | 06 | 14 | 13 | 51 | 564 | 38 | 0 | 0 | 0 |
| 3RD QTR | 108 | 21 | 07 | 70 | 10 | 95 | 618 | 53 | 13 | 2 | 3556.95 |
| 4TH QTR | | | | | | | | | | | |

3

**FOI/PA**

| SER | NUM | PROC | PEND | OD | A/OD | A/P | CA |
|---|---|---|---|---|---|---|---|
| 1ST QTR | 52 | 60 | 58 | 15 | 10 | 30 | 0 |
| 2ND QTR | 78 | 74 | 15 | 9 | 10 | 30 | 0 |
| 3RD QTR | 88 | 110 | 25 | 17 | 10 | 30 | 1 |
| 4TH QTR | | | | | | | |

## Travel

**Sherree L. Sturgis, Regional Counsel**
April 30, through May 2, 1996. Travel to Louisville, Kentucky to participate in the National DHO Training Seminar. The cost was $740.86.

May 6 through May 11, 1996. Travel to Tampa, Florida to provide training in the U.S. Attorney's Office. The cost was $887.88.

**Van Vandivier, Deputy Regional Counsel**
April 30 through May 2, 1996. Travel to Louisville, Kentucky to participate in the National DHO Training Seminar. The cost was $603.00.

**Earl Cotton, Assistant Regional Counsel**
June 3 through June 6, 1996. Travel to Baltimore, Maryland to participate in Managing Diversity training. The cost was $721.50.

**Gere Gooden, Paralegal Specialist**
May 19 through May 25, 1996. Travel to Washington, D.C. to provide staff assistance in the FOIA Section. The cost was $1696.19.

The total cost of travel during this reporting period was $4,649.43.

## Other Activities

### Miscellaneous Activities

June 24 through June 27, 1996 - Training seminar in Atlanta, for SER legal staff and SCR legal staff.

### Personnel Moves

Ken Hyle, SERO Attorney, has been selected as Attorney/Advisor at MCC, Chicago, Illinois. His scheduled reporting date is August 19, 1996.

Craig Simmons, SERO Attorney, has been selected as Attorney/Advisor at FCI, Talladega, Alabama. His scheduled reporting date is September 3, 1996.

Ajay Jindia reported for duty as the SERO's Summer Legal Intern on June 10, 1996.

cc:     Regional Director

4

*2876*