# EXHIBIT

# 4

## 1997 QUARTERLY LITIGATION REPORT

### FOURTH QUARTER

### I. TRIALS AND HEARINGS

**MID-ATLANTIC REGION**

**Mildred Thompson v. Hemingway,** - FPC Alderson - On July 22, 1997, hearing was held to determine why the Bureau of Prisons had not yet published a new policy to replace the "Crimes of Violence" Program Statement which was declared void in Wiggins v. Wise. At the conclusion of the hearing, the Magistrate called both sides into her chambers and suggested that the Bureau should seriously consider "settling these cases," as she indicated the current Bureau position is causing a "public relations problem" for the Bureau with the Court.

**NORTHEAST REGION**

**McCarthy v. United States,** No. 96-7701 (3d Cir.). On July 21, 1997, the Court of Appeals heard oral argument in this appeal of a habeas corpus denial. Inmate Arthur McCarthy, 49352-080, filed the petition challenging the recalculation of his federal sentence days before his "parole eligibility" date, his calculation changed the inmate's parole eligibility date. The Court of Appeals affirmed the District Court's order that denied the petition stating that the sentence computation was a proper exercise of BOP's discretion.

**Michael Lloyd v. Ronald Levine, et. al.,** No. 96- , (3d Cir.) On July 21, 1997, the Court of Appeals heard oral argument concerning the dismissal of a Bivens complaint relating to the denial of CCC placement. The district court granted Defendants' Motion for Summary Judgment stating that the "decision to deny plaintiff CCC placement is not judicially reviewable absent a constitutional violation" and no reasonable fact finder would find one in this case.

**Moore v. Agusto,** 93 Civ. 4835 (MGC) (S.D.N.Y.) On July 21, 1997, a trial commenced in this Bivens case in which the plaintiff, inmate Christopher Moore, 39228-053, alleged excessive use of force was used when removing him from the roof top recreation area at MCC NY. After two hours of deliberations, the jury returned a verdict in favor of each defendant.

**Drino v. Wigen, et al.,** Civil No. 96-7308 (E.D.Pa.) - On August 12, 1997, a trial was held in this Bivens case filed by FCI Schuylkill inmate Gary Drino, 02906-015. The Plaintiff alleged that the DHO's finding that he committed a prohibited act ("Assaulting any Person" (Code 224)) was racially motivated. The

bench trial lasted one day. The Court ruled in favor of the defendants.

**Stiver v. Meko,** 96-3400 (3d Cir). On September 23, 1997, this habeas case was argued before the Court of Appeals. The appellee, FCI McKean inmate Robert C. Stiver, alleged that he was unlawfully denied 3621(e) early release eligibility because of prior convictions for aggravated assault and armed robbery. Through his appointed attorney, he argued that the decision to include prior violent offenses when determining early release eligibility for completion of the Drug Abuse Program violates the Double Jeopardy and Ex Post Facto Clauses of the United States Constitution. The focus of the argument was whether the Bureau of Prisons use of a prior conviction for robbery and aggravated assault to exclude an inmate from early release eligibility was a reasonable interpretation of 18 USC § 3621(e).

## II. SETTLEMENTS AND AWARDS

**MID-ATLANTIC REGION**

**Funderburk v. USA,** - **LSCI Butner** - FTCA property settlement for $183.35.

**SOUTH CENTRAL REGION**

**Daas v. Herman,** W.D. La. - **FDC Oakdale** - Case was settled for $2,500 and converted from a Bivens to an FTCA case. The case involved allegations of improper placement of the inmate in Administrative Detention when inmate threatened to file lawsuits and sent threatening correspondence to the Warden.

**Caldwell v. United States,** W.D. Okl. - **FCI El Reno** - Inmate alleged that BOP personnel failed to provide him with adequate winter clothing which resulted in his suffering a minor illness. This 1989 FTCA case was settled for $1,000.00.

**Wright v. Miller,** W.D. Tex. - **FCI BASTROP** - The case involved alleged excessive use of restraints during a bus trip. The plaintiff agreed to convert this Bivens action into an FTCA action and settled for $2500.

