UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
PRISON LEGAL NEWS,                          )
                                            )
                    Plaintiff,              )
                                            )
          v.                                )   Civil Action No. 05-1812 (RBW)
                                            )
CHARLES E. SAMUELS, JR.,[1] Director,       )
Federal Bureau of Prisons,                  )
                                            )
                    Defendant.              )
_____ )

## MEMORANDUM OPINION

The plaintiff, Prison Legal News, filed this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), action in 2005. Currently before the Court are the Plaintiff's Fifth Motion for Summary Judgment ("Pl.'s Mot.") and the Defendant's Cross Motion for Summary Judgment and Opposition to the Plaintiff's Fifth Motion for Summary Judgment ("Def.'s Mot."). For the reasons stated below, the Court will grant the defendant's motion, and deny the plaintiff's motion.[2]

---

[1] The plaintiff's complaint, filed September 13, 2005, names Harley G. Lappin, at that time the Director of the Federal Bureau of Prisons, as the defendant. The Court has substituted Director Charles E. Samuels, Jr., as the defendant in lieu of former Director Lappin pursuant to Federal Rule of Civil Procedure 25.

[2] In addition to the filings already identified, the Court considered the following submissions in resolving the parties' motions: (1) the Memorandum of Points and Authorities in Support of Plaintiff's Fifth Motion for Summary Judgment ("Pl.'s Mem."); (2) the Statement of Material Facts as to Which There is no Material Issue in Support of Plaintiff's Fifth Motion for Summary Judgment ("Pl.'s Facts"); (3) the Memorandum of Points and Authorities in Support of Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Fifth Motion for Summary Judgment ("Def.'s Mem."); (4) the Defendant's Statement of Material Facts as to Which There is no Genuine Dispute ("Def.'s Facts"); (5) the Defendant's Response to Statement of Material Facts as to Which There is no Material Issue in Support of Plaintiff's Fifth Motion for Summary Judgment ("Def.'s Fact Resp."); (6) the Plaintiff's Reply to Defendant's Opposition to Fifth Motion [for] Summary Judgment and Response to Defendant's Cross Motion for Summary Judgment ("Pl.'s Reply"); and (7) the Defendant's Reply to Plaintiff's Opposition to Defendant's Opposition to Plaintiff's Fifth Motion for Summary Judgment ("Def.'s Reply").

## I. BACKGROUND

The following facts are undisputed.[3] In 2003, the plaintiff, Prison Legal News, a non-profit legal journal, filed a FOIA request with the Bureau of Prisons in which it sought:

> (A)ll documents showing all money paid by the Bureau of Prisons (BOP) for lawsuits and claims against it. This is all funds paid out to claimants/litigants between January 1, 1996 through and including July 31, 2003. I am requesting a copy of the verdict, settlement or claim in each case showing the dollar amount paid, the identity of the plaintiff/claimant and the legal identifying information for each lawsuit or claim or attorney fee award. I am also requesting a copy of the complaint (if it was a lawsuit) or the claim (if it was not) in each incident which describes the underlying facts of each lawsuit and claim.

Pl.'s Facts ¶ 2. The defendant "produced approximately 11,000 pages in response to [the plaintiff's] FOIA request. 8,468 pages were produced without redaction and 2,993 pages were released with redactions." Id. ¶ 4. As outlined in prior memorandum opinions and orders issued by this Court in this litigation, the defendant provided numerous affidavits, declarations, and Vaughn indices[4] in an effort to assure the Court that it had complied with the mandates of the FOIA in responding to the plaintiff's request. See Prison Legal News v. Lappin (Prison Legal News I), 603 F. Supp. 2d 124 (D.D.C. 2009) (Walton, J.) (denying without prejudice the defendant's motion for summary judgment); February 25, 2010 Order, ECF No. 68 (denying

---

[3] The "[d]efendant admits the [s]tatements set forth in paragraphs 1-12" of the plaintiff's thirteen paragraph Statement of Material Facts as to Which There is no Material Issue in Support of Plaintiff's Fifth Motion for Summary Judgment. Def.'s Fact Resp. at 1. Further, the defendant admits the majority of paragraph thirteen of the plaintiff's statement of facts, but "cannot respond to [the p]laintiff's assertion regarding religious affiliation or countries of origin because it is unclear as to the issue [the p]laintiff raises with regard to this information." Id. Accordingly, the Court generally relies on the plaintiff's statement of facts.