**NORTH CENTRAL REGION**

**Suarez v. Scott, et al.,** D. Kansas CV-95-3407-KHV - **USP Leavenworth** - A Bivens/FTCA case. Inmate alleged he was denied food, water, and opportunity to use a lavatory when he was placed in four point restraints. The complaint was amended to add a claim under the FTCA. An agreement has been reached to settle the same for $250.00.

**Orianki v. U.S.,** (M.D. Pa.) - FTCA property settlement for 4100 $176.50.

**Administrator of Estate of Harris v. U.S.,** 96-6549(E.D.Pa) - FTCA case involved allegations of medical malpractice; delay in receiving appropriate eye care for former inmate William Harris. The death of the inmate was unrelated to the issues in the case. Settlement for $1,500.00.

**Tulloch et. al. v. U.S.,** 92-4866 (SDNY) - **MCC New York** - FTCA case filed in June 1992 by six inmates who alleged that while on the elevator at MCC New York the elevator suddenly plunged to the basement. A settlement was reached. The amounts varied by inmate with a total of approximately $90,000.00.

### III. PENDING CASES OF INTEREST

**NORTH CENTRAL REGION**

**Tighe v. Booker,** 97-1046, (10.' Cir. D.Ct.) - **FCI FLORENCE** - The Tenth Circuit affirmed a district court decision awarding credit for time spent in federal custody on writ. The inmate was in state custody when he was writted into federal custody for federal prosecution. Tighe's state sentence continued to run during entire period (31 months) in federal custody on writ. The federal sentence was ordered to run concurrently with state term '14111110 and was started on date of sentencing. He sought credit toward his federal term for 31 months on writ, which was already credited toward state term. The district court ordered BOP to give that credit, citing Brown decision from the Tenth Circuit, finding that the length of time on federal writ exceeded the 19 months in Brown, thus, the custody "transmuted" to federal custody and the inmate should get the credit toward the federal sentence. The Tenth Circuit upheld the district court, holding that due to the length of time in federal custody on writ, the inmate was "in custody in connection with" the federal charges, and thus was entitled to credit, relying on the previous decision in Brown, despite the fact that the inmate already received credit for that time toward his state sentence.

**Saleem v. Helman,** 7th Cir. Case No. 96-2502, (FCI PEK). The offender challenged the denial of conjugal visits as a violation of First Amendment and RFRA. After the district court dismissed the claim, inmate appealed. In an unreported opinion, the court held RFRA had been declared unconstitutional, citing City of Beorne v. Flores, 117 S.Ct. 2157 (1997) and no longer was enforceable. The court followed long line of cases holding an inmate has no constitutional right to contact visitation or conjugal visits.

3

**NORTHEAST REGION**

%100 **Roussos v. Menifee,** No. 97-7011, 1997 WESTLAW 401319 (3d Cir.). The Third Circuit, following the 9th Circuit decision in <u>Downey,</u> held that the BOP could not use the two point firearm enhancement to find a "crime of violence" for purposes of denying 3621(e) eligibility. The Court of Appeals did agree with our position that the appropriate remedy was to remand the case for the Bureau to reconsider Inmate Victor Roussos, 30950-054, eligibility Consistent with the court decision (not to order immediate release).

**M.B. v. Reish,** No. 96-2347 (2d Cir. July 30, 1997). The Court of Appeals affirmed the decision of the district court in favor of the <u>Bivens</u> defendant. WITSEC inmate M.B. appealed the grant of summary judgement to nine MCC NY staff members in a <u>Bivens</u> action in which he alleges that adjudication of disciplinary charges - violated his constitutional rights.

**Ansar el Muhammad a/k/a/ Tracy L. Munnerlyn v. George C. Wigen, et.al.,** Civil Action No. 95-3668 (E.D.Pa). - This case, which has been construed as a RFRA case, involves allegations that staff at FCI Schuylkill illegally intercepted the Plaintiff's religious mail sent from his wife. In addition, the Plaintiff, former inmate Tracy Munnerlyn, Reg. No. 06006-097, also alleges he was placed in segregation, given an incident report and disciplinary

41111100 sanctions and transferred in retaliation for his religious beliefs. The case was stayed pending resolution of the <u>Flores</u> case by the Supreme Court. Subsequent to the <u>Flores</u> decision, the Department of Justice granted authorization for private counsel for each of the named defendants (although private counsel WILL NOT be reimbursed for any direct challenges to the constitutionality of RFRA). The defendants have recently agreed on a private attorney and the case is scheduled to proceed in the near future.