[4] Vaughn indices are a mainstay of FOIA proceedings at the district court level in this Circuit. "In Vaughn [the District of Columbia Circuit] recognized the burden placed upon the district court when the government fails to establish with sufficient specificity the basis of claimed exemption from FOIA disclosure of specific documents. To alleviate that burden, [the Circuit] established the requirement for a Vaughn index so that a district judge could examine and rule on each element of the itemized list." Summers v. DOJ, 140 F.3d 1077, 1080-81 (D.C. Cir. 1998) (internal citation omitted). The Circuit further noted that although it "ha[s] never required repetitive, detailed explanations for each piece of withheld information," Morley v. CIA, 508 F.3d 1108, 1122 (D.C. Cir. 2007) (citation omitted), "[t]he Vaughn index 'must adequately describe each withheld document or deletion from a released document,' and 'must state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant,'" Summers, 140 F.3d at 1080 (citation omitted).

without prejudice the defendant's motion for reconsideration of the Court's March 26, 2009 memorandum opinion and order); Prison Legal News v. Lappin (Prison Legal News II), 780 F. Supp. 2d 29 (D.D. C. 2011) (Walton, J.) (granting summary judgment in part to the defendant and finding that the defendant had performed an adequate search under the FOIA, and also granting summary judgment in part to the plaintiff and finding that the defendant had not sufficiently justified its reliance on the exemptions to the FOIA); see also Pl.'s Facts ¶¶ 3-9.

Following the issuances of the above referenced memorandum opinions and orders, the defendant produced a new Vaughn index in May 2011. Pl.'s Facts ¶ 10. The plaintiff again "moved for summary judgment . . . , asserting that the supplemental Vaughn index did not sufficiently justify the redactions." Id. ¶ 11. In support of its position, the plaintiff noted that "[i]n approximately 2,000 of the 11,000 documents produced to Plaintiffs, Defendant redacted all personal names, judicial and administrative case numbers, and large blocks of text." Id. In response to the plaintiff's motion for summary judgment, the defendant provided the plaintiff "with newly redacted Exhibits 1 through 102 and a 129-page Second Supplemental Vaughn index on or about November 30, 2011." Id. ¶ 12. The newly redacted documents "still contain[ed] redactions of individual names, job titles, department descriptions, work addresses, dates of employment, dates of events, . . . and occasionally, entire sentences of text." Id. ¶ 13; Def.'s Fact Resp. at 1.

The parties have now filed cross motions for summary judgment. In conjunction with its motion, the defendant has submitted supplemental declarations and exhibits that it believes demonstrate that it correctly relied upon FOIA exemptions in redacting the 102 documents that

remain at issue.[5]  Def.'s Facts ¶ 2; Def.'s Mem. at 2; id., Declaration of Clinton Stroble ("Stroble Decl."), attaching April 25, 2012 Vaughn Index ("Stroble Vaughn Index"); id., Fourth Supplemental Declaration of Wilson J. Moorer ("Fourth Moorer Decl.").[6]

## II.  STANDARD OF REVIEW

A court reviews an agency's response to a FOIA request de novo, 5 U.S.C. § 552(a)(4)(B), and "FOIA cases typically and appropriately are decided on motions for summary judgment," ViroPharma Inc. v. HHS, 839 F. Supp. 2d 184, 189 (D.D.C. 2012) (citations omitted).  The Court will grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a).  More specifically, in a FOIA action to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'"  Students Against Genocide v. U.S. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)).  "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records."  Span v. DOJ, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting DOJ v. Tax Analysts, 492 U.S. 136, 142 (1989)).

Summary judgment in a FOIA case may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and non-

---

[5] Despite the parties' repeated references to 102 documents, the plaintiff makes clear that it does not dispute the defendant's redactions to Documents 5, 54, 56, and 64, and notes also that Documents 95-10, 96-2, 100-2, 100-4, 101-2, 101-3, 103-7, 103-8, and 103-11 are no longer redacted.  Pl.'s Mem. at 2 n.2.

[6] The Court will refer to the declarations and Vaughn index collectively as the defendant's "Vaughn submissions."

conclusory," SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotations and citations omitted), and when they:

> describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith.

Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see Beltranena v. Clinton, 770 F. Supp. 2d 175, 181-82 (D.D.C. 2011). In determining whether the defendant agency has met its burden in support of non-production, "the underlying facts are viewed in the light most favorable to the [FOIA] requester." Weisberg v. DOJ, 705 F.2d 1344, 1350 (D.C. Cir. 1983). Further, consistent with congressional intent tilting the scales in favor of full disclosure, courts impose a substantial burden on an agency seeking to avoid disclosure based on the FOIA exemptions. Morley v. CIA, 508 F.3d 1108, 1114 (D.C. Cir. 2007). Consequently, "exemptions from disclosure must be narrowly construed . . . and conclusory and generalized allegations of exemptions are unacceptable." Id. at 1114-15 (citing Founding Church of Scientology of Wash., D.C., Inc. v. Nat'l Sec. Agency, 610 F.2d 824, 830 (D.C. Cir. 1979)) (internal quotation marks and citation omitted). Nonetheless, "[w]hen disclosure touches upon certain areas defined in the exemptions, . . . the [FOIA] recognizes limitations that compete with the general interest in disclosure, and that, in appropriate cases, can overcome it." Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 172 (2004).

### III. ANALYSIS

The defendant asserts, see Def.'s Mem. at 2-3, and the plaintiff does not dispute, see generally Pl.'s Reply, that

> the narrow issue, as it relates to the application of Exemptions 6 and 7(C), is whether the agency has met its burden in withholding names and personal identifying information that would likely reveal the identity of a person related to

5

>claims filed with the [d]efendant pursuant to the Federal Torts Claims Act (FTCA) and claims filed against the defendant related to [the] Equal Employment Opportunity Commission (EEOC) or [the] Merit Systems Protection Board [(MSPB)]. More specifically, as it relates to claims pursuant to the FTCA, the types of documents in question, as described in the Vaughn Index are Tort Claim Form SF-95; Tort Claim Judgments; Tort Claim Voucher for Payment; and documents including e-mails, facsimile cover sheets, and other documents related to the processing and disposition of such claims. As it relates to claims related to [the] EEOC or [the] MSPB, the types of documents in question relate to Settlement Stipulations, General Correspondence (E-mails, Fax Cover Sheets, Letters[)]; Merit System Protection Board—Settlement Agreements; Equal Employment Opportunity Commission—Settlement Agreements, Order of Dismissal, Settlement or Compr[om]ise Agreement, Notice of Settlement, Agency Offer of Resolution, and/or Stipulation of Dismissal; and Complaint of Discrimination, Form DOJ 201.

Def.'s Mem. at 2-3.[7] The defendant contends "that it has properly applied Exemptions 6 and 7(C) in redactions contained in the 102 [e]xhibits." Id. at 3.

The FOIA requires government agencies to release records to the public on request, see generally 5 U.S.C. § 552(a), except for those records protected by any of nine enumerated exemptions, see § 552(b). The defendant's updated Vaughn index indicates that the defendants applied both § 552(b)(6) ("Exemption 6") and § 552(b)(7)(C) ("Exemption 7(C)") to each of the documents at issue.[8] See generally Stroble Vaughn Index. Thus, if the Court determines that the documents at issue fall within the ambit of either exemption, it will be unnecessary to determine whether the other also applies. See Coleman v. Lappin (Coleman I), 607 F. Supp. 2d 15, 23

---

[7] Although the plaintiff also complains of and identifies inconsistencies in the defendant's redaction of a few documents, Pl.'s Mem. at 9-10, the defendant has reviewed and corrected the inconsistencies, Def.'s Facts ¶ 6; see also Def.'s Mem., Stroble Decl. ¶ 4. The plaintiff does not dispute that the defendant had adequately remedied the inconsistencies. See generally Pl.'s Reply. Accordingly, the Court treats the issue as undisputed, and does not address the inconsistencies identified by the plaintiff in this Memorandum Opinion. Fed. R. Civ. P. 56(e) ("If a party fails to properly . . . address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion.").

[8] The only exception is Document 81, which was redacted pursuant to Exemption 5. Def.'s Mem., Stroble Vaughn Index at 107. However, the plaintiff challenges only the application of Exemptions 6 and 7(C) to the documents. See generally Pl.'s Mem. Additionally, although Document 54 lists only Exemption 6 in the column entitled "Exemptions Applied," both Exemptions 6 and 7(C) are discussed in the column entitled "Rationale for Exemptions." See Def.'s Mem., Stroble Vaughn Index at 76.