**NORTH CENTRAL REGION**

**Rahman v. Keohane and Kane,** 97-3270-CV-S-RGC, (W.D. MO.) - **USMC SPRINGFIELD - Inmate alleges various conditions of** confinement violate his constitutional rights and RFRA. Plaintiff is represented by former U.S. Attorney General Ramsey Clark.

| LOC | NUM | HC  | TC | BIV | OT  | ANS | PEN | CLD | H/T | AWD | SET | AWD |
|-----|-----|-----|----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| MXR | 42  | 23  | 8  | 7   | 4   | 48  | 331 | 50  | 2   | 0   | 1   | $183. |
| NER | 90  | 53  | 8  | 20  | 6   | 33  | 626 | 47  | 16  | 0   | 3   | $0. |
| SER | 46  | 29  | 5  | 8   |     | 43  | 726 | 39  | 0   | 0   | 1   | $2500. |
| NCR | 62  | 30  | 4  | 11  | 170 | 19  | 549 | 46  | 10  | 0   | 0   | $0. |
| SCR | 67  | 45  | 6  | 12  | 4   | 39  | 135 | 36  | 6   | 0   | 5   | $0. |
| WXR | 61  |     |    |     |     |     | 323 |     |     |     |     | $0 |
| CO  | 28  | 6   | 0  | 4   | 2   | 15  | 172 | 11  | 8   | 0   | 0   | $9. |
| TOT | 396 | 186 | 31 |     | 62  | 190 | 197 | 2862| 229 | 42  | 0   | 11  | $2692. |

JULY 1, 1997 THROUGH SEPTEMBER 30, 1997

DEFINITIONS:

LOC - Location
NUM - Number of Total Lawsuits Filed in Quarter
HC - Number of Habeas Corpus Actions Filed
TC - Number of FTCA Actions Filed
BIV - Number of Bivens Actions Filed
OT - Other Actions Filed
ANS - Number of Litigation Reports Completed
PEN - Pending
CLD - Number of Actions Closed
H/T - Number of Hearings or Trials (Narrative analysis follows)
SET - Number of Settlements (Narrative analysis follows)
AWD - Amount of Awards/Settlements

---

LITIGATION - 1997 THIRD QUARTER REPORT
APRIL 1, 1997 THROUGH JUNE 30, 1997

| LOC | NUM | HC  | TC | BIV | OT  | ANS | PEN  | CLD | H/T | AWD | SET | AWD |
|-----|-----|-----|----|-----|-----|-----|------|-----|-----|-----|-----|-----|
| MXR | 45  | 22  | 4  | 16  | 3   | 47  | 339  | 63  | 5   | 0   | 2   | $180000. |
| NER | 63  | 22  | 11 | 19  | 10  | 27  | 600  | 36  | 15  | 0   | 4   | $0. |
| SER | 43  | 23  | 4  | 10  | 6   | 30  | 726  | 39  | 0   | 0   | 0   | $0. |
| NCR | 77  | 51  | 5  | 19  | 8   | 0   | 333  | 7   | 1   | 0   | 1   | $750000. |
| SCR | 66  | 40  | 6  | 17  | 3   | 60  | 171  | 40  | 10  | 0   | 0   | $0. |
| WXR | 57  | 44  | 2  | 8   | 3   | 26  | 352  | 40  | 1   | 1   | 2   | $296863. |
| CO  | 26  | 1   | 4  | 6   | 0   | 18  | 192  | 8   | 7   | 0   | 0   | $0. |
| TOT | 377 | 203 | 36 | 95  | 33  | 208 | 2713 | 233 | 39  | 1   |     | $1.226.863. |