(D.D.C. 2009) ("If the Court determines that information properly is withheld under one exemption, it need not determine whether another exemption applies to that same information." (citing Simon v. DOJ, 980 F.2d 782, 785 (D.C. Cir. 1992))).

**A. Exemption 6**

Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6). The term "similar files" is construed broadly and is "'intended to cover detailed Government records on an individual which can be identified as applying to that individual.'" U.S. Dep't of State v. Wash. Post Co., 456 U.S. 595, 602 (1982) (citation omitted). "The information in the file 'need not be intimate' for the file to satisfy the standard, and the threshold for determining whether information applies to a particular individual is minimal." Milton v. DOJ, 783 F. Supp. 2d 55, 58 (D.D.C. 2011) (quoting New York Times Co. v. NASA, 920 F.2d 1002, 1006 (D.C. Cir. 1990)). Information protected under Exemption 6 includes not only files, but also such items as a person's name, address, place of birth, employment history, and telephone number. See Judicial Watch, Inc. v. FDA, 449 F.3d 141, 152 (D.C. Cir. 2006); Nat'l Ass'n of Retired Fed. Emps. v. Horner, 879 F.2d 873, 875 (D.C. Cir. 1989); see also Gov't Accountability Project v. U.S. Dep't of State, 699 F. Supp. 2d 97, 106 (D.D.C. 2010) (personal e-mail addresses); Schwaner v. Dep't of the Army, 696 F. Supp. 2d 77, 82 (D.D.C. 2010) (names, ranks, companies and addresses of Army personnel).

Here, the requested information consists of individuals' names and personal identifying information. Pl.'s Reply at 3; Def.'s Mem. at 2-3 (describing requested records as documents concerning "person[s] related to claims filed with the Defendant pursuant" to various statutes). Accordingly, the records are subject to Exemption 6. See Salas v. Office of Inspector Gen., 577

F. Supp. 2d 105, 111 (D.D.C. 2008) (finding that a "Complaint Form 'concern[ing] an allegation of work-related misconduct,' and includ[ing] such information as names, social security numbers, and dates of birth of the complainant and the subject" met the Exemption 6 threshold as "personnel, medical, or similar file[s]" (citation omitted)).

Once this threshold inquiry is met, the Court employs a balancing test to determine whether release of such information constitutes a clearly unwarranted invasion of personal privacy. See Wash. Post Co. v. HHS, 690 F.2d 252, 260 (D.C. Cir. 1982). It is the requester's obligation to demonstrate the existence of a significant public interest in disclosure. See Coleman v. Lappin (Coleman II), 680 F. Supp. 2d 192, 196 (D.D.C. 2010).

### 1. Whether Disclosure Would Constitute a Clearly Unwarranted Invasion of Personal Privacy

The defendant relied on Exemption 6 to withhold "the names and personal identifying information that would reveal the identity of a person related to claims filed with the [d]efendant pursuant to the Federal Tort Claims Act (FTCA) and claims filed against the defendant related to [the] Equal [Employment] Opportunity Commission (EEOC) or Merit System Protection Board." Def.'s Mem., Stroble Decl. ¶ 6; see generally id., Stroble Vaughn Index; id., Fourth Moorer Decl. The plaintiff argues that the "[d]efendant has failed to . . . establish that the release of the names would constitute a clearly unwarranted invasion of personal privacy." Pl.'s Mem. at 14. However, with respect to the FTCA claims, the defendant considered the fact that disclosing names or other personal identifying information "would specifically disclose injuries, death or losses suffered by individuals." Def.'s Mem., Fourth Moorer Decl. ¶ 11. The defendant conducted a similar analysis with respect to documents and information related to EEOC claims and Merit System Protection Board claims, observing that "[t]he fact that a claim was filed discloses that a specified individual has alleged that he or she suffered some form of

8

discrimination." Id., Fourth Moorer Decl. ¶¶ 79, 102. Documents such as these, which associate names and identifying information with personal information about injuries, deaths, and allegations of discrimination, "easily fall under the purview of an individual's 'interest in avoiding disclosure of personal matters,' and controlling 'information concerning his or her person.'" Judicial Watch, Inc. v. DOJ, 365 F.3d 1108, 1125 (D.C. Cir. 2004) (quoting DOJ v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 762-63 (1989)); see also Wilson v. U.S. Dep't of Transp., 730 F. Supp. 2d 140, 156 (D.D.C. 2010) ("Because EEO charges often concern matters of a sensitive nature, an EEO complainant has significant privacy interest in keeping confidential the fact that she is an EEO complainant."), aff'd, No. 10-5295, 2010 WL 5479580 (D.C. Cir. 2010); Horowitz v. Peace Corps, 428 F.3d 271, 279-80 (D.C. Cir. 2005) (holding that complainant of sexual misconduct claim had a privacy interest in his name). The Court therefore finds that the disclosure of the names and other personal identifying information would constitute "a clearly unwarranted invasion of personal privacy." § 522(b)(6).

The plaintiff contends that the defendant "has controverted its own justifications by revealing the names of individuals in the majority of the cases from which documents have been released and redacting the names from only a portion of similar documents." Pl.'s Mem. at 14-15. However, the defendant states that "if an administrative complaint resulted in litigation in the United States District Court and [the] [d]efendant was able to connect the administrative complaint with litigation filed in the United States District Court, the information from the administrative complaint was not redacted." Def.'s Mem. at 7; see also id., Fourth Moorer Decl. ¶¶ 57-58 (indicating that only social security numbers and personal banking routing or account numbers were redacted with respect to documents associated with cases filed in a United States

9

District Court). Accordingly, the fact that the defendant did not redact names from all of the documents does not undermine its reliance on Exemption 6.

### 2. Whether the Public Interest Outweighs the Personal Privacy Interests

The plaintiff first states that there is a public interest in disclosing the names and identifying information because without them, "records from administrative agency proceedings lose most of their analytical use" and individuals reviewing the records would be unable to identify "complementary records that would yield even more information by searching for documents based on the names of the parties involved." Pl.'s Mem. at 13-14.

While there may be a public interest in being able to more easily identify complementary records, the District of Columbia Circuit has held that "[t]he operative inquiry in determining whether disclosure of a document implicating privacy issues is warranted is the nature of the requested document itself, not the purpose for which the document is being requested." Judicial Watch, Inc. v. DOJ, 365 F.3d at 1126 (citing Reporters Comm., 489 U.S. at 773); see also Reed v. NLRB, 927 F.2d 1249, 1252 (D.C. Cir. 1991). As the Circuit recently observed, "[t]he single relevant public interest in FOIA balancing is the 'extent to which disclosure of the information sought would she[d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.'" Consumers' Checkbook Ctr. for the Study of Servs. v. HHS, 554 F.3d 1046, 1059 (D.C. Cir. 2009) (alteration in original) (citation omitted). Thus, while the plaintiff's first stated interest in being better able to match certain documents with certain other documents identifies a particular purpose for how the information will be used, it does not constitute a proper public interest under Exemption 6.

The plaintiff also states that there is a public interest "in knowing how much money was used to settle claims against [the defendant's] employees and officials." Pl.'s Reply at 9. The

10

plaintiff states further that, "[w]ithout the identifying information from these 102 documents, there is no way to know whether those individuals have been accused multiple times of serious offenses, how much tax payer money has been used to resolve claims against those individuals, and whether those individuals continue to be employed by [the defendant]." Id.

Although "the public may have an interest in knowing that a government investigation itself is comprehensive, that the report of an investigation released publicly is accurate, that any disciplinary measures imposed are adequate, and that those who are accountable are dealt with in an appropriate manner," such "public interests . . . would not be satiated in any way by the release of the names" of the employees. Stern v. FBI, 737 F.2d 84, 92 (D.C. Cir. 1984).[9] "[T]he public interest in the disclosure of the identities of the censured employees is only in knowing who the public servants are that were involved in the governmental wrongdoing, in order to hold the governors accountable to the governed." Id. Thus, the Circuit has held that where a FOIA request "occur[s] against the backdrop of a well-publicized scandal, and the public [is] aware that certain employees ha[ve] been censured," disclosure of the employees' names might be warranted. Beck v. DOJ, 997 F.2d 1489, 1493 (D.C. Cir. 1993).

The defendant here has disclosed the names of individuals who were acting in their official capacities, see, e.g., Def.'s Mem., Fourth Moorer Decl. ¶¶ 11, 34, 67, as well as the names of individuals who were involved in public litigation, id. at 7; see also id., Fourth Moorer Decl. ¶¶ 57-58. The requested information thus consists entirely of the names and other personal identifying information, Pl.'s Mem. at 3, of individuals who were not acting in an official capacity, Def.'s Mem., Fourth Moorer Decl. ¶¶ 11, 34, 67. The plaintiff has identified no well-

---

[9] Although the Stern court was applying Exemption 7(C), 737 F.2d at 92, the Supreme Court has stated that "Exemptions 7(C) and 6 differ in the magnitude of the public interest that is required to override the respective privacy interests protected by the exemptions," but not "the identification of the relevant public interest to be weighed in the balance," DOD v. FLRA, 510 U.S. 487, 496 n.6 (1994) (first emphasis added). Accordingly, the Court considers Exemption 7(C) cases instructive in regards to the identification of the public interest in disclosure.

11

publicized scandal or other information, such as a public letter censuring particular employees, see, e.g., Stern, 737 F.2d at 93-94, to serve as the public interest in disclosing the names and other identifying information.  Indeed, another member of this Court has held that, pursuant to Exemption 6, the same defendant properly withheld "'names [and other identifying information] of [its] staff members and other inmates that were involved in the investigation of retaliation, sexual harassment, and cruel and unusual wrongful acts.'"  Coleman I, 607 F. Supp. 2d at 22 (citation omitted); see also Wilson, 730 F. Supp. 2d at 156 (holding that name of EEO complainant was properly withheld); Horowitz, 428 F.3d at 279-80 (holding that name of complainant of sexual misconduct claim was properly withheld).

It is true that "[t]he Court ordinarily 'consider[s], when balancing the public interest in disclosure against the private interest in exemption, the rank of the public official involved and the seriousness of the misconduct alleged,'" Coleman II, 680 F. Supp. 2d at 199-200 (quoting Kimberlin v. DOJ, 139 F.3d 944, 949 (D.C. Cir. 1998)), because "there is a strong public interest in monitoring the conduct and actual performance of public officials," Baez v. DOJ, 647 F.2d 1328, 1339 (D.C. Cir. 1980).  Here, however, given the nature of the privacy interests at stake, i.e., public confirmation that particular individuals suffered deaths or other losses, and disclosure of details of various types of discrimination allegations made by or against particular individuals, and given also the lack of a well-publicized scandal or other information suggesting that agency misconduct occurred within the timeframe of the plaintiff's FOIA request, the Court finds that the public interest in knowing the names and other identifying information does not outweigh the individuals' privacy interests.  Cf. Stern, 737 F.2d at 93-94 (disclosing names and identifying information where public was aware of censure letter indicating that high ranking official had acted in an "intolerable" manner); Beck, 997 F.2d at 1493 ("The Supreme Court has made clear .

. . that . . . there is no public interest in" the release of "information that would identify . . . specific government employees as the subjects of 'findings' of wrongdoing."). Accordingly, the Court finds that the defendant properly relied on Exemption 6 to withhold the names and other identifying information at issue. Because the defendant appropriately relied on Exemption 6, the Court will not consider the applicability of Exemption 7(C).

## B. Segregability

Where an agency establishes the applicability of an exemption, "it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record." Assassination Archives & Research Ctr. v. CIA, 334 F.3d 55, 58 (D.C. Cir. 2003) (citing 5 U.S.C. § 552(b)). As this Court noted in a prior opinion in this litigation, segregability is not at issue because the defendant made that assessment previously. Prison Legal News II, 780 F. Supp. 2d at 35 n.3. In any event, because the Court has now determined that the defendant properly redacted names and other identifying information, and upon review of the defendant's Vaughn submissions, the Court finds that the submissions adequately specify "which portions of the document[s] are disclosable and which are allegedly exempt." Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973).

## IV.  CONCLUSION

For the foregoing reasons, the Court grants the defendant's motions for summary judgment, and denies the plaintiff's motion for summary judgment.[10]

**SO ORDERED** this 23rd day of July, 2013.

REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

---

[10] An Order consistent with this Memorandum Opinion will be issued by the Court